IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

| | |
|---|---|
| JOHN DOE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Civil Action No. _____ |
| | ) |
| SARA SMITH, | ) |
| | ) |
| | ) |
| Defendant. | ) |

**COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES**

Plaintiff John Doe ("John Doe"), by and through counsel, files this Complaint for Injunctive Relief and Damages (the "Complaint") against Defendant Sara Smith ("Defendant").[1] This is an action for equitable and legal relief to restrain violations of the Non-Disclosure Agreement that John Doe entered into with Defendant, as well as for breach of contract.

**PARTIES**

1. John Doe is a natural person and resident of the State of Maine.

2. Defendant is a natural person and resides at in Dracut, Massachusetts.

**JURISDICTION AND VENUE**

3. This Court has jurisdiction pursuant to 28 U.S.C. § 1332 based on diversity of citizenship of the parties. The amount in controversy exceeds $75,000.

---

[1] Plaintiff and Defendant are both identified herein by pseudonyms for the reasons articulated in the Plaintiff's Moiton to Proceed Under Pseudonym and for Protective Order.

1

4. Venue in the District of Maine is proper pursuant to 28 U.S.C. § 1391(b)(3) because Defendant agreed to Maine as a venue and purposefully directed her actions and associated harms at Plaintiff John Doe, a resident of the State of Maine.

## FACTS

5. John Doe is a winner of the Maine State Lottery.

6. Defendant is the mother of John Doe's minor daughter.

7. Due to the unique safety, security, and privacy concerns associated with winning the lottery, Defendant agreed to enter into a Non-Disclosure Agreement ("NDA") with John Doe to promote the safety and security of John Doe, Defendant, and their daughter and to avoid the irreparable harm of allowing the media or the public in general to discover, *inter alia*, John Doe's identity, physical location, and assets.  (A true and correct copy of the signed NDA between John Doe and Defendant is attached hereto as **Exhibit A**.)

8. The NDA was supported by good and sufficient consideration. As consideration for Defendant's agreement to enter into the NDA, John Doe agreed to provide Defendant with support and ongoing security resources. (*Id.* at ¶ 2).

9. The NDA sets forth a "Covenant" provision at paragraph 2, in which Defendant agrees to hold in confidence and not disclose to anyone other than an "Authorized Recipient," "any and all information which she necessarily obtains in the maintenance and support of Daughter," including any "Protected Subject Matter." (*Id.*).

10. The NDA defines "Protected Subject Matter" at paragraph 1(b) to include:

> Information indicating that [John Doe] was the winner of the Maine lottery in January of 2023, the amount or existence of any assets of [John Doe], the amount of any assets being conveyed to the Daughter by [John Doe], the existence of children, family members, friends, and business associates, identity of the physical location or assets of [John Doe], or other information which

> [Defendant] reasonably knows not to disclose to protect [John Doe's] privacy.

(*Id.* at ¶ 1(b)).

11. The NDA defines "Authorized Recipient" at paragraph 1(a) to include:

> [Defendant], Daughter, [Defendant's] significant other, parties' attorneys, financial advisors, accountants, advisors or others who necessarily need to know or to be authorized by their principals to discuss the Protected Subject Matter defined herein.

(*Id.* at ¶ 1(a)). It makes clear that "[t]o the extent that [Defendant] feels it is necessary to disclose the Protected Subject Matter to a person or entity that is not an Authorized Recipient…[Defendant] must obtain [John Doe's] permission to disclose an additional Authorized Recipient and obtain written acknowledgement of the terms of this Agreement and that person's consent to be bound by the same." (*Id.*).

12. The NDA expounds in a "Disclosure" provision at paragraph 7 that:

> In order for [Defendant] to be able to disclose any of the Protected Subject Matter set forth in this Agreement to anyone else…such other person must first individually execute a similar Non-Disclosure Agreement with [John Doe].

(*Id.* at ¶ 7).

13. In the event of "an intentional or an inadvertent disclosure" of any Protected Subject Matter by Defendant, the NDA sets forth a "Notice of Breach" provision at paragraph 4 stating:

> [Defendant] shall report that fact to [John Doe] within 24 hours of first acquiring knowledge of that disclosure. Such report shall be made in writing and shall include, at a minimum, (a) the identity of the person(s) to whom unauthorized disclosure was made; (b) when such unauthorized disclosure occurred; (c) the medium by which the unauthorized disclosure occurred; and (d) efforts undertaken by the disclosing party to retrieve the disclosed Protected Subject Matter and/or minimize its republication.

(*Id.* at ¶ 4).

14. The NDA sets forth a "Remedies for Breach" provision at paragraph 5, in which Defendant recognizes and acknowledges that the terms and conditions of the NDA are "reasonable and necessary in order to protect [the] legitimate interests of [John Doe] and Daughter and are not unduly burdensome to [Defendant]." (*Id.* at ¶ 5). The "Remedies for Breach" provision also memorializes Defendant's agreement that a breach of the NDA "could cause irreparable harm to all parties herein." (*Id.*). Further, Defendant acknowledges and agrees in the "Remedies for Breach" provision that John Doe shall be entitled to legal and equitable relief for "any breach or threatened breach of this Agreement by [Defendant], without the requirement or necessity of proving actual damages by [John Doe]," in the form of: (a) temporary injunctive relief, without the need for John Doe to post a bond; (b) an award of monetary damages; and (c) reasonable attorney fees, costs, and expenses incurred by John Doe. (*Id.*).

15. The NDA expressly provides that it "is effective as of the 8th day of February 2023" and "shall remain in effect through June 1, 2032, representing the date of majority for the Daughter." (*Id.* at line 1 and ¶ 9).

16. In or about September 2023, John Doe discovered that Defendant has violated the NDA by directly or indirectly disclosing Protected Subject Matter, without John Doe's permission, to persons other than those defined as an "Authorized Recipient" in paragraph 1(a) of the NDA and by failing to report these disclosures to John Doe as required by paragraph 4 of the NDA. (*See id.* at ¶¶ 1(a) and (4)).

17. Upon information and belief, Defendant has disclosed Protected Subject Matter in one or more telephone communications with John Doe's father and stepmother.

18. Upon information and belief, and as a result of Defendant's unauthorized disclosure of Protected Subject Matter to John Doe's father and stepmother, other third parties are now in possession of John Doe's Protected Subject Matter, including his sister.

## COUNT I
## DAMAGES AND INJUNCTIVE RELIEF FOR
## BREACH OF CONTRACT AGAINST DEFENDANT
## FOR VIOLATION OF THE NON-DISCLOSURE AGREEMENT

19. John Doe realleges and incorporates by reference herein all of the allegations contained in Paragraphs 1 through 18 of this Complaint.

20. The NDA executed by Defendant is a valid and enforceable contract with John Doe.

21. Defendant's unauthorized disclosure of Protected Subject Matter to third parties constitutes a breach of the "Covenant," "Notice of Breach," and "Disclosure" provisions of the NDA.

22. As a result of Defendant's unauthorized disclosures, John Doe has suffered irreparable injury, and there is immediate and imminent danger that John Doe will continue to suffer irreparable injury for which there is no adequate remedy at law.

23. John Doe is entitled to preliminary and permanent injunctive relief against further breaches by Defendant of the NDA.

24. John Doe has suffered damages as a direct result of Defendant's breach and is entitled to an award of actual and compensatory damages in addition to reasonable attorney fees, costs, and expenses incurred in connection with this litigation.

## PRAYER FOR RELIEF

WHEREFORE, John Doe respectfully requests that this Court:

A. Enter a preliminary and permanent injunction enjoining Defendant from violating the NDA, during the applicable time period set forth in the NDA;

B. Require Defendant to abide by the "Notice of Breach" provision at paragraph 4 of the NDA and immediately report in writing as to each unauthorized disclosure:

- the identity of the person(s) to whom unauthorized disclosure was made;
- when such unauthorized disclosure occurred;
- the medium by which the unauthorized disclosure occurred; and
- efforts undertaken by each Defendant to retrieve the disclosed Protected Subject Matter and/or minimize its republication;

C. Award John Doe actual and compensatory damages in an amount to be determined at trial, but no less than $100,000 per unauthorized disclosure;

D. Award John Doe all reasonable attorney fees, expenses, and court costs incurred in the prosecution of this lawsuit; and

E. Grant John Doe any such other and further relief as this Court deems just and equitable.

Respectfully submitted this 14th day of November, 2023

By: */s/* Gregory Brown
Gregory Brown (ME Bar No. 9023)
Louise M. Aponte (ME Bar No. 9285)
LOWE YEAGER & BROWN PLLC
920 Volunteer Landing, Suite 200
Knoxville, Tennessee 37915
Phone: (865) 521-6527
Fax: (865) 637-0540
gb@lyblaw.net
lma@lyblaw.net