**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MAINE**

---

| | | |
|---|---|---|
| **JOHN DOE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No. 2:23-cv-00423-JAW** |
| | ) | |
| **SARA SMITH,** | ) | **FILED UNDER SEAL** |
| | ) | |
| | ) | |
| **Defendant.** | ) | |

---

**PLAINTIFF'S MOTION TO FILE FIRST AMENDED COMPLAINT UNDER SEAL**

---

Pursuant to LR 157.6(b) and Rule 15(a)(2) of the Federal Rules of Civil Procedure, Plaintiff John Doe ("Plaintiff") respectfully moves this Court for leave to file a First Amended Complaint to add important context and facts in support of Plaintiff's claims for injunctive relief and damages. For the reasons set forth below, Plaintiff requests that this Court grant Plaintiff's Motion to file a First Amended Complaint as "justice so requires" in the absence of undue delay, bad faith, or dilatory motive.

Pursuant to Local Rule 157.6(b), Plaintiff further moves this Court for permission to file the First Amended Complaint under seal to protect the safety, privacy, and mental health of Plaintiff, his minor daughter, and their families.

A copy of the proposed First Amended Complaint is attached as **Exhibit A**.

## I. PROCEDURAL BACKGROUND

Plaintiff filed his original Complaint on November 14, 2023. (ECF No. 1). Defendant

filed her Answer on December 19, 2023. (ECF No. 20). Under the Court's Scheduling Order, the parties have until March 5, 2024, to amend their pleadings. (ECF No. 21). The parties have not yet begun discovery.

## II. ARGUMENT

### A. <u>Leave for Plaintiff to File his First Amended Complaint Should be Freely Granted as Justice Requires</u>.

#### 1. Standard of Review

Where, as here, a party seeks to amend a complaint more than 21 days after the filing of a responsive pleading, the other party's consent or leave of the court is required to amend the complaint. *See* Fed. R. Civ. P. 15(a)(2). In such a case, the court is to grant leave to amend "freely" when "justice so requires," *id.*, in the absence of "any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962). "The most important factor to consider may be prejudice, [and] if the court is persuaded that no prejudice will accrue, the amendment should be allowed." *Mascal v. Maine Dep't of Corrections*, 2023 WL 8003484, at *2 (D. Maine Nov. 17, 2023) (internal quotation omitted).

#### 2. Plaintiff's Proposed First Amended Complaint is timely and adds important context and facts in support of his claims.

Plaintiff seeks to file his First Amended Complaint to add important context and facts in support of his claims for injunctive relief and damages. Specifically, the proposed First Amended Complaint: (1) details and clarifies the relationship between the parties and the unique safety and security reasons behind the signing of their non-disclosure agreement ("NDA") (*see* Exh. A, Section A); (2) documents the telephone voicemail from Plaintiff's father to Defendant which

forms the basis for Plaintiff's claim that Defendant breached the terms of the NDA in her communications with Plaintiff's father and stepmother (s*ee* Exh. A, Section E); and (3) introduces new facts to support additional allegation that Defendant breached the terms of the NDA by directly or indirectly disclosing Protected Subject Matter to her family court attorney and the public, without Plaintiff's permission (s*ee* Exh. A, Section D).

Plaintiff has not engaged in undue delay in moving to file the proposed First Amended Complaint and seeks leave to amend prior to the beginning of discovery and well in advance of the Court's March 5, 2024, deadline to amend pleadings. Defendant cannot establish the futility of amendment or any undue prejudice to Defendant by virtue of the amendment. Nor can Defendant establish bad faith or dilatory motive on the part of Plaintiff. Plaintiff's sole motive is to protect his and his minor daughter's safety, privacy, and mental health and to avoid the irreparable harm of allowing the media or general public to discover the "Protected Subject Matter" of the NDA.

Accordingly, leave to amend should be freely granted as justice requires. *See Abraham v. Woods Hole Oceanographic Institute*, 553 F.3d 114, 117 (1st Cir. 2009) ("The leave sought should be granted unless the amendment would be futile or reward undue delay.") (citation omitted).

**B. Leave for Plaintiff to File his First Amended Complaint Under Seal Should be Granted to Protect the Safety, Privacy, and Mental Health of Plaintiff and his Minor Daughter.**

**1. Standard of Review**

Local Rule 157.6(b) states that a party seeking to obtain an order to seal must "state the basis for sealing, the period of time during which the document(s) are to be sealed and shall set forth specific findings as to the need for sealing and the duration thereof." Plaintiff's motion to seal is filed *ex parte*.

To seal a judicial document, the First Circuit requires a "detailed explanation" and emphasizes that the "sealing of judicial documents must be based on a particular factual demonstration of potential harm, not on conclusory statements." *Cole v. Maine*, 2018 WL 276682, at *2 (D. Maine Jan. 3, 2018) *quoting United States v. Kravetz*, 706 F.3d 47, 60 (1st. Cir. 2013) (citation omitted). A court's determination as to whether a party or third party's privacy rights may limit the public's otherwise presumptive right of access to judicial records should take into account "the degree to which the subject matter is traditionally considered private rather than public." *Kravetz*, 702 F.3d at 62 (citation omitted). Family affairs, embarrassing conduct with no public ramifications, and similar matters will "weigh more heavily" against the public's right to access. *Id.*

**2. The Safety and Privacy Rights of Plaintiff and His Minor Daughter and the Potential Harm to Both Necessitate the Sealing of Plaintiff's First Amended Complaint.**

Plaintiff seeks to file his proposed First Amended Complaint under seal, until the Court orders otherwise, to protect the safety, privacy, and mental health of Plaintiff and his minor daughter. This Court has granted Plaintiff's motion to proceed under pseudonym and prior motions to seal. (ECF Nos. 6, 9, 12, and 14).

The First Amended Complaint sets forth that Plaintiff is the January 2023 winner of the $1.35 Billion Jackpot of the Maine State Lottery. (Exh. A, ¶ 9). Defendant is the mother of Plaintiff's minor daughter. (Exh. A, ¶ 5). Up to this point, Plaintiff has tried to remain anonymous and to keep information relating to his identity, assets, and location confidential through the NDA with Defendant that is the subject of this litigation. The national media reported that a single lottery winner came forward to claim their prize but noted that the winner chose to remain anonymous.

Plaintiff's substantial concern about filing his First Amended Complaint unsealed is absolutely valid, and the detrimental effect that public access to the pleading would have on him and his minor daughter cannot be overstated. There are unique risks inherent to being an ultra-high-net-worth individual, especially where, as here, the individual is not a public figure, and his increase in wealth is swift and drastic. *See* Letter, dated October 30, 2023, from Wesley S. Brown, attached as **Exhibit B**. Plaintiff has had to hire a highly respected security firm and strictly adhere to a safety program that requires property security, surveillance, and ongoing threat assessments to ensure his and his minor daughter's safety and privacy. *Id.* That security firm has advised Plaintiff that he and his minor daughter are vulnerable to the following challenges and harms:

- kidnap for ransom
- stalking and harassment
- unwanted attention on Plaintiff's minor daughter at school, by her friends, and by other individuals associated with her
- increased attention on Plaintiff's other family members
- cybersecurity vulnerabilities
- impersonation and financial fraud
- media attention
- extortion
- solicitation of services or for financial support
- disruptions and restricted movement in daily life.

*Id.* In February 2023, based on the professional recommendation of his security firm, Plaintiff had to temporarily remove his minor daughter from her home and school, due to a risk of kidnapping. (Exh. A, ¶ 12). Disruptions in their daily life compounded by Defendant's breach of the NDA have caused Plaintiff and his minor daughter to suffer emotional distress, and they now meet with a therapist weekly to deal with feelings of isolation and anxiety.

This action involves family affairs with no public ramifications that would weigh in favor of the public's right to access, yet the media and general public have taken a great interest in the case. Since the filing of Plaintiff's original Complaint on November 14, 2023, at least twelve

media outlets have contacted Plaintiff's counsel requesting an interview. A quick Google search reveals the media sensationalism surrounding the case:

- "*$1.35B Mega Millions Winner Sues His Daughter's Mom for Telling His Family About Win*," People Magazine, November 17, 2023
- "*$1.35 billion Mega Millions winner sues mother of his child for disclosing jackpot win*," USA TODAY, November 17, 2023
- "*Lottery winner sues mother of his child, saying she told his relatives about his prize money*," AP News, November 22, 2023
- "*Winner of $1.35 billion Mega Millions jackpot in Maine sues mother of his child to keep identity hidden*," CBS News, November 22, 2023

Even more concerning is the fact that one individual from India was able to discover Plaintiff's identity from the pseudonymous court filings; that individual contacted Plaintiff by email to "congratulate" him on his winnings and deride his attempt to remain anonymous.[1]

It will not be sufficient for Plaintiff to file the First Amended Complaint pseudonymously. The First Amended Complaint reveals that the parties are engaged in an ongoing child custody dispute in family court and newly alleges that Defendant breached the terms of the NDA by disclosing Protected Subject Matter to her family court attorney. (*See* Exh. A, Section D). Up to this point, the media and general public have not connected the family court case to this one. But counsel for the parties recognize the imminent risk and have jointly moved to impound the family court filings. The motion to impound is still pending, however, and has not been acted on by the family court. If the First Amended Complaint is filed unsealed, the media and general public will be able to connect the dots and potentially identify Plaintiff, Defendant, and their minor daughter, thereby exacerbating the risks, challenges, and harms outlined *supra*.

---

[1] Even more disturbingly, this person more recently has proclaimed that he has a new phone number – area code 207. The implied threat could not be more clear.

Accordingly, leave for Plaintiff to file his First Amended Complaint under seal should be granted.

## III. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court grant his Motion to file a First Amended Complaint under seal.

Respectfully submitted this 2nd day of February, 2024.


By: /s/ Gregory Brown
Gregory Brown [ME Bar No. 9023]
Louise M. Aponte [ME Bar No. 9285]
LOWE YEAGER & BROWN PLLC
920 Volunteer Landing, Suite 200
Knoxville, Tennessee 37915
Phone: (865) 521-6527
Fax: (865) 637-0540
gb@lyblaw.net
lma@lyblaw.net
*Attorneys for Plaintiff*


## CERTIFICATE OF SERVICE

Pursuant to LR Appendix IV(e)(2), I hereby certify that this document was served on counsel for the Defendant by email on February 2, 2024.

/s/ Gregory Brown
Gregory Brown