United States District Court
District of Maine

| | | |
|---|---|---|
| John Doe,<br><br>Plaintiff,<br>v.<br><br>Sara Smith,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 2:23-cv-00423-JAW |

**Defendant's Opposition to Motion to Seal**

Plaintiff "John Doe" filed an emergency motion to seal Defendant's entire pending motion to impose sanctions against Plaintiff and counsel under Fed. R. Civ. P. 11. ECF 34. Defendant "Sara Smith" opposes this motion. Without citing any law, and without seeking any prior, less restrictive alternatives, such as asking Defendant to redact allegedly personal or confidential information, Plaintiff seeks to seal Defendant's entire motion for sanctions so that the only public narrative in this litigation is Plaintiff's false tale in his publicly-filed complaint. In brief, this Court's numerous and unacknowledged rulings on motions to seal dictate otherwise.

For purposes of this motion, the facts are succinctly stated. After Defendant rebuffed Plaintiff's efforts to get back together following his lottery win, Plaintiff sued Defendant, his former girlfriend and the mother of his child, for allegedly breaching a nondisclosure agreement. ECF 1. The complaint was not filed under seal, but Plaintiff was permitted to proceed using pseudonyms. Although Plaintiff filed this case in November, he has not yet filed a motion seeking a confidentiality order (and only responded to Defendant's proposal *after* the Court questioned the lack of such an order during the discovery dispute hearing on February 6, 2024).

On January 4, 2024, Defendant's counsel informed Plaintiff's counsel that Defendant had obtained a sworn declaration from Plaintiff's father rendering "the key allegations of the plaintiff's

complaint inaccurate and without evidentiary support." ECF 31-3. Plaintiff refused to dismiss the complaint, so on January 12, 2024, Defendant served a proposed Rule 11 motion on Plaintiff's counsel. ECF 31-4 (Daniel Nuzzi Declaration (Dec.) ¶ 3). The draft motion alleged that the central factual allegation in the complaint, *see* Complaint ¶ 17, namely, that Defendant disclosed Plaintiff's lottery winnings to Plaintiff's father and stepmother, was, in a word, false. ECF 31-1 ([Redacted] Dec. ¶¶ 3–7). This was based on sworn declarations from Plaintiff's *father* and Defendant. *Id.* ¶ 3; ECF 31-2 (Defendant Dec. ¶¶ 17–19). Additionally, Defendant explained why she believed this litigation was brought in bad faith to bully her and to extract concessions in on-going family court matters concerning their daughter. ECF 31-2 (Defendant Dec. ¶ 29).

During the 21-day "safe harbor" period, Plaintiff did not suggest that the proposed Rule 11 motion or accompanying exhibits had to be filed under seal, and, indeed, Plaintiff did not acknowledge or respond to the Rule 11 motion in any way. Rather, on the evening of February 2, 2024, Plaintiff filed a Motion to File Amended Complaint under Seal, which Defendant will oppose in due course. ECF 28. Because Plaintiff did not withdraw the Complaint or otherwise fix the fabricated allegations, Defendant filed the motion for sanctions on February 7, 2024, ECF 31, and filed redacted exhibits removing the personally identifiable information relating to Plaintiff, Plaintiff's father, Defendant, and their daughter. ECF 31-1 to ECF 31-4. Plaintiff's counsel demanded that the entire motion and exhibits be filed under seal, and without waiting for a response from Defendant's counsel, immediately filed the 2-page emergency motion, which cites *no* law, to seal the entire Rule 11 motion. ECF 34.

"When a court considers a motion to seal, the court must be mindful that the law recognizes a presumption 'of public access to judicial proceedings and records.'" *Brown v. Prudential Life Ins. Co. of Am.*, 2023 WL 2413992, *1 (D. Me. Feb. 7, 2023) (denying unopposed motion to seal)

(quoting *United States v. Kravetz*, 706 F.3d 47, 52 (1st Cir. 2013)). "While the Court understands that most parties would prefer to limit the personal information that is available on the public docket, to the extent the information is relevant to the Court's assessment of an issue, claim, or defense, the public interest is of 'paramount' significance." *Gladu v. Me. Dep't of Corrections*, 2022 WL 17832711, *1 (D. Me. Dec. 22, 2022) (giving *pro so* party further opportunity to justify motion to seal) (quoting *FTC v. Standard Fin. Mgmt. Corp.*, 830 F.2d 404, 410 (1st Cir. 1987)).

> As reflected by Federal Rule of Civil Procedure 5.2, which allows for the redaction of certain personal information, the law recognizes a legitimate privacy interest in protecting an individual's personally identifiable information. *The public interest, however, in the record upon which a court is to rule*, including the administrative record in an ERISA case, *is significant. Without access to the record, the public cannot assess the bases for the Court's decision*. The privacy interests can be adequately addressed through the redaction of the personally identifiable information. The burden of redaction does not outweigh the public interest in access to the record.

*Brown*, 2023 WL 2413992, at *1 (emphasis added and citation omitted).

As this Court has previously noted, the First Circuit in *Standard Financial Management* made plain "that relevant documents which are submitted to, and accepted by, a court of competent jurisdiction in the course of adjudicatory proceedings, become documents to which the presumption of access applies." *McKenzie v. Brannan*, 2020 WL 6647106, *4 (D. Me. Nov. 12, 2020) (denying motion to seal) (quoting *Standard Fin. Mgmt.*, 830 F.2d at 409). Additionally, "under *United States v. Kravetz*, 706 F.3d 47 (1st Cir. 2013), once a document is deemed a judicial record, a presumption of public access applies and a court may seal such a document only when the proponent of the sealing offers a 'sufficient justification for sealing.'" *Tourangeau v. Nappi Distributors*, 2022 WL 768688, *1 (D. Me. Mar. 14, 2022) (denying joint motion to seal) (quoting *Kravetz*, 706 F.3d at 61).

This presumption of access applies to *all* documents the parties submit to be considered in an adjudicatory ruling, including not only Plaintiff's complaint but also Defendant's Rule 11 motion that squarely asserts the complaint is flatly untrue and was filed in bad faith. *See Tourangeau*, 2022 WL 768688, at *4 ("All documents presented to the Court by the parties are 'relevant' insofar as they enable the public to understand how the Court made its decision *and* to assess the correctness of its decision based on evidence the Court did not rely upon. … *See Cole v. Me. Off. of Info. Tech.*, 2018 WL 276682, *2 (D. Me. Jan. 3, 2018) (explaining the right of public access presumptively applies, not upon the Court's resolution of an issue, but 'once a party submits information to a court and urges consideration of the information for purposes of making a judicial ruling')") (ellipsis added) (citing *Kravetz*, 706 F.3d at 54)).

Finally, this Court reminded litigants that "redaction [is] a 'viable tool' where only a portion of the judicial record contains confidential information. *Tourangeau*, 2022 WL 768688, at *1 (brackets added and quoting *Kravetz*, 706 F.3d at 63). Applying these standards, unacknowledged by Plaintiff's counsel, it is readily apparent that Plaintiff's motion to seal is a nonstarter.

Plaintiff's claimed injury is entirely self-inflicted. He argues that someone might figure out his identity by piecing together facts *Plaintiff* disclosed in his own complaint, such as Defendant's residence, *see* Complaint ¶ 2, together with the allegation in the Rule 11 motion that Defendant filed an emergency motion in "state court" (without specifying what state was involved)[1]. Notably, Plaintiff's complaint also contains Plaintiff's state of residence, *see* Complaint ¶ 1, so at a minimum, an internet sleuth would have to parse through the family and probate court records of dozens of New England courthouses, some online and some in person, to potentially piece together

[1] Defendant's emergency motion sought the return of the parties' nine-year-old daughter after Plaintiff took the child to an undisclosed location for several weeks and refused to return the daughter to Defendant's custody.

Defendant's identity, and then, perhaps, figure out Plaintiff's identity. The speculative possibility that Sherlock Holmes could piece together enough clues from Plaintiff's unsealed complaint and elsewhere to deduce Plaintiff's identity does not justify sealing Defendant's Rule 11 motion.

Moreover, Plaintiff does not—and cannot—claim that Defendant's Rule 11 motion, which does not identify Plaintiff, Plaintiff's father, Defendant, or Defendant's daughter, violates the privacy requirements of Fed. R. Civ. P. 5.2. Ironically, it is *Plaintiff's* complaint that contains the date of their daughter's eighteenth birthday, *see Complaint* ¶ 9, *Plaintiff's* proposed Amended Complaint that contains the daughter's name, *see* ECF 28-1 (Amended Complaint Exhibit ¶ 1), and *Plaintiff's* motion to seal that identifies the state court involved. *See* Plaintiff's Motion to Seal at 2. In fact, based solely on *Plaintiff's* public complaint, the press has reported that Plaintiff won $1.35 billion, that he bought his lottery ticket in Lebanon, Maine, and most significantly given his professed concern about his daughter's identity and safety, and the date of her eighteenth birthday, thus telegraphing to the world her DOB in violation of Fed. R. Civ. P. 5.2. *See* ECF 28 at 5–6 (citing USA Today, *$1.35 billion Mega Millions winner sues mother of his child for disclosing jackpot win*, Nov. 17, 2023, available at https://www.usatoday.com/story/money/lottery/2023/11/17/maine-mega-millions-winner-sues-ex-nda-breach/71625859007/); *see also* Daily Beast, *Billion-Dollar Mega Millions Winner Sues Baby Mama for Telling Fam About Payout*, Nov. 15, 2023, available at https://www.thedailybeast.com/dollar135-billion-mega-millions-winner-sues-baby-mama-for-telling-fam-about-payout. Plaintiff certainly cannot seal the Rule 11 motion to protect himself from his own ill-advised filings.

The contents of the motion seeking sanctions are quintessential public records and are not confidential. We hasten to add that even if a confidentiality order were in place, that alone would

not justify sealing the judicial record surrounding Defendant's motion for sanctions. *Cf. Tourangeau*, 2022 WL 768688, at *5 ("An agreement by the existing parties is not itself a sufficient basis to violate the public's right to public access.") (quotation omitted).

Finally, Plaintiff does not even attempt to show how Defendant's Rule 11 motion violates the nondisclosure agreement, which relates to disclosure of Plaintiff's lottery winnings, not to this baseless litigation and Defendant's efforts to push back against Plaintiff's threats and bullying. Suffice it to say, the nondisclosure agreement does not insulate Plaintiff from charges that his complaint rebutted by his own father is false and was filed for an improper purpose. Defendant is entitled to litigate in public that Plaintiff's complaint is entirely specious.

Defendant respectfully requests that the Court deny Plaintiff's motion to seal Defendant's motion for sanctions.

Dated: February 8, 2024

Respectfully submitted,

/s/Peter J. Brann
Daniel A. Nuzzi
Peter J. Brann
Hannah L. Wurgaft
Brann & Isaacson
113 Lisbon St., P.O. Box 3070
Lewiston, ME 04243-3070
(207) 786-3566
dnuzzi@brannlaw.com
pbrann@brannlaw.com
hwurgaft@brannlaw.com

*Attorneys for Defendant*