**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MAINE**

| | |
|---|---|
| JOHN DOE,             ) | |
|            Plaintiff,    ) | No. 2:23-cv-00423-JAW |
| v.                 ) | |
| SARA SMITH,        ) | |
|            Defendant.   ) | |

**MOTION TO INTERVENE BY MAINE TRUST FOR LOCAL NEWS AND**
**INCORPORATED MEMORANDUM OF LAW**

The proposed intervenor Maine Trust for Local News, L3C d/b/a Portland Press Herald/Maine Sunday Telegram moves to intervene in order to unseal (1) the motion to proceed pseudonymously (ECF 3), (2) the sealed motions to seal (ECF 8, 13, 34), (3) the motion to file a first amended complaint (ECF 28) and its attachments, including the proposed amended complaint itself and the non-disclosure agreement, (4) the motion sanctions (ECF 31) with its accompanying declarations (ECF 32, 33) and the opposition memorandum (ECF 36) and the reply (due Feb. 22, 2024), as well as to (5) potentially move to depseudonymize the case in the future, depending on what it learns after items 1 to 4 are unsealed. This motion accompanies the Maine Trust's separate motion to unseal, which does not object to modest redactions, if they are necessary, of factual details about the parties or about other matters.

Defendant does not oppose this motion to intervene. Plaintiff has not indicated his position.

**MEMORANDUM**

**INTRODUCTION**

The "presumption of access [to judicial records] 'helps safeguard the integrity, quality, and respect in our judicial system.'" *In re Gitto Glob. Corp.*, 422 F.3d 1, 6 (1st Cir. 2005). "[Intervention] is an effective mechanism for third-party claims of access to information generated through judicial proceedings." *Pub. Citizen v. Liggett Grp., Inc.*, 858 F.2d 775, 783 (1st Cir. 1988).

The Maine Trust for Local News is a network of independent news and media outlets serving the entirety of the state of Maine. The Portland Press Herald/Maine Sunday Telegram, which the Maine Trust operates, is Maine's largest paid newspaper, with distribution to 263 cities and towns throughout the state.

The Maine Trust seeks to intervene so that it can move to unseal the record to better report on a matter of public interest. The Portland Press Herald/Maine Sunday Telegram initially reported on this lawsuit, as did other publications.[1] The Maine Trust seeks to further educate the public on the details of the case, but it cannot do so while various motions are kept under seal. This sealing withholds valuable information from the press and the public about pending litigation and functions as a partial closure of court proceedings and records. The Maine Trust is also considering moving to depseudonymize Plaintiff, but it cannot

---

[1] *See* Emily Allen, *Winner of $1.35 Billion Jackpot in Maine Files Lawsuit in Effort to Protect His Identity*, Portland Press Herald (Nov. 20, 2023), https://www.pressherald.com/2023/11/20/winner-of-1-35-billion-jackpot-sues-woman-for-violating-non-disclosure-agreement/; Terry Stackhouse, *Maine Lottery Winner Sues Mother of His Child for Telling Relatives About Payout*, WMTW News 8 Portland (Nov. 20, 2023), https://www.wmtw.com/article/maine-lottery-winner-sues-mother-of-his-child-for-telling-relatives-about-payout/45894870; Rachel Bowman, *Mega Millions Jackpot Winner Sues His Daughter's Mom for Telling His Parents About His Life-Changing $1.35 BILLION Windfall After She Signed NDA*, Daily Mail (Nov. 16, 2023), https://www.dailymail.co.uk/news/article-12757469/maine-man-mega-millons-winner-sues-share-secret.html.

effectively do so without understanding the evidence and argument offered by Plaintiff in support of pseudonymity at the start of this case, which is presumably the basis for this Court's docket entry allowing Plaintiff to proceed pseudonymously.

## ARGUMENT

"When a third party essays a challenge to a [record-related restriction], permissive intervention [under Rule 24(b)] is the procedurally correct vehicle." *R & G Mortg. Corp. v. Fed. Home Loan Mortg. Corp.*, 584 F.3d 1, 11 (1st Cir. 2009). In particular, "[r]epresentatives of the press . . . 'must be given an opportunity to be heard on the question of their exclusion' from a court proceeding." *Trump v. Deutsche Bank AG*, 940 F.3d 146, 150 (2d Cir. 2019). "[There is] a similar right of news media to intervene . . . to seek unsealing of documents filed in a court proceeding." *Id.* (collecting cases).

Because the Maine Trust is moving to intervene for the "'limited purpose of unsealing judicial records . . . there is no reason to require such a strong nexus of fact or law'" as with a typical requirement of permissive intervention. *Does 1-6 v. Mills*, 2021 WL 6197377, at *1 (D. Me. Dec. 30, 2021) (quoting *Flynt v. Lombardi*, 782 F.3d 963, 967 (8th Cir. 2015) (cleaned up)). Thus, the only required consideration left is timeliness: "'whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights.'" *T-Mobile Ne. LLC v. Town of Barnstable*, 969 F.3d 33, 40 (1st Cir. 2020) (quoting Fed. R. Civ. Proc. 24(b)(3)). When a third party challenges a judicial record restriction, "the time of acquisition of knowledge of the sealing order itself, if different from the time of acquisition of knowledge of the suit, must be factored into the equation." *R & G Mortg.*, 584 F.3d at 11.

The Maine Trust's motion is timely, as it will not "'unduly delay or prejudice the adjudication of the original parties' rights.'" *T-Mobile*, 969 F.3d at 40. The Maine Trust's

motion was filed slightly over three months after the motion to proceed pseudonymously (ECF 3), shortly after further records were sealed (e.g., ECF 34-35), and less than two weeks after its counsel became aware of the sealing order. Further, "[a]llowing [the Maine Trust] to intervene will not require adding claims, defenses, parties, or new pleadings." *Doe v. Town of Lisbon*, 2022 WL 2274785, at *3 (D.N.H. June 23, 2022), *aff'd*, 78 F.4th 38 (1st Cir. 2023). This motion will not cause delay as discovery and the pending motion practice between the parties can proceed in parallel. And "[n]umerous courts have allowed third parties to intervene in cases [to vindicate access to judicial records], many involving delays measured in years rather than weeks." *Pub. Citizen*, 858 F.2d at 785; *see also San Jose Mercury News, Inc. v. U.S. Dist. Ct.—N. Dist. (San Jose)*, 187 F.3d 1096, 1101 (9th Cir. 1999) ("delays measured in years have been tolerated where an intervenor is pressing the public's right of access to judicial records").

## CONCLUSION

For these reasons, the Maine Trust requests grant this motion and permit it to intervene for the limited purpose of unsealing judicial records and potentially (in a future motion) seeking to depseudonymize the parties.

Dated at Portland, Maine this 20th day of February, 2024

Respectfully Submitted,

*/s/ Sigmund D. Schutz*

*/s/ Alexandra A. Harriman*

Sigmund D. Schutz, Esq.
Alexandra A. Harriman, Esq.
PretiFlaherty
One City Center
P.O. Box 9546
Portland, ME 04112-9546
(207) 791-3247
sschutz@preti.com
aharriman@preti.com


*/s/ Eugene Volokh*

Eugene Volokh, Esq.
Professor of Law
UCLA School of Law
385 Charles E. Young Dr. E
Los Angeles, CA 90095
(310) 206-3926
volokh@law.ucla.edu
*Pro hac vice admission pending*

21440532.1