UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

| | |
|---|---|
| JOHN DOE, | )<br>) |
| Plaintiff, | )<br>) |
| v. | ) No. 2:23-cv-00423-JAW<br>) |
| SARA SMITH, | )<br>) |
| Defendant. | )<br>) |

**MOTION TO UNSEAL BY INTERVENOR MAINE TRUST FOR LOCAL NEWS AND INCORPORATED MEMORANDUM OF LAW**

The proposed intervenor Maine Trust for Local News, L3C d/b/a Portland Press Herald/Maine Sunday Telegram moves to unseal (1) the motion to proceed pseudonymously (ECF 3), (2) the sealed motions to seal (ECF 8, 13, 34), (3) the motion to file a first amended complaint (ECF 28) and its attachments, including the proposed amended complaint itself and the non-disclosure agreement, and (4) the motion for sanctions (ECF 31) with its accompanying declarations (ECF 32, 33) and the opposition memorandum (ECF 36) and the reply (due Feb. 22, 2024). Proposed intervenor does not object to modest redactions, if they are necessary, of factual details about the parties or about other matters.[1] This motion accompanies the Maine Trust's separate motion to intervene.

---

[1] *See* Fed. R. Civ. P. 5.2.

21441556.1

**MEMORANDUM**

**INTRODUCTION**

The "presumption of access [to judicial records] helps safeguard the integrity, quality, and respect in our judicial system." *In re Gitto Glob. Corp.*, 422 F.3d 1, 6 (1st Cir. 2005) (cleaned up). "Motions and objections filed in the [district court] typically become part of the case file (and, thus, available for public inspection) at the moment they are filed in the clerk's office." *In re Providence J. Co., Inc.*, 293 F.3d 1, 11 (1st Cir. 2002).

The Maine Trust for Local News is a network of independent news and media outlets serving the entirety of the state of Maine. The Portland Press Herald/Maine Sunday Telegram, which the Maine Trust operates, is Maine's largest paid newspaper, with distribution to 263 cities and towns throughout the state.

The Maine Trust seeks to move to unseal the record to better report on a matter of public interest. The Portland Press Herald/Maine Sunday Telegram initially reported on this lawsuit, as did other publications.[2] The Maine Trust seeks to further educate the public on the details of the case, but it cannot do so while various motions are kept under seal. This sealing withholds valuable information from the press and

---

[2] *See* Emily Allen, *Winner of $1.35 Billion Jackpot in Maine Files Lawsuit in Effort to Protect His Identity*, Portland Press Herald (Nov. 20, 2023), https://www.pressherald.com/2023/11/20/winner-of-1-35-billion-jackpot-sues-woman-for-violating-non-disclosure-agreement/; Terry Stackhouse, *Maine Lottery Winner Sues Mother of His Child for Telling Relatives About Payout*, WMTW News 8 Portland (Nov. 20, 2023), https://www.wmtw.com/article/maine-lottery-winner-sues-mother-of-his-child-for-telling-relatives-about-payout/45894870; Rachel Bowman*, Mega Millions Jackpot Winner Sues His Daughter's Mom for Telling His Parents About His Life-Changing $1.35 BILLION Windfall After She Signed NDA*, Daily Mail (Nov. 16, 2023), https://www.dailymail.co.uk/news/article-12757469/maine-man-mega-millons-winner-sues-share-secret.html.

the public about pending litigation and functions as a partial closure of court proceedings and records. The Maine Trust is also considering moving to depseudonymize Plaintiff, but it cannot effectively do so without understanding the evidence and argument offered by Plaintiff in support of pseudonymity at the start of this case, which is presumably the basis for this Court's docket entry allowing Plaintiff to proceed pseudonymously.

## ARGUMENT

"Courts long have recognized 'that public monitoring of the judicial system fosters the important values of quality, honesty and respect for our legal system.'" *Providence J.*, 293 F.3d at 9. "This recognition is embodied in two related but distinct presumptions of public access to judicial proceedings and records: a common-law right of access to 'judicial documents,' and a First Amendment right of access to certain criminal proceedings and materials submitted therein." *United States v. Kravetz*, 706 F.3d 47, 52 (1st Cir. 2013). The First Circuit has suggested that the First Amendment right of access extends to certain documents filed in civil proceedings as well. *See Doe v. Mass. Inst. of Tech.*, 46 F.4th 61, 67 (1st Cir. 2022) ("The courts of appeals have recognized a qualified First Amendment right of public access to certain documents filed in civil litigation.").

**I.   There is a presumptive right of access to these documents.**

"[T]he presumption [of public access to judicial records] is . . . strong and sturdy. The citizens' right to know is not lightly to be deflected." *FTC v. Standard Fin. Mgmt. Corp.*, 830 F.2d 404, 410 (1st Cir. 1987). "[T]he common-law right of access extends to 'materials on which a court relies in determining the litigants' substantive

rights.'" *Id.* at 9-10 (quoting *Anderson v. Cryovac, Inc.*, 805 F.2d 1, 13 (1st Cir. 1986)). "Once the court determines that the presumption of public access applies, it must then 'weigh the presumptively paramount right of the public to know against the competing private interests at stake.'" *United States ex rel. Nargol v. DePuy Orthopaedics, Inc.*, 69 F.4th 1, 15-16 (1st Cir. 2023).

Besides this common-law right of access, "[t]he courts of appeals have recognized a qualified First Amendment right of public access to certain documents filed in civil litigation." *Doe v. Mass. Inst. of Tech.*, 46 F.4th at 67. "Although the two rights of access are not coterminous, courts have employed much the same type of screen in evaluating their applicability to particular claims." *Providence J.*, 293 F.3d at 10. That "presumption in favor of access can only be overcome 'by an overriding interest based on findings that closure is essential to preserve higher values and is narrowly tailored to serve that interest.'" *Id.* at 11 (quoting *Press–Enterprise Co. v. Super. Ct.*, 464 U.S. 501, 510 (1984)).

These rights of access apply to each of the judicial records here—the motions to seal (ECF 8, 13, 34), the motion to proceed pseudonymously (ECF 3), the motion to file first amended complaint (ECF 28) (plus attachments), and the motion for sanctions (ECF 31) and its declarations (ECF 32, 33) and the opposition (ECF 36) and pending reply.

**A. Motions to seal and to proceed pseudonymously are judicial records.**

Because motions to seal implicate the public's right of access to court records, it is particularly important for the public and the press to be able to review them, and to understand why certain information is being hidden from the public. "Courts

within [the Second] Circuit have tended to treat a motion to seal as a judicial document that is entitled to a strong presumption of public access." *Doe v. City of New York*, No. 1:22-CV-7910 (LTS), 2022 WL 15153410, at *4 (S.D.N.Y. Oct. 26, 2022). A "motion to redact certain information" is a judicial document that is "entitled to a strong presumption of public access." *Cheng v. Wilson*, No. 1:22-CV-10706 (LTS), 2023 WL 7710966, at *3 (S.D.N.Y. Oct. 2, 2023). "Turning to the motions to seal, the Court determines they are 'judicial documents' as that term is defined by case law, and, therefore, a common law presumption of access attaches." *McGill v. Univ. of Rochester*, No. 10-CV-6697-CJS-JWF, 2013 WL 5951930, at *11 (W.D.N.Y. Nov. 6, 2013).[3] And the First Amendment right of access applies to such motions as well. *See Schiller*, 2006 WL 2788256, at *5; *Doe v. City of New York*, 2022 WL 15153410, at *3.

The same logic applies to motions to proceed pseudonymously. There is a "strong presumption against the use of pseudonyms in civil litigation." *Does 1-3 v. Mills*, 39 F.4th 20, 25 (1st Cir. 2022). That presumption stems from, among other things, "the values underlying the right of public access to judicial proceedings and documents under the common law and First Amendment." *Doe v. Mass. Inst. of Tech.*, 46 F.4th at 68. It is indeed, "of a piece with" "the right of public access" more

---

[3] *See also Allegiant Travel Co. v. Kinzer*, No. 221CV01649JADNJK, 2022 WL 2819734, at *3 (D. Nev. July 19, 2022) ("A motion to seal itself should not generally require sealing or redaction because litigants should be able to address the applicable standard without specific reference to confidential information."); *Vineyard Vines LLC v. MacBeth Collection, L.L.C.*, No. 3:14-CV-1096, 2019 WL 12024583, at *6 n.6 (D. Conn. Apr. 1, 2019) (concluding that a "motion to seal itself should be filed on the public docket and **not** under seal") (emphasis in the original); *Schiller v. City of New York*, No. 04 CIV. 7921, 2006 WL 2788256, at *5 (S.D.N.Y. Sept. 27, 2006) ("Protective Order Brief[s] and accompanying declarations" "are the types of documents that are usually filed with the court and are generally available," so that "on the continuum of materials to which a presumption of public access applies, they fall well toward the end where the presumption is accorded the greatest weight.") (cleaned up).

generally. *Id.* And a motion to proceed pseudonymously is also "more than tangentially related to the merits of a case," *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016), because the decision on the motion may affect a litigant's willingness to proceed with the litigation. *See, e.g.*, Eugene Volokh, *The Law of Pseudonymous Litigation*, 73 Hastings L.J. 1353, 1394-95 & n.196 (2022).

**B. Motions to file amended complaints and attachments are judicial records to which a presumption of access applies.**

A motion to file an amended complaint is a judicial record "to which the presumption of public access applies" because it is a "relevant document[] which [was] . . . accepted by [this Court] in the course of adjudicatory proceedings." *Nargol*, 69 F.4th at 15 (cleaned up).

And that goes double for the attached proposed complaint. A complaint "'is the cornerstone of every case, the very architecture of the lawsuit, and access to the complaint is almost always necessary if the public is to understand a court's decision.'" *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 139 (2d Cir. 2016) (quoting *FTC v. Abbvie Prods. LLC*, 713 F.3d 54, 62 (11th Cir. 2013)). This is also true of the NDA—attached as Exhibit A to the complaint—which is the "central issue[] of the case," *Nargol*, 69 F.4th at 15, since Plaintiff is alleging breach of the NDA, ECF 1. *Cf. Colony Ins. Co. v. Burke*, 698 F.3d 1222, 1241 (10th Cir. 2012) (holding that, even though "preserving the confidentiality of settlement agreements may encourage settlement," "the parties' interests in keeping the terms of their agreements confidential" did not "outweigh[] the public interest in access,

particularly in light of the *centrality of these documents to the adjudication of this case*" (emphasis added)).

Thus, the motion, the complaint, and the NDA are judicial records subject to a presumption of access under the common-law right of access. And they are also subject to the even stronger presumption under the First Amendment right of access. *Bernstein*, 814 F.3d at 141 (holding that "[e]xperience and logic both support" "the First Amendment presumption" as to complaints).

### C. Motions for sanctions are judicial records to which a presumption of access applies.

A motion for sanctions is likewise a judicial record. "Documents submitted for the Court's consideration in relation to a motion for sanctions are judicial documents." *Robinson v. De Niro*, No. 19CV9156LJLKHP, 2022 WL 2952071, at *1 (S.D.N.Y. July 26, 2022); *see also, e.g., Broidy v. Glob. Risk Advisors LLC*, No. 19CV11861MKVJW, 2023 WL 5447267, at *3 (S.D.N.Y. Aug. 24, 2023) ("Exhibits A and B are clearly judicial documents as they are proposed to be filed for the purpose of defending Gibson Dunn against Plaintiffs' Motion for Sanctions"); *Sempowich v. Tactile Sys. Tech., Inc.*, No. 5:18-CV-488-D, 2020 WL 2789792, at *2-4 (E.D.N.C. May 29, 2020) (concluding that documents supporting and opposing a "motion for sanctions" are "judicial records"). And the First Amendment right of access applies here as well. *Robinson*, 2022 WL 2952071, at *1; *Sempowich*, 2020 WL 2789792, at *2.

## II. The presumption of public access is not rebutted here.

Movants are hamstrung in discussing any countervailing interests that might possibly justify sealing (or, more likely, modest redaction) in this case, precisely

because the motions to seal are themselves sealed. It appears, though, that Plaintiff is arguing that the NDA—and, thus, perhaps confidentiality of the cases more broadly—would "promote the safety and security of [him and his family] and . . . avoid the irreparable harm of allowing the media or the public in general to discover [his] identity, physical location, and assets." Complaint, ECF 1 at 2.

These concerns are not enough to overcome the common-law presumption of openness. Plaintiff's arguments do not appear to be backed by "specific findings," but rather are "unsupported speculation," which cannot rebut the First Amendment's presumption of openness. *Providence J.*, 293 F.3d at 13. Like the appellants in *FTC v. Std. Fin. Mgmt. Corp.*, 830 F.2d at 412, Plaintiff here "demonstrate[s] no sufficiently compelling reasons to warrant cloaking the documents in secrecy." Plaintiff made a "broad generalization" in the complaint, rather than a "demonstration [of] . . . specific, severe harm as a result of disclosure." *Id.*

To be clear, Maine Trust is not addressing the pseudonymity issue in this particular motion, pending disclosure of whatever evidence and argument Plaintiff proffered to the Court. But it is relevant that litigation by lottery winners is generally not conducted in secret. Indeed, there are many cases where lottery winners have sued under their own names, without being subject to the harm Plaintiff alleges in the complaint. *See, e.g.*, *Ky. Lottery Corp. v. Casey*, 862 S.W.2d 888, 888-89 (Ky. 1993); *State, ex rel. Meyers v. Ohio State Lottery Comm'n*, 34 Ohio App. 3d 232, 232, 517 N.E.2d 1029, 1030 (1986); *Brown v. State*, 230 Wis. 2d 355, 357, 602 N.W.2d 79, 81 (Ct. App. 1999); *State ex rel. Barnett v. Mo. State Lottery Comm'n*, 196 S.W.3d 72 (Mo.

21441556.1

Ct. App. W.D. 2006); *Lemieux v. Tri-State Lotto Comm'n*, 164 Vt. 110, 666 A.2d 1170 (1995). At least one court has held that lottery winners must be made public. *See Empire Realty Corp. v. N.Y. State Div. of the Lottery*, 230 A.D.2d 270, 273, 657 N.Y.S.2d 504 (1997). Plaintiff appears to be no different than the plaintiffs in lottery cases across the country.

More broadly, many wealthy people may seek to conceal the magnitude of their wealth, for a variety of reasons. But they cannot choose to sue over matters related to billion-dollar transactions, and then try to conceal central matters in the litigation—or the legal arguments that they are making in various motions—in the name of keeping their wealth confidential. "Once a matter is brought before a court for resolution, it is no longer solely the parties' case, but also the public's case." *Brown v. Advantage Eng'g, Inc.*, 960 F.2d 1013, 1016 (11th Cir. 1992).

And even if, at this stage in the proceedings, this Court takes the view that some factual details about the parties or other matters should be kept confidential, that would still not justify the broad sealing in place in this case. The right of access requires that courts consider "reasonable alternative[s] to sealing" documents, such as "redaction." *IDT Corp. v. eBay*, 709 F.3d 1220 (8th Cir. 2013). The entirety of the motions, the proposed amended complaint, and the NDA in this case need not be kept confidential, even if some modest redactions might be called for. For example, it seems likely that much of the sealed motions consists of legal argument, which does not implicate the parties' privacy or safety. *See, e.g., Fazzio v. Standard Exam'r*, No. 117CV00132RJSDBP, 2018 WL 2336113 (D. Utah May 23, 2018) (rejecting

"Plaintiffs' blanket request to seal" in part because "Plaintiffs do not identify a single word in their legal argument that should be redacted in the event the court adopts their alternative request to seal only portions of the memorandum").

The same reasoning even more clearly requires access under the First Amendment. The First Amendment right of access standard is "even more stringent than the common-law standard," *Providence J.*, 293 F.3d at 11, requiring that any restriction be "narrowly tailored to serve" "a compelling government interest," *Doe v. Pub. Citizen*, 749 F.3d 246, 266 (4th Cir. 2014) (cleaned up). It is not plausible that total sealing of all the information in the documents that the Maine Trust seeks to access could be narrowly tailored to a compelling interest.

## CONCLUSION

The Maine Trust has both a First Amendment and common-law right of access to the motions to seal, the motion to allow pseudonymity, the motion to allow the filing of amended complaint, and the motion for sanctions (and related briefing), as well as to the proposed amended complaint and the attached NDA. For these reasons, it requests that the Court grant this motion to unseal those records.

Dated at Portland, Maine this 20th day of February, 2024

                                                                         Respectfully Submitted,

                                                                    */s/ Sigmund D. Schutz*

                                                                    */s/ Alexandra A. Harriman*
Sigmund D. Schutz, Esq.
Alexandra A. Harriman, Esq.
PretiFlaherty
One City Center
P.O. Box 9546
Portland, ME 04112-9546
(207) 791-3247
sschutz@preti.com
aharriman@preti.com


                            */s/ Eugene Volokh*
Eugene Volokh, Esq.
Professor of Law
UCLA School of Law
385 Charles E. Young Dr. E
Los Angeles, CA 90095
(310) 206-3926
volokh@law.ucla.edu
*Pro hac vice admission pending*