**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MAINE**

---

| | | |
|---|---|---|
| **JOHN DOE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No. 2:23-cv-00423-JAW** |
| | ) | |
| **SARA SMITH,** | ) | |
| | ) | |
| | ) | |
| **Defendant.** | ) | |

---

**PLAINTIFF'S RESPONSE IN OPPOSITION TO MOTION TO INTERVENE BY MAINE TRUST FOR LOCAL NEWS**

---

Plaintiff John Doe ("Plaintiff") respectfully submits this Response in Opposition to Motion to Intervene ("Motion to Intervene") by Maine Trust for Local News ("Maine Trust"). Plaintiff opposes Maine Trust's Motion to Intervene for two reasons: (1) it is untimely, and intervention will cause undue delay and prejudice to Plaintiff; and (2) Defendant has already asserted Maine Trust's "presumptive right of access" argument in its opposition to Plaintiff's motions to seal and can adequately represent Maine Trust's interests in this litigation.

## PROCEDURAL HISTORY

Since Plaintiff filed his Complaint pseudonymously on November 14, 2023 (*see* ECF No. 1), there have been 51 electronic court filings in this case. Due to the unique safety, security, and privacy concerns outlined in Plaintiff's Motion to Proceed Under Pseudonym (*see* ECF No. 3), several of the filings have been sealed by Order of the Court:

- Motion to Proceed Pseudonymously (ECF No. 3):
  **SEALING GRANTED on 11/21/23** (ECF No. 12);

- Non-Disclosure Agreement (ECF No. 8):
  **SEALING GRANTED on 11/16/23** (ECF No. 9);

- Diversity Disclosure Statement (ECF No. 13):
  **SEALING GRANTED on 11/22/23** (ECF No. 14);

- Defendant's Motion for Sanctions (ECF No. 31):
  **SEALING GRANTED on 2/16/24** (ECF No. 38);

  - Accompanying Declaration (ECF No. 32):
    **SEALING GRANTED on 2/16/24** (ECF No. 38);

  - Accompanying Declaration (ECF No. 33):
    **SEALING GRANTED on 2/16/24** (ECF No. 38);

- Plaintiff's Motion to Seal Motion for Sanctions (ECF No. 34):
  **SEALING GRANTED on 2/7/24** (ECF No. 35);

- Defendant's Response to Motion to Seal Motion for Sanctions (ECF No. 36):
  **SEALING GRANTED on 2/16/24** (ECF No. 38); and

- Plaintiff's Reply to Motion to Seal Motion for Sanctions (ECF No. 37):
  **SEALING GRANTED on 2/16/24** (ECF No. 38).

Maine Trust's Motion to Intervene -- which was filed on February 20, 2024 and comes in at ECF No. 42 – now seeks to unseal the 9 filings listed above plus one -- Plaintiff's sealed Motion to File First Amended Complaint Under Seal and its two attachments (ECF No. 28), which is opposed by Defendant and remains pending.

## ARGUMENT

### A. Legal Standard

"[D]ecisions about whether or not to seal are committed to the sound discretion of the district court." *R& G Mortg. Corp. v. Fed. Home Loan Mortg. Corp.*, 584 F.3d 1, 12 (1st Cir. 2009) (untimely challenge to sealing order precludes inquiry into its propriety). While a third party seeking to challenge a sealing order may move for permissive intervention under Federal Rule of

Civil Procedure 24(b) (*see id.* at 11), the decision to grant or deny a motion for permissive intervention remains within the sound discretion of the district court. *See Penobscot Nation v. Mills*, 2013 WL 3098042, at *2 (D. Maine June 18, 2013) (citation omitted). The court may consider "almost any factor rationally relevant" to the intervention determination and "enjoys very broad discretion." *T-Mobile Northeast LLC v. Town of Barnstable*, 969 F.3d 33, 40 (1st Cir. 2020) (citation omitted).

To succeed, a motion for permissive intervention must be timely. *See R & G Mortg. Corp.*, 584 F.3d at 11 ("a finding of untimeliness…dooms the movant's quest for permissive intervention"). "The timeliness inquiry is inherently fact-sensitive and depends on the totality of the circumstances." *Id.* at 7. Relevant factors include: (1) the length of time that the intervenor knew or reasonably should have known that its interests were at risk before moving to intervene; (2) the prejudice to existing parties should intervention be allowed; and (3) the extent to which the intervenor's interests are adequately represented by an existing party. *See id.* (delayed challenge to sealing order for 2 ½ months was untimely); *see also T-Mobile Northeast LLC*, 969 F.3d at 41-42 (permissive intervention properly denied where intervenors would hinder resolution without adding "anything of meaningful value to the litigation"); *Penobscot Nation*, 2013 WL 3098042, at * 4 ("Courts are understandably reluctant to grant permissive intervention to an applicant where interests are already fully represented by one of the existing parties").

**B. <u>Maine Trust's Motion to Intervene is Untimely, and Intervention will Cause Undue Delay and Prejudice to Plaintiff.</u>**

The initial words of Rule 24(b) make clear that a motion for permissive intervention must be timely. Fed. R. Civ. P. 24(b). "If it is untimely, intervention must be denied." *Nat'l Ass'n for Advancement of Colored People v. New York*, 413 U.S. 345, 365 (1973) (3-month delay was untimely under circumstances). "Although the point to which the suit has progressed is one factor

in the determination of timeliness, it is not solely dispositive. Timeliness is to be determined from all of the circumstances." *Id.* at 365-66.

Here, Plaintiff filed his Complaint pseudonymously on November 14, 2023 along with a sealed Motion to Proceed Under Pseudonym on November 15, 2023. Maine Trust knew or reasonably should have known of the pseudonymous Complaint and its sealed motion early on, as several news and media outlets reported on the case almost immediately, including its own newspaper and Maine's largest, the Portland Press Herald. *See* "*Winner of 1.35 Billion Jackpot Files Lawsuit in Maine in an Effort to Protect his Identity*" (Portland Press Herald, November 20, 2023); *see also* ECF No. 42, at 2n.1 (listing various publications that "initially reported on this lawsuit"). Maine Trust also knew or reasonably should have known -- as early as November 2023 from the pseudonymous Complaint and initial sealed filings in this case -- that its interest in obtaining "presumptive access to judicial records" and "reporting on a matter of public interest" was at risk (ECF No. 42, at 2). Yet, instead of moving to intervene promptly, Maine Trust admits it waited over three months (*id.* at 4) and did not file its Motion to Intervene until February 20, 2024. In the interim, Plaintiff has moved to seal and the Court has sealed 9 of the filings that Maine Trust now wants unsealed. Plaintiff has also filed two additional motions under seal with attachments (including a proposed First Amended Complaint) that are fully briefed and awaiting the Court's decision (*see* ECF Nos. 28 and 41); Maine Trust has moved to unseal one of these motions (ECF No. 28) and will undoubtedly move to unseal the other. (*See* ECF No. 43).

Maine Trust argues that its Motion to Intervene is timely and will not unduly delay the litigation or prejudice the parties. (*See* ECF No. 42, at 3). But the reality is that if the Court grants Maine Trust's Motion to Intervene: (1) the parties will have to fully brief and the Court will have to reconsider its decision to seal the 9 documents referenced above (ECF Nos. 3, 8, 13, 31, 32, 33,

34, 36, and 37) and possibly hold in abeyance its ruling on ECF No. 28; (2) Maine Trust will likely move to unseal documents filed subsequent to its Motion to Intervene (*see* ECF No. 41, 49, 50, 51, and 52); and (3) Maine Trust will likely move to challenge the Court's Order (ECF No. 6) and the parties' agreement (*see* ECF Nos. 4 and 47) that they proceed under pseudonym. (*See* ECF No. 42, at 1-2: "Maine Trust is also considering moving to depseudonymize Plaintiff"). This will undoubtedly delay the litigation and prejudice Plaintiff, whose sole motive in filing this lawsuit, ironically, was to obtain prompt injunctive relief so that he could protect his and his minor daughter's identity, security, and privacy from the irreparable harm of public disclosure. Accordingly, Maine Trust's Motion to Intervene should be denied.

### C. Maine Trust's Interest in the "Presumptive Right of Access" is Adequately Represented by Defendant.

As the District of Maine has noted, courts are reluctant to grant permissive intervention to an applicant whose interests are already represented by an existing party. *Penobscot Nation*, 2013 WL 3098042, at *4. Here, Maine Trust's interest in unsealing various filings in this case is and has been adequately represented by an existing party – the Defendant. Defendant has made clear that she does not oppose Maine Trust's motion to intervene (*see* ECF No. 47) and "indeed, already has objected in part to the various motions to seal filed by Plaintiff." (*Id.*). Just as Maine Trust seeks "to further educate the public on the details of the case" (ECF No. 42, at 2), Defendant seeks to litigate "in public" (ECF No. 47, at 1). Both assert that the law recognizes a "presumptive right of access" to judicial records, in support of their arguments for unsealing. *Compare* ECF No. 36, at 2; ECF No. 48, at 2; and ECF No. 49, at 1 (Defendant's position) *with* ECF No. 42, at 2 and ECF No. 43 (Maine Trust's position). It is evident that Defendant and Maine Trust share a common ultimate objective: to unseal the court filings in this case with only modest redactions. *Compare* ECF No. 42, at 1(Maine Trust's position) *with* ECF No. 47, at 1 (Defendant's position).

There is therefore no need for Maine Trust to obtain permissive intervention to unseal the filings in this case, as its interests have been adequately represented by Defendant in her repeated opposition to sealing. Granting Maine Trust's Motion to Intervene will do nothing more than allow Defendant to take a second bite at the apple to argue (incorrectly) that the presumptive right of public access outweighs the unique safety, security, and privacy concerns of Plaintiff and his minor daughter.

## CONCLUSION

For all of the foregoing reasons, Plaintiff respectfully requests that this Court deny Maine Trust's Motion to Intervene.

Respectfully submitted this 6th day of March, 2024

By: /s/ Louise M. Aponte
Gregory Brown (ME Bar No. 9023)
Louise M. Aponte (ME Bar No. 9285)
LOWE YEAGER & BROWN PLLC
920 Volunteer Landing, Suite 200
Knoxville, Tennessee 37915
Phone: (865) 521-6527
Fax: (865) 637-0540
gb@lyblaw.net
lma@lyblaw.net

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and exact copy of the foregoing Plaintiff's Response in Opposition to Motion to Intervene by Maine Trust for Local News was filed with the Clerk of the District Court using the CM/ECF system on this 6th day of March 2024. Notification of this filing was sent to all parties registered with the Court's electronic filing system.

/s/ Louise M. Aponte