## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MAINE

| | | |
|---|---|---|
| **JOHN DOE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No. 2:23-cv-00423-JAW** |
| | ) | |
| **SARA SMITH,** | ) | |
| | ) | |
| | ) | |
| **Defendant.** | ) | |

### PLAINTIFF'S RESPONSE IN OPPOSITION TO MOTION TO UNSEAL
### BY PROPOSED INTERVENOR MAINE TRUST FOR LOCAL NEWS

Plaintiff John Doe ("Plaintiff") respectfully submits this Response in Opposition to Motion to Unseal ("Motion to Unseal") by proposed Intervenor, Maine Trust for Local News ("Maine Trust"). Maine Trust moves to unseal a number of court filings in this case in order "to better report on a matter of public interest" and "further educate the public on the details of the case." (ECF No. 43, at 2). Maine Trust contends that unsealing is appropriate because the presumptive common-law and qualified First Amendment "right of access" to these documents outweighs any "unsupported speculation" of harm to Plaintiff and his minor daughter. *Id.* at 3-4, 8. Plaintiff strongly disagrees and urges this Court to keep these filings under seal because: (1) the confidential subject matter of the sealed filings -- traditionally private and embarrassing family affairs with no public ramifications -- overrides the public's presumptive right of access; and (2) the existing threat of physical and emotional harm to Plaintiff and his minor daughter is specific and substantiated and outweighs Maine Trust's interest in catering to the public's craving for

1

sensationalism. Accordingly, Plaintiff requests that the Court deny Maine Trust's Motion to Unseal or, in the alternative, permit the redaction of all information from the sealed filings relating to: (1) the identity of the parties and their minor daughter; (2) the parties' private, family affairs; (3) other legal matters involving the parties; and (4) the identify of Plaintiff's agents and business associates.

## **PROCEDURAL HISTORY**

Plaintiff filed his Complaint on November 14, 2023 (*see* ECF No. 1). Due to the unique safety, security, and privacy concerns outlined in Plaintiff's Motion to Proceed Under Pseudonym (*see* ECF No. 3), several of the filings have since been sealed by Order of the Court:

- Motion to Proceed Pseudonymously (ECF No. 3):
  **SEALING GRANTED on 11/21/23** (ECF No. 12);

- Non-Disclosure Agreement (ECF No. 8):
  **SEALING GRANTED on 11/16/23** (ECF No. 9);

- Diversity Disclosure Statement (ECF No. 13):
  **SEALING GRANTED on 11/22/23** (ECF No. 14);

- Defendant's Motion for Sanctions (ECF No. 31):
  **SEALING GRANTED on 2/16/24** (ECF No. 38);

    o Accompanying Declaration (ECF No. 32):
      **SEALING GRANTED on 2/16/24** (ECF No. 38);

    o Accompanying Declaration (ECF No. 33):
      **SEALING GRANTED on 2/16/24** (ECF No. 38);

- Plaintiff's Motion to Seal Motion for Sanctions (ECF No. 34):
  **SEALING GRANTED on 2/7/24** (ECF No. 35);

- Defendant's Response to Motion to Seal Motion for Sanctions (ECF No. 36):
  **SEALING GRANTED on 2/16/24** (ECF No. 38);  and

- Plaintiff's Reply to Motion to Seal Motion for Sanctions (ECF No. 37):
  **SEALING GRANTED on 2/16/24** (ECF No. 38).

Maine Trust's Motion to Unseal (ECF No. 43) seeks to unseal the 9 filings listed above plus one pending motion -- Plaintiff's Motion to File First Amended Complaint Under Seal (ECF No. 28) and its two attachments: Exhibit A (Proposed First Amended Complaint) and Exhibit B (Letter regarding Plaintiff's security concerns).

## ARGUMENT

### A. Legal Standard

Neither the First Circuit nor the Supreme Court recognizes a right under the First Amendment to access documents filed in civil cases. *See Courthouse News Service v. Quinlan*, 32 F.4th 15, 20 (1st Cir. 2022). The common law presumes a right of public access to judicial records, *see Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 597 (1978), but the First Circuit has recognized that, while "vibrant," this right is "not unfettered," and that "[i]mportant countervailing interests can, in given instances, overwhelm the usual presumption and defeat access." *Siedle v. Putnam Investments, Inc.*, 147 F.3d 7, 10 (1st Cir. 1998). Therefore, a court "must carefully balance the competing interests that are at stake" in each case and "enjoys considerable leeway" in determining whether to unseal a judicial document. *Id.*

Privacy rights of parties and third parties can limit the presumptive right of access to judicial records. *Cole v. Maine*, 2018 WL 276682, at *2 (D. Maine Jan. 3, 2018) *quoting United States v. Kravetz*, 706 F.3d 47, 60 (1st. Cir. 2013). The First Circuit has stated that courts should consider "the degree to which the subject matter is traditionally considered private rather than public," noting that "family affairs, illnesses, embarrassing conduct with no public ramifications, and similar matters will weigh more heavily against the public's right of access than conduct affecting a substantial portion of the public." *Id. quoting Kravetz*, 706 F.3d at 62. Similarly, the Second Circuit has stated that privacy interests are a "venerable common law exception to the presumption

of access" and that "[c]ourts have long declined to allow public access simply to cater to a morbid craving for that which is sensational and impure." *United States v. Amodeo*, 71 F.3d 1044, 1051 (2d Cir. 1995) (citation omitted); *see also Nixon*, 435 U.S. at 598 (court records should not be used to promote public scandal). The Second Circuit has added that courts should consider not only the sensitivity of the information and the subject but: (1) the nature and degree of injury; (2) how the media seeking access intends to use the information; and (3) the reliability of the information. *Id.* (unsealed accusations released to newspaper put party in "unfair position of choosing between suffering the accusations in silence or revealing redacted information" about sources and subject matter). Ultimately, courts have the power "to insure that their records are not used to gratify private spite or promote public scandal and [may] refuse to permit their files to serve as reservoirs of libelous statements for press consumption." *Nixon*, 435 U.S. at 598.

**B. Plaintiff's Privacy Rights Override Maine Trust's Presumptive Right to Unseal ECF Nos. 3, 8, 13, 28, 31, 32, 33, 34, 36, and 37.**

The subject matter of this case is quintessentially private and sensitive. Plaintiff is a private figure, whose only "claim to fame" is that he won the lottery. Up to this point, Plaintiff has tried to remain anonymous and to keep information relating to his identity, assets, and location confidential through the NDA with Defendant that is the subject of this litigation. Defendant is a private figure and the mother of Plaintiff's minor daughter, an innocent third party. Plaintiff and Defendant are not together but agreed to enter into an NDA for the sake of their minor daughter, specifically to avoid the irreparable harm of having members of the media and general public discover Plaintiff's and his minor daughter's identity, assets, and location. (*See* ECF No. 8 at pg. 1). ECF No. 8 is the NDA itself; it contains identifying information as well as information that Plaintiff seeks to keep confidential. The specific risks, challenges, and harms Plaintiff faces as a result of his unique position are detailed in ECF Nos. 3 and 28. Unfortunately, as Plaintiff's

4

pseudonymous Complaint and proposed First Amended Complaint (ECF No. 28, Exh. A) set forth, Defendant violated the terms of the NDA by disclosing Protected Subject Matter to members of Plaintiff's family and others. Plaintiff seeks injunctive relief and damages to prevent further violations of the NDA and to ensure his and his minor daughter's safety, security, and privacy. ECF No. 13 is a Diversity Disclosure Statement which reveals identifying information about the parties for federal jurisdiction purposes. Defendant has responded to the lawsuit by filing a Motion for Sanctions which seeks to promote public scandal and gratify private spite – exactly what the *Nixon* Court warned against. *See Nixon*, 435 U.S. at 598.  The Motion for Sanctions asserts sensationalized private claims against Plaintiff that are false and irrelevant as well as embarrassing family information with no public value that risks identifying the parties and their innocent daughter. (*See* ECF Nos. 31, 32, and 33).  As a result, there has been a back-and-forth of motions to seal, responses, and replies that make reference to all of the false sensationalized claims, private family affairs, and identifying information. (*See* ECF Nos. 34, 36, and 37).  In the meantime, Plaintiff has moved for leave to amend with a proposed First Amended Complaint that reveals how Defendant further breached the NDA by revealing Protected Subject Matter to unauthorized recipients in an affidavit containing false and sensationalized family claims against Plaintiff. (*See* ECF No. 28, Exh. A and its Exh. A).

Because the subject matter of this case and the sealed filings involve a plethora of private, sensitive, identifying family information of an embarrassing nature with no public ramifications that would weigh in favor of the presumptive right of access, the Court should decline to grant Maine Trust's Motion to Unseal.

**C.** **The Specific and Substantiated Threat of Physical and Emotional Harm to Plaintiff and His Minor Daughter Outweighs Maine Trust's Interest in Catering to the Public's "Morbid Craving" for Sensationalism.**

More importantly, the Court should decline to grant Maine Trust's Motion to Unseal because of the specific and substantiated threat of physical and emotional harm to Plaintiff and his minor daughter. Plaintiff previously informed the Court that at least one unknown individual has discovered Plaintiff's identity as a result of this *pseudonymous* lawsuit and has sent him threatening communications. (*See* ECF No. 28, at 6). Plaintiff has also described in sealed filings how media sensationalism and the relentless quest to invade his privacy have taken their toll on Plaintiff's mental and emotional health. (*See* ECF No. 3, at 3). More recently, Plaintiff obtained the advice of a private security consultant who assessed that Plaintiff and his minor daughter are at risk of being the targets of kidnapping and ransom, virtual kidnapping, and other fraud schemes and threats of extortion. *See* Declaration of Plaintiff's Security Consultant, attached hereto as **Exhibit A**. That consultant advised that only "maximizing anonymity" would mitigate the risk to Plaintiff and his minor daughter. *Id.* Contrary to Maine Trust's baseless claim that any risk to Plaintiff is "unsupported speculation," Plaintiff's concerns are specific, substantiated, and sufficiently compelling to override the public's "morbid craving" for sensationalism. *See Amodeo*, 71 F.3d at 1051. If anything, it is Maine Trust that offers nothing more than broad generalizations about "educating" the public, without demonstrating how it intends to do real reporting with the additional information it seeks. *See id.* The media has already reported in sufficient detail about this case. The additional sealed information Maine Trust seeks is at best unreliable, private, sensitive, embarrassing, and damaging in nature. Unsealing it will play right into the hands of Defendant whose only defense is to sling mud at Plaintiff in the hopes that he will dismiss the case. Even worse, it will endanger the physical and emotional safety of Plaintiff and his minor daughter.

All of these privacy and security reasons militate against Maine Trust's right of access to the sealed filings in this case.

   **D.   <u>In the alternative, the Sealed Filings Should be Significantly Redacted.</u>**

   While redaction is a viable tool, Plaintiff maintains that it is not a practical option in this case, given the widespread amount of unreliable, private, sensitive, embarrassing, and identifying information in the filings Maine Trust seeks to unseal. If, however, the Court prefers redaction to sealing, Plaintiff requests permission to redact all information from the filings relating to: (1) the identity of the parties and their minor daughter; (2) the parties' private, family affairs; (3) other legal matters involving the parties; and (4) the identify of Plaintiff's agents and business associates.

<u>CONCLUSION</u>

   For all of the foregoing reasons, Plaintiff respectfully requests that this Court deny Maine Trust's Motion to Unseal or, in the alternative, redact from the filings the identifying and private family information set forth above.

Respectfully submitted this 12th day of March, 2024

                    By: <u>*/s/* Louise M. Aponte</u>
                    Gregory Brown (ME Bar No. 9023)
                    Louise M. Aponte (ME Bar No. 9285)
                    LOWE YEAGER & BROWN PLLC
                    920 Volunteer Landing, Suite 200
                    Knoxville, Tennessee 37915
                    Phone: (865) 521-6527
                    Fax: (865) 637-0540
                    gb@lyblaw.net
                    lma@lyblaw.net

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a true and exact copy of the foregoing Plaintiff's Response in Opposition to Motion to Unseal by Maine Trust for Local News was filed with the Clerk of the District Court using the CM/ECF system on this 12th day of March 2024. Notification of this filing was sent to all parties registered with the Court's electronic filing system.

/s/ Louise M. Aponte

8