UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| JOHN DOE, | ) |
|       Plaintiff, | ) |
| v. | ) No. 2:23-cv-00423-JAW |
| SARA SMITH, | ) |
|       Defendant, | ) |
| MAINE TRUST FOR LOCAL NEWS, L3C, | ) |
|       Movant. | ) |

**ORDER ON MOTION TO INTERVENE**

Over the plaintiff's objection, the Court grants a motion to intervene filed by a trust representing a network of independent news and media outlets to seek to unseal docket entries and potentially to depseudonymize the plaintiff depending on the contents of the filings if unsealed.

**I. BACKGROUND**

    **A. The Complaint and Sealing Orders**

On November 14, 2023, John Doe, acting under a pseudonym, filed a civil action in this Court against Sara Smith, another pseudonym, asserting that she breached a Non-Disclosure Agreement and caused the Plaintiff damages. *Compl.* (ECF No. 1). The Plaintiff also sought equitable relief, including an injunction against Ms. Smith. *Id.* at 6. In the complaint, Mr. Doe alleges that he was the winner of the Maine State Lottery, *Id.* ¶ 5, that Ms. Smith is the mother of his minor

daughter, *Id.* ¶ 6, and that Ms. Smith entered into a Non-Disclosure Agreement to "promote the safety and security of John Doe, [herself], and their daughter" and to avoid "the irreparable harm of allowing the media or the public in general to discover, *inter alia*, John Doe's identity, physical location, and assets." *Id.* ¶ 7.  Mr. Doe filed several motions to seal documents filed in this case based on his view that the revelation of his name will cause him irreparable harm, and the Court has granted those motions.  *See, e.g.*, *Mot. for Leave to Proceed Under Pseudonym and for Protective Order* (ECF No. 4) (under seal); *Order* (ECF No. 6); *Emer. Mot. to Seal Def.'s Mot. for Sanctions* (ECF No. 34) (under seal); *Order* (ECF No. 35).

### B. Maine Trust's Motion to Intervene

On February 20, 2024, the Maine Trust for Local News (Maine Trust) filed a motion to intervene to file motions to unseal the documents currently docketed under seal and potentially to depseudonymize the case in the future.  *Mot. to Intervene by Me. Trust for Local News* (ECF No. 42) (*Me. Trust's Mot.*).  In its motion, Maine Trust describes itself as "a network of independent news and media outlets serving the entirety of the state of Maine," a description the Court accepts for purposes of this motion.  *Id.* at 2.  On the same day, the Maine Trust filed a motion to unseal the documents in four docket entries.  *Mot. to Unseal by Intervenor Me. Trust for Local News* (EFC No. 43) (*Me. Trust Mot. to Unseal*).  On February 21, 2024, Sara Smith quickly responded and stated that not only did she not object to Maine Trust's motion to intervene but that she had objected to various motions to seal by John Doe.  *Def.'s Resp. to Me. Trust's Mot. to Intervene* (ECF No. 47) (*Def.'s Resp.*).  On March 6, 2024,

2

John Doe filed his opposition to Maine Trust's motion to intervene. *Pl.'s Resp. in Opp'n to Mot. to Intervene by Me. Trust for Local News* (ECF No. 53) (*Pl.'s Opp'n*). On March 18, 2024, Maine Trust filed its reply. *Reply in Support of Mot. to Intervene by the Me. Trust for Local News* (ECF No. 58) (*Me. Trust Reply*).

### C.     John Doe's Objections

In his response, Mr. Doe has raised three objections to Maine Trust's motion to intervene: (1) it is untimely, (2) Maine Trust's involvement will delay the case, and (3) Maine Trust's positions are adequately represented by Ms. Smith. *Pl.'s Opp'n* at 1-6.

## II.    LEGAL STANDARDS

Intervention "is an effective mechanism for third-party claims of access to information generated through judicial proceedings." *Pub. Citizen v. Liggett Grp., Inc.*, 858 F.2d 775, 783 (1st Cir. 1988); *Does v. Mills*, No. 1:21-cv-002420JDL, 2021 U.S. Dist. LEXIS 248026, at *2 (D. Me. Dec. 30, 2021). Preliminarily, the Court concludes that Maine Trust's motion to intervene falls within the permissive intervention provisions of Federal Rule of Civil Procedure 24(b), not the intervention of right provisions of Federal Rule of Civil Procedure 24(a). *R&G Mortg. Corp. v. Fed. Home Loan Mortg. Corp.*, 584 F.3d 1, 11 (1st Cir. 2009) ("When a third party essays a challenge to a sealing order, permissive intervention is the procedurally correct vehicle").

Under this provision, a proposed intervenor must show "that (1) it timely moved to intervene; (2) it has an interest relating to the property or transaction that

forms the basis of the ongoing suit; (3) that the disposition of the action threatens to create a practical impediment to its ability to protect[] its interest; and (4) no existing party adequately represents its interests." *B. Fernandez & Hnos., Inc. v. Kellogg USA, Inc.*, 440 F.3d 541, 544-45 (1st Cir. 2006). "The failure to satisfy [all four conditions] dooms intervention." *Id.* (quoting *Public Serv. Co. of N.H. v. Patch*, 136 F.3d 197, 204 (1st Cir. 1998)).

"When the party moving to intervene does so for a limited purpose and does not seek to become a party to the litigation, the nexus-of-fact-or-law requirement is loosened, and '[s]pecificity, *e.g.* that the intervenors' claim involve the same legal theory that was raised in the main action, is not required.'" *Does*, 2021 U.S. Dist. LEXIS 24026, at *2 (modification in original) (quoting *Pansy v. Borough of Stoudsburg*, 23 F.3d 772, 778 (3d Cir. 1994) (alterations omitted)). "Within these parameters, 'the district court . . . enjoys very broad discretion in granting or denying the motion.'" *Id.* (quoting *Daggett v. Comm'n on Gov'tal Ethics & Elections Pracs.*, 172 F.3d 104, 113 (1st Cir. 1999)).

## III.   DISCUSSION

### A.   Timeliness

Regarding timeliness, as Maine Trust points out, press entities and others "seeking access to court records may intervene to unseal court records even *after judgment*." *Me. Trust Reply* at 1 (emphasis in original). In support of its position, Maine Trust cites *Public Citizen v. Liggett Group, Inc.*, 858 F.2d 775, 786 (1st Cir. 1988).

4

The Court finds *Public Citizen* instructive. In *Public Citizen*, the First Circuit quoted at length the District of Columbia Court of Appeals' *Mokhiber v. Davis*, 537 A.2d 1100 (D.C. 1988) decision. In *Mokhiber*, an investigative reporter filed a motion to intervene in a lawsuit settled by the original parties four years previously. *Id.* at 1102. The reporter was attempting to remove protective orders that barred public access to the various documents held by the court. *Id.* The *Mokhiber* Court rejected the proposition that the reporter's motion to intervene should be dismissed as untimely. *Id.* at 1104. The Court of Appeals observed that "because of the peculiar characteristics of the public's right of access to judicial records, considerations of timeliness should not generally bar intervention to litigate such a claim." *Id.*

The First Circuit Court of Appeals adopted the *Mokhiber* Court's view that the right of public access is a "special right" and "[o]rdinary principles applicable to intervention do not work well here." *Pub. Citizen*, 858 F.2d at 786 (quoting *Mokhiber*, 537 A.2d at 1104). In *Public Citizen*, the First Circuit quoted with approval the *Mokhiber* Court's observation that "[t]o the extent [a right of access] exists, it exists today for the records of cases decided a hundred years ago as surely as i[t] does for lawsuits now in the early stages of litigation." *Id.* (second modification in original) (quoting *Mokhiber*, 527 A.2d at 1105).

Based on *Public Citizen*, the Court is not at all certain that the ordinary timeliness requirements apply when the media moves to intervene to assert the right of public access to court documents. Nevertheless, if the timeliness requirement does apply, the Court concludes that Maine Trust's motion to intervene is timely.

5

Although Mr. Doe filed the lawsuit on November 14, 2023, Ms. Smith did not answer the complaint until December 19, 2023. *Compl.* (ECF No. 1); *Answer* (ECF No. 20).

Mr. Doe points out that as early as November 20, 2023, the Portland Press Herald published a news article about the lawsuit. *Pl.'s Opp'n* at 4. It is true that Maine Trust could have filed a motion to depseudonymize the lawsuit then. But it is also true that Maine Trust did not then realize that the lawsuit would prove contentious.

Nor could Maine Trust have known the extent to which future filings would be sealed. As Maine Trust points out, Ms. Smith filed all her documents without sealing until January 19, 2024. *See Diversity Disclosure Statement* (ECF No. 17); *Consent Mot. to Extend Time to File Answer re Compl.* (ECF No. 18); *Answer* (ECF No. 20); *Req. for Hr'g Regarding Disc. Dispute* (ECF No. 26) (sealed). Initially, Ms. Smith publicly filed a motion for sanctions on February 7, 2024, *Mot. for Sanctions* (ECF No. 31) (sealed), and after Mr. Doe filed an emergency motion for seal on February 7, 2024, *Emerg. Mot. to Seal Def.'s Mot. for Sanctions* (ECF No. 34) (sealed), and on February 7, 2024, the Court granted it. *Order* (ECF No. 35). Maine Trust dates its awareness that the parties would not protect its interest in open access to January 19, 2024, when Ms. Smith began to file her documents under seal. Whichever date is used, January 19, 2024 or February 7, 2024, the Court concludes that Maine Trust's February 20, 2024 motion to intervene is timely.

### B.    Delay

The Court is skeptical about Mr. Doe's contention that granting Maine Trust's motion to intervene will delay the case.  The Magistrate Judge issued a scheduling order on December 19, 2023 and modified it on January 9, 2024.  *Scheduling Order* (ECF No. 21); *Order* (ECF No. 24).  The current discovery deadline is August 27, 2024 and a notice of intent to file dispositive motions is not due until September 6, 2024—both several months away.  *Order* (ECF No. 24).  Maine Trust filed a contemporaneous motion to unseal with its motion to intervene.  *Me. Trust Mot. to Unseal*.  With the Court granting the motion to intervene, the briefing of Maine Trust's motion to unseal should proceed in the ordinary course and there is no reason to believe that Maine Trust's motion will cause delay.

It is true that Maine Trust suggests that, depending on what it learns if the docket entries are unsealed, it may also move to depseudonymize Plaintiff.  *Maine Trust Mot.* at 3.  But this motion, if made, should be handled in the ordinary course by the parties, Maine Trust, and the Court, and Mr. Doe does not suggest otherwise.  Accordingly, the Court does not conclude that granting the motion to intervene will delay these proceedings.

### C.    Adequate Representation

Mr. Doe makes the point that Ms. Smith opposed sealing and therefore argues that Ms. Smith is able to adequately represent Maine Trust's interest.  However, Ms. Smith represents her own private interest.  Maine Trust, by contrast, "seek[s] to vindicate [its] and the public's common law and First Amendment rights of access to

judicial proceedings, and that interest is not currently represented by [either] of the parties." *Does*, 2021 U.S. Dist. LEXIS 24026, at *5. "[T]his consideration weighs in favor of granting, not denying, intervention." *Id.* The Court views these interests as sufficiently different to allow Maine Trust to intervene.

## IV.   CONCLUSION

The Court GRANTS Maine Trust for Local News, L3C d/b/a Portland Press Herald/Maine Sunday Telegram's Motion to Intervene (ECF No. 42). The Court DEEMS the filing date of Maine Trust's motion to unseal document (ECF No. 43) to be the date of this order, and therefore, pursuant to United States District Court Local Rule 7(b), any objections by Mr. Doe and/or responses by Ms. Smith to Maine Trust's motion to unseal are due within twenty-one days of the date of this order. Pursuant to Local Rule 7(c), any reply by Maine Trust will be due within fourteen days of the date of the filing of any objection.

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 22nd day of March, 2024