UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

**John Doe**,

   *Plaintiff,*

v.

**Sara Smith**,

   *Defendant.*

No. 2:23-cv-00423-JAW

**REPLY IN SUPPORT OF MOTION TO UNSEAL BY INTERVENOR MAINE TRUST FOR LOCAL NEWS**

The proposed intervenor Maine Trust for Local News files this Reply to Plaintiff's response opposing its Motion to Unseal [ECF 43]. Defendant's partial opposition [ECF 54] objects in relevant part only to the disclosure of the parties' names [ECF 54 at 2-3]; at this point in the litigation, proposed intervenor does not seek the disclosure of those names, though it reserves the right to do so once it sees the other documents in the case.

**I. The subject of the litigation is not sufficiently "sensitive" to overcome the presumptive right of access.**

"Only the most compelling reasons can justify non-disclosure of judicial records that come within the scope of the common-law right of access." *In re Providence J. Co., Inc.*, 293 F.3d 1, 10 (1st Cir. 2002) (cleaned up). "Once a matter is brought before a court for resolution, it is no longer solely the parties' case, but also the public's case." *Brown v. Advantage Eng'g, Inc.*, 960 F.2d 1013, 1016 (11th Cir. 1992).

Plaintiff argues that sealing is warranted because the subject matter of the case is "quintessentially private and sensitive." ECF 55 at 4. But "[t]he mere fact that

1

judicial records may reveal potentially embarrassing information is not in itself sufficient reason to block public access." *Siedle v. Putnam Invs., Inc.*, 147 F.3d 7, 10 (1st Cir. 1998). Even family matters that are "profoundly embarrassing" are generally subject to the normal presumption of public access to judicial records. *Mann v. Boatwright*, 477 F.3d 1140, 1148 (10th Cir. 2007). Like the parties in *Mann*, the parties here filed documents which "detail[ a] history of . . . [an] on-going [family] feud." *Id.* But this does not mean that the "privacy concern with respect to [the] information is sufficiently critical to outweigh the strong presumption in favor of public access to judicial records." *Id.* at 1149. The family matters present here are not, for instance, as private as are allegations of sexual abuse, *Mirlis v. Greer*, 952 F.3d 51 (2d Cir. 2020); *Kavanagh v. Zwilling*, 997 F. Supp. 2d 241 (S.D.N.Y. 2014), or specific medical information, *Rock v. McHugh*, 819 F. Supp. 2d 456 (D. Md. 2011), which courts do often allow to be sealed.

## II. The hypothetical risk of criminal targeting stemming from disclosure of Plaintiff's wealth cannot justify sealing.

Plaintiff contends the judicial records should remain sealed based on a "specific and substantiated threat of physical and emotional harm to Plaintiff and his minor daughter." ECF 55 at 6. He offers two bases for this claim: (1) the statement that "at least one unknown individual has discovered [his] identity . . . and has sent him threatening communications," *id.* (citing ECF 28), and (2) the "advice of a private security consultant." ECF 55 at 6.

The Maine Trust is unable to examine whether the "threatening communications," *id.*, are substantiated threats, as the original document containing the threat is

2

sealed. *See* ECF 28. The claim related to the communications may be a "vague, conclusory assertion[] of [a] potential threat[], without any evidence supporting a specific fear based on the release of the documents at issue." *United States v. All Assets Held at Bank Julius Baer & Co.*, 520 F. Supp. 3d 71, 84 (D.D.C. 2020). If so, it would not be "sufficient to weigh in favor of nondisclosure." *Id.*; *see also Providence J.*, 293 F.3d at 13 (requiring "specific findings" to rebut presumption of openness). And even if it does weigh in favor of redacting some material—such as the parties' names—it is unclear why this claimed threat would justify sealing entire filings, including the purely legal arguments that those filings contain.

The declaration of Plaintiff's security consultant consists of "broad generalization[s]," rather than a "demonstration [of] . . . specific, severe harm as a result of disclosure." *FTC v. Std. Fin. Mgmt. Corp.*, 830 F.2d 404, 412 (1st Cir. 1987). The only reason the consultant gives for the "moderate risk" of harm is Plaintiff's "high wealth." ECF 55 Exh. A ¶ 3. The vague, conclusory statements that Plaintiff and his minor child are at risk of kidnapping, fraud, or extortion are not supported by concrete facts; rather, they are buoyed by generic statistics that bad things can happen to rich people. *See id.* ¶¶ 5-7.

Such potential "threats" may equally be conjectured whenever a wealthy person enters a lawsuit that discloses his wealth, as much civil litigation necessarily does. Allowing the sealing of the judicial record based on such generic allegations would in effect yield one law for the rich and another for those of modest means. Plaintiff "cite[s] no authority for [his] contention that general financial privacy interests and

3

[his] substantial wealth are sufficient compelling interests to seal the court records." *In re Estate of Thompson*, 636 S.W.3d 1, 22 (Tenn. Ct. App. 2021). "[T]he information in the sealed portions of the record is no different from or more embarrassing than a typical estate dispute, save for the fact that a substantial amount of money is at issue." *Id.* at 23. "In this sense," a decision allowing continued sealing would have the unsound "effect of carving out an exception to the presumptive openness of court records for wealthy litigants." *Id.*

And even the "concern that [a litigant] might be targeted by criminals" as a result of a financial windfall disclosed in court records cannot suffice to justify broad sealing. *Perreault v. Free Lance-Star*, 666 S.E.2d 352, 361 (Va. 2008). "While we are not unmindful of the seriousness of [this] concern[]," it is not a "sufficient reason[] to seal judicial records." *Id.*

### III. Plaintiff's vague assertions of mental and emotional harm do not rebut the presumptive right of access.

Plaintiff argues that avoiding the "toll on Plaintiff's mental and emotional health," presumably from public disclosure of the information in the sealed document, is a sufficient privacy interest to overcome the presumptive right of access. *See* ECF 55 at 6. But this risk is likewise present in a vast range of litigation. Parties thus cannot litigate cases under seal simply because they are concerned that the case will draw public attention that will create mental or emotional distress—"the asserted interests for sealing cannot be generic interests that would apply with equal force to every case." *United States v. Apperson*, 642 F. App'x 892, 903 (10th Cir. 2016). "[R]isks of damage to professional reputation, emotional damage, or financial harm, stated in

4

the abstract," do not "constitute sufficient reasons to seal judicial records." *Shenandoah Pub. House, Inc. v. Fanning*, 368 S.E.2d 253, 256 (Va. 1988).

### IV. Plaintiff's vague assertions of sensationalism and the public's "morbid cravings" do not rebut the public's right of access.

Finally, Plaintiff contends that his concerns are "specific, substantiated, and sufficiently compelling to override the public's 'morbid craving' for sensationalism." ECF 55 at 6. But the Maine Trust seeks to report on a matter of public interest involving governmental processes—the award of a $1.35 billion state lottery jackpot, and a lawsuit stemming from that award. This is what newspapers rightly do.

If anything, the allegations of misconduct within the lawsuit, such as in the motion for sanctions (more common in some jurisdictions than in Maine), are more reason for public access, not less. The public has an interest in whether the federal civil justice system is being abused for improper purposes. What Plaintiff views as unfounded and "promoting public scandal," *id.* at 5, serves instead to enhance public interest in these proceedings. If this case started as a claim to enforce a non-disclosure agreement, it is no longer that simple. It is hard to conceive of any subject matter that would justify the blanket sealing of numerous filings—without even the filing of public redacted versions of those filings—that has taken place in this action up to this point. *Cf, e.g., Thomas v. Thomas*, 1999-NMCA-135, ¶¶ 27-28, 128 N.M. 177, 184-85, 991 P.2d 7, 14-15 (concluding that even allegedly "repeated and continuous . . . outrageous, unsubstantiated allegations against [Husband] which would be libelous and slanderous if stated or published in any other forum but pleadings" would not cause

the court to "diverge[] from the standard policy of allowing public access to court files").

## V. Plaintiff's proposed redaction alternatives are far too broad.

Plaintiff acknowledges that as an alternative to sealing, redactions may be implemented. *See* ECF 55 at 7. Yet he requests redaction of "all information" related to four categories: "(1) the identity of the parties and their minor daughter; (2) the parties' private, family affairs; (3) other legal matters involving the parties; and (4) the identify of Plaintiff's agents and business associates." *Id.* Such broad redaction is far from narrowly tailored to any legitimate privacy interests. *Cf.* Fed. R. Civ. P. 5.2.

For the first category, the Maine Trust does not object to redacting the identity of the parties' daughter, nor is it at this point moving to oppose pseudonymity, though it reserves the right to do so after it learns more about the dispute in this case.

For the second category, the parties' "private, family affairs," *id.*, are not categorically subject to redaction. *See Mann*, 477 F.3d at 1148. Indeed, when courts narrowly redact—rather than seal—sensitive documents, they often only redact specific personally identifiable information. *See, e.g.*, *United States v. Abdelaziz*, 583 F. Supp. 3d 329 (D. Mass. 2022) (redacting personal contact information of family members and friends); *see also Doe v. Mercy Cath. Med. Center*, 855 Fed. Appx. 842 (3d Cir. 2021) (allowing redaction of only a plaintiff's name, her minor child's name, and the last four digits of her social security number).

The third category, "other legal matters involving the parties," ECF 55 at 7, is even more unjustifiably broad. In rare situations, details of legal matters might be sealed, for instance if they contain "sensitive information" about "child protective

proceedings." *Tower v. Leslie-Brown*, 167 F. Supp. 2d 399, 405 (D. Me. 2001). But as a general matter, legal matters are not private precisely because of the right of public access to court records.

Finally, the fourth category, "the identity of Plaintiff's agents and business associates," ECF 55 at 7, does not categorically warrant redaction. Business relationships are not inherently confidential when they are brought up in court proceedings. It is unclear how the privacy interests of Plaintiff's agents and business associates are implicated here, and how they would override the presumptive right of access.

**Conclusion**

For these reasons, the Maine Trust requests that this Court grant its motion to unseal the motions to seal, the motion to allow pseudonymity, the motion to allow the filing of amended complaint, and the motion for sanctions, as well as the proposed amended complaint and the attached NDA. If necessary, Maine Trust also expects to file a follow-up motion to unseal the sealed filings that have continued to accumulate since its initial motion to unseal was filed.

Dated: March 25, 2024

    Respectfully Submitted,

    /s/ Sigmund D. Schutz

    /s/ Alexandra A. Harriman

    PretiFlaherty
    One City Center
    P.O. Box 9546
    Portland, ME 04112-9546
    (207) 791-3247
    sschutz@preti.com
    aharriman@preti.com

    /s/ Eugene Volokh

    Professor of Law
    UCLA School of Law
    385 Charles E. Young Dr. E
    Los Angeles, CA 90095
    (310) 206-3926
    volokh@law.ucla.edu
    *Pro hac vice*

    *Attorneys for Maine Trust for Local News*