UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| **JOHN DOE,** | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| v. | )   No. 2:23-cv-00423-JAW |
| | ) |
| **SARA SMITH,** | ) |
| | ) |
| Defendant | ) |

**ORDER ON MOTION TO AMEND**

  John Doe alleges that Sara Smith violated the terms of their nondisclosure agreement (NDA) by informing third parties about his billion-dollar lottery winnings. He now seeks to amend his complaint to, among other things, add allegations that Smith violated the NDA by disclosing protected information to her attorney and in state court custody filings regarding his and Smith's minor child. *See* Motion (ECF No. 28).[1] In his proposed amended complaint, Doe alleges that Smith was obligated under the terms of the NDA to seek his permission before making such disclosures or, at the very least, provide him with advance notice. *See* Proposed Amended Complaint (ECF No. 28-1) ¶¶ 27-33.

  Smith argues that Doe's proposed amendments are futile because the NDA is "unenforceable as against public policy" to the extent that it required her to seek Doe's permission before talking to her attorney or making custody-related court filings. Opposition (ECF No. 48) at 8-9.

---

[1] The sealing issues raised by Doe in his motion were resolved by the Court's recent order. *See* Order on Motion to Unseal (ECF No. 71) at 20-22.

1

Doe rejoins that the NDA is not unreasonable in the context of the custody dispute because Smith could have made her custody filings without disclosing protected information and, in his view, Smith's custody filings were not made in good faith. *See* Reply (ECF No. 52) at 4-5.[2]

The NDA is, by its terms, governed by Maine law. *See* NDA (ECF No. 1-1) ¶ 8. Under Maine law, a contract is unenforceable as against public policy if it is "harmful to the interests of society." *Court v. Kiesman*, 2004 ME 72, ¶ 11, 850 A.2d 330. In such circumstances, "the parties' freedom to contract" must be weighed "against the detriment to society if [the court] were to enforce the contract." *Id.*

With this balancing test in mind, I have no trouble concluding that the NDA is unenforceable to the extent it would interfere with Smith's ability to consult with her attorney and make custody-related court filings. The parties' freedom to contract and Doe's interests in enforcement of the NDA are clearly outweighed by Smith's right to seek redress in court for child custody-related issues. The protected information at issue was seemingly relevant to the custody dispute. And it is easy to imagine the harm that might be wrought by requiring one parent to seek the other parent's permission—or even just provide the other parent advance notice—before talking to an attorney or making an emergency child custody filing.

My conclusion is consistent with caselaw from Maine and elsewhere. *See, e.g.*, *Riemann v. Toland*, 2022 ME 13, ¶ 39, 269 A.3d 229 ("[A]ny provision in a premarital

---

[2] I decline to give credence to Doe's suggestion that Smith's custody filings were made in bad faith because that would require me to accept his version of hotly contested facts, which would be inappropriate at this early stage in the case.

agreement that may hinder the court's ability to assess and address issues regarding the best interest of a child, including a provision that could negatively affect a party's right to litigate such issues, is void and unenforceable."); *id*. ¶ 40 ("Enforcement of a provision in a premarital agreement waiving attorney fees could expose the child and the parties to the risk that the terms of the agreement, rather than the court's understanding of the child's best interest, will determine the outcome of issues, such as custody, that require an analysis of the best interest of the child."); *Lana C. v. Cameron P.*, 108 P.3d 896, 902 (Alaska 2005) (concluding "that a private agreement that seeks to bar an individual from presenting relevant evidence to a court in a domestic violence proceeding [involving a child and her parents] . . . is unenforceable as contrary to public policy"); *In re Marriage of Joseph*, 217 Cal. App. 3d 1277, 1284 (Cal. Ct. App. 1990) ("[T]hat parties cannot by contract limit the court's power to resolve issues concerning children's welfare . . . has been reiterated in numerous . . . opinions."); *EEOC v. Astra U.S.A., Inc.*, 94 F.3d 738, 744 (1st Cir. 1996) (quoting *Town of Newton v. Rumery*, 480 U.S. 386, 392 (1987)) ("[A] promise is unenforceable if the interest in its enforcement is outweighed in the circumstances by a public policy harmed by enforcement of the agreement.").

Accordingly, Doe's proposed amendments regarding Smith's breach of the NDA in the context of their custody dispute are futile, and his motion to amend his complaint is **DENIED**. *See Aponte-Torres v. Univ. of P.R.*, 445 F.3d 50, 58 (1st Cir. 2006) (noting that even under Fed. R. Civ. P. 15(a)'s liberal standard, courts may deny proffered amendments when they "would be an exercise in futility").

3

### *NOTICE*

*In accordance with Federal Rule of Civil Procedure 72(a), a party may serve and file an objection to this order within fourteen (14) days after being served with a copy thereof.*

*Failure to file a timely objection shall constitute a waiver of the right to review by the district court and to any further appeal of this order.*

Dated: May 21, 2024

<u>/s/ Karen Frink Wolf</u>
United States Magistrate Judge
