UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| JOHN DOE, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | No. 2:23-cv-00423-JAW |
| | ) | |
| SARA SMITH, | ) | |
| | ) | |
| Defendant | ) | |

### ORDER ON MOTIONS FOR SANCTIONS[1]

In this contentious breach of contract case, John Doe alleges that Sara Smith violated the terms of their nondisclosure agreement by informing third parties about his billion-dollar lottery winnings. Each side now moves for sanctions against the other—Smith on the basis that the core allegation in Doe's complaint is demonstrably false and Doe on the basis that Smith's motion for sanctions was filed for improper purposes. *See* Smith's Motion (ECF No. 31) (seeking sanctions under Fed. R. Civ. P. 11, 28 U.S.C. § 1927, and the Court's inherent power); Doe's Motion (ECF No. 75) (seeking sanctions under Fed. R. Civ. P. 11).

I do not find any sanctions are warranted at this early stage where the parties' arguments turn on disputed facts. *See, e.g.*, *Pladott v. Ewers*, 414 F. Supp. 2d 88, 90

---

[1] Because I am not ordering any sanctions—dispositive or otherwise—this order is nondispositive. *See Phinney v. Wentworth Douglas Hosp.*, 199 F.3d 1, 6 (1st Cir. 1999) ("Magistrate Judge Muirhead—whatever he might theoretically have done—in fact imposed only a monetary sanction. His order, therefore, was nondispositive and the 'clearly erroneous' standard obtains. *See* 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a)." (footnote omitted)); *Gomez v. Martin Marietta Corp.*, 50 F.3d 1511, 1519-20 (10th Cir. 1995) ("[T]he penalty to be imposed, rather than the penalty sought by the movant, controls the scope of the magistrate[ judge]'s authority. Even though a movant requests a sanction that would be dispositive, if the magistrate judge does not impose a dispositive sanction the order falls under Rule 72(a) rather than Rule 72(b)." (cleaned up)).

(D. Mass. 2006) (denying a motion for sanctions filed early in a case because it required "highly specific factual findings" that would have been "premature" given the "hotly disputed facts and general finger-pointing" between the parties). Smith's motion and accompanying affidavits raise some significant questions about the viability of Doe's claims but do not definitively demonstrate that his claims lack any factual underpinning or are otherwise unreasonable and vexatious. Doe's motion similarly depends on his version of highly contested events and, as such, does not convince me that Smith filed her motion for sanctions to harass Doe or mislead the Court with sensationalized claims. I am also not persuaded by Doe's suggestion that Smith was improperly trying to identify him or risk his or their daughter's safety by filing her motion for sanctions without moving to seal it. *See* Order on Motion to Unseal (ECF No. 71) at 22-25 (unsealing Smith's motion for sanctions and associated documents after concluding they did not contain sufficiently sensitive information to rebut the presumption of public access).

For these reasons, the motions for sanctions are **DENIED**.

## *NOTICE*

*In accordance with Federal Rule of Civil Procedure 72(a), a party may serve and file an objection to this order within fourteen (14) days after being served with a copy thereof.*

*Failure to file a timely objection shall constitute a waiver of the right to review by the District Court and to any further appeal of this order.*

Dated: May 21, 2024

/s/ Karen Frink Wolf  
United States Magistrate Judge

2