# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MAINE

| | | |
|---|---|---|
| **JOHN DOE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | Civil Action No. 2:23-cv-00423-JAW |
| | ) | |
| **SARA SMITH,** | ) | |
| | ) | |
| | ) | |
| **Defendant.** | ) | |

## PLAINTIFF'S OBJECTION TO
## MAGISTRATE JUDGE'S ORDER ON MOTION TO AMEND

Plaintiff John Doe ("Plaintiff") respectfully objects, pursuant to Fed. R. Civ. P. 72, to the Magistrate Judge's Order (ECF No. 81) denying Plaintiff's Motion to File First Amended Complaint (ECF No. 28). For the reasons set forth below, Plaintiff requests that the Court: (1) find that the Magistrate Judge's Order is "dispositive of a claim;" (2) recharacterize the Magistrate Judge's Order as a recommended decision and apply *de novo* review; (3) find that Plaintiff's proposed amendments are not futile; and (4) reject the Magistrate Judge's recommended decision and grant Plaintiff's motion to amend his Complaint.

## **BACKGROUND**

Plaintiff is a lottery winner who seeks to protect his identity and privacy. Defendant is the mother of Plaintiff's minor daughter. Plaintiff brought this action on November 14, 2023, alleging that Defendant breached a non-disclosure agreement ("NDA") between the parties by disclosing

1

"Protected Subject Matter" to unauthorized third parties. "Protected Subject Matter" is defined as:

> Information indicating that [Plaintiff] was the winner of the Maine lottery in January of 2023, the amount or existence of any assets of [Plaintiff], the amount of any assets being conveyed to the Daughter by [Plaintiff], the existence of children, family members, friends, and business associates, identity of the physical location or assets of [Plaintiff], or other information which [Defendant] reasonably knows not to disclose to protect [Plaintiff's] privacy.

The Court's original Scheduling Order established March 5, 2024, as the deadline to amend the pleadings. (*See* ECF No. 21). After filing Plaintiff's Complaint, counsel discovered facts revealing an additional breach of the NDA by Defendant. On February 2, 2024, well in advance of the deadline to amend the pleadings, Plaintiff moved for leave to file a First Amended Complaint in order to: (1) detail and clarify the relationship between the parties and the unique safety and security reasons behind the signing of the NDA; (2) document the telephone voicemail which formed the basis for Plaintiff's breach of NDA claim; and (3) introduce new facts and the additional allegation that Defendant breached the NDA by disclosing Protected Subject Matter to her family court attorney, without providing "reasonable advanced notice" to Plaintiff or his representatives. *See* ECF No. 28.

On May 21, 2024, the Magistrate Judge issued an Order on Motion to Amend denying Plaintiff's Motion to File First Amended Complaint, pursuant to Fed. R. Civ. P. 72(a). *See* ECF No. 81. The Magistrate Judge found that "the NDA is unenforceable to the extent it would interfere with [Defendant's] ability to consult with her attorney and make custody-related court filings." *See id.* at 2. The Magistrate Judge cited caselaw stating that a contract is unenforceable as contrary to public policy to the extent it hinders the court's understanding of a child's best interests. *See id.* at 2-3. The Magistrate Judge then concluded that Plaintiff's proposed amendments are futile. *See id.* For the reasons set forth herein, the Magistrate Judge's Order should be set aside.

## ARGUMENT

**I.	The Magistrate Judge's Order effectively disposed of Plaintiff's additional breach of NDA claim and should be reviewed by the Court under a *de novo* standard, pursuant to Fed. R. Civ. P. 72(b).**

Fed. R. Civ. P. 72 sets forth two standards of review for a district judge to review a magistrate judge's determination. For a non-dispositive motion, the magistrate judge issues an order which the district court reviews under a "clearly erroneous or contrary to law" standard. *See* Fed. R. Civ. P. 72(a). For a dispositive motion, the magistrate judge issues a recommended decision which the district court reviews *de novo*. *See* Fed. R. Civ. P. 72(b). While a motion to amend is not normally dispositive, several courts, including this one, have determined that *de novo* review is appropriate "when denying a motion to amend would end a claim or defense." *See Sargent v. NorDx*, 2022 WL 17738711, at *4 (D. Maine Dec. 16, 2022) (*de novo* review appropriate where magistrate's denial of motion to amend disposed of plaintiff's claims); *see also Emissive Energy Corp. v. NovaTac, Inc.,* 2010 WL 2991201, at *2 (D.R.I. July 28, 2010) (*de novo* review appropriate where magistrate's denial of motion to amend disposed of defendant's affirmative defenses and counterclaims).

In this case, the Magistrate Judge characterized Plaintiff's motion to amend as non-dispositive by issuing an order under Fed. R. Civ. P. 72(a). *See* ECF No. 81, at 4. However, the Magistrate Judge's decision effectively adjudicated the merits of and ended Plaintiff's claim that Defendant breached the NDA by disclosing Protected Subject Matter to her family court attorney. *See id.* at 2. Accordingly, Plaintiff requests that this Court recharacterize the Magistrate Judge's determination as a recommended decision on a dispositive motion and apply a *de novo* standard of review under Fed. R. Civ. P. 72(b).

**II.    Leave for Plaintiff to File his First Amended Complaint Should be Freely Granted as Plaintiff's Proposed Amendments are not Futile.**

A court is to grant leave to amend "freely" when "justice so requires," in the absence of "any apparent or declared reason" such as undue delay, bad faith, undue prejudice, or futility of amendment. *See* Fed. R. Civ. P. 15(a)(2); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962). Here, the Magistrate Judge based the decision to deny leave to amend solely on futility of amendment.[1] *See* ECF No. 81, at 3. For the reasons set forth below, Plaintiff's proposed amendments are not futile, and leave to amend should be granted.

**A. Standard of Review**

The appropriateness of denying leave to amend on futility grounds depends on the posture of the case. Where, as here, leave to amend is sought before discovery is complete and neither party has moved for summary judgment, the accuracy of the "futility" label is gauged by reference to the liberal criteria of Fed. R. Civ. P. 12(b)(6). *Hatch v. Department for Children, Youth & Their Families*, 274 F.3d 12, 19 (1st Cir. 2001). Amendment is not deemed futile if the proposed amended complaint "contains sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face and contains no other fatal defects." *Amyndas Pharms., S.A. V. Zealand Pharma A/S*, 48 F.4th 18, 40 (1st Cir. 2022) (citations omitted).

In this case, Plaintiff's proposed First Amended Complaint adds important context and facts in support of his claims (ECF No. 28, Exh. A at ¶¶ 6-18, 34-40) and introduces new facts to support the additional allegation that Defendant breached the NDA by disclosing Protected Subject Matter to her family court attorney without providing "reasonable advanced notice" to Plaintiff or

---

[1] Plaintiff's additional arguments in support of leave to amend are set forth in Plaintiff's Motion to File First Amended Complaint (ECF No. 28) and in Plaintiff's Reply to Defendant's Opposition to Motion to File First Amended Complaint Under Seal (ECF No. 52) and will not be repeated here.

4

his representatives (*id.* at ¶¶ 27-33). At issue here is whether the NDA's relevant "Permitted Disclosures" provision (ECF No. 1, Exh. A at ¶ 3) contains a fatal defect that would render Plaintiff's proposed amendments futile. Plaintiff submits that it does <u>not</u> and is valid and enforceable as written.

> **B. Because the "Permitted Disclosures" provision of the NDA did not in any way interfere with Defendant's ability to consult with her family court attorney or make court filings, it is enforceable, and Plaintiff's proposed amendments are not futile.**

Respectfully, the Magistrate Judge's decision to deny leave to amend on futility grounds was based on a clearly erroneous reading of the "Permitted Disclosures" provision of the NDA. That provision states:

> [Defendant] understands that she may disclose Confidential Information[2] to her attorneys as required for their professional services. Furthermore, if compelled to disclose Confidential Information pursuant to legal process, such as a Court subpoena, [Defendant] shall provide [Plaintiff] or his representatives with reasonable advanced notice before making any such disclosure. In no event will that date be less than forty-eight (48) hours prior to disclosure.

*See* ECF No. 1, Exh. A at ¶ 3; ECF No. 28, Exh. A at ¶¶ 14, 23. As written, the "Permitted Disclosures" provision is strictly a reasonable notice provision. It recognizes and allows for the fact that Defendant may be compelled to disclose Protected Subject Matter to her attorneys. It in no way prevents Defendant from consulting with her attorneys or from disclosing Protected Subject Matter to them "as required for their professional services." All it requires is that Defendant provide either Plaintiff or his representatives with reasonable advanced notice before disclosing Plaintiff's Protected Subject Matter, in order to protect Plaintiff's identity and safety.

As a practical matter, Defendant could have freely consulted with her family court attorney

---

[2] The NDA defines "Confidential Information" as "any information with regard to Protected Subject Matter." *See* ECF No. 1, Exh. A at ¶ 1(c).

5

and made her custody-related court filings while providing Plaintiff's attorney with reasonable advanced notice that she would be disclosing, as she did, the confidential identities of Plaintiff's security team and financial advisor and the confidential fact that Plaintiff won a significant amount of money in the lottery. *See* ECF No. 28, Exh. A at ¶¶ 8-11, 27. Defendant would <u>not</u> have had to seek Plaintiff's "permission" or communicate with Plaintiff at all.[3] The NDA notice requirement was not unreasonable under the circumstances, given: (1) the largely irrelevant nature of the "Protected Subject Matter" to the custody dispute; and (2) the fact that both parties had family law attorneys who were in ongoing communication with each other about the travel arrangements of the parties' daughter and a long-term parenting plan. *See* ECF No. 33, at ¶ 25.

Nonetheless, the Magistrate Judge found that:

> [T]he NDA is unenforceable to the extent it would interfere with [Defendant's] ability to consult with her attorney and make custody-related court filings. The parties' freedom to contract and [Plaintiff's] interests in enforcement of the NDA are clearly outweighed by [Defendant's] right to seek redress in court for child custody-related issues. The protected information at issue was seemingly relevant to the custody dispute. And it is easy to imagine the harm that might be wrought by requiring one parent to seek the other parent's permission – or even just provide the other parent advance notice – before talking to an attorney or making an emergency child custody filing.

ECF No. 81, at 2. The Magistrate Judge broadly and erroneously concluded that Defendant would have had to seek Plaintiff's permission or provide him with advanced notice before talking to an attorney or making an emergency child custody finding. *See id.* In fact, the NDA requires no such thing and in no way limited the Defendant's right to counsel or right to pursue the best interests of her child.

---

[3] The NDA makes clear that Plaintiff's permission is not required where disclosure of Protected Subject Matter is compelled or legally required. *See* ECF No. 1, Exh. A at ¶¶ 3, 7.

The "void as public policy" cases cited in the Magistrate Judge's decision are inapposite here. In *Court v. Kiesman*, for example, the Supreme Judicial Court of Maine held that a contract between parents was void as against public policy for bartering away one parent's obligation to make court-ordered child support payments. 850 A.2d 330, 333 (Me. 2004). That holding is inapplicable because the Defendant did not contract away her right to counsel or to seek redress for her child in court. To the contary, the NDA notice provision makes clear that "[Defendant] understands that she *may* disclose Confidential Information to her attorneys as required for their professional services." In *Riemann v. Toland*, the Supreme Judicial Court of Maine held that a premarital agreement provision waiving attorney's fees was unenforceable because it could discourage a parent from pursuing litigation in the child's best interests. 269 A.3d 229, 241 (Me. 2022). That holding is similarly inapplicable to the instant case because the NDA notice provision at issue here in no way hindered Defendant's ability to consult counsel and seek redress in court. The same is true for *In re Marriage of Joseph*, in which a California state court held that a marital settlement agreement provision waiving attorney's fees was unenforceable in a custody dispute. 217 Cal. App.3d 1277, 1285 (Ca. 1990). In *Lana C. v. Cameron P.,* the Supreme Court of Alaska voided as against public policy an order that *actively prevented* a mother from reporting relevant evidence in a domestic violence proceeding of her ex-husband's past child abuse against their daughter. 108 P.3d 896, 902 (Alaska 2005). That holding is distinguishable because the NDA notice provision did nothing to prevent Defendant from disclosing relevant information to her attorney or the court. The First Circuit decision in *EEOC v. Astra U.S.A., Inc.,* is similarly inapposite as it involved a settlement agreement provision that *actively prohibited* employees from aiding an EEOC investigation into charges of discrimination. 94 F.3d 738, 744 (1st Cir. 1996).

Enforcement of the NDA notice provision in this case would not result in the clear violation of public policy described in the caselaw cited by the Magistrate Judge.

Maine law is clear that, in determining whether a contractual provision violates public policy, courts must recognize that "contracts are not to be lightly set aside" and must "balance the freedom of the parties to contract against the detriment to society that would result from [its] enforcement." *Riemann*, 269 A.3d at 239 (citations omitted). Other states have emphasized that voiding a contract as against public policy is an extreme measure that should be exercised only in cases "free from doubt." *See Ankeny Hotel Assocs., LLC v. OSK X, LLC*, 663 F.Supp.3d 947, 957-58 (S.D. Iowa 2023) ("the power to invalidate a contract on public policy grounds must be used cautiously and exercised only in cases free from doubt"); *see also Kelley as Trustee for PCI Liquidating Trust v. Boosalis*, 974 F.3d 884 (8th Cir. 2020) (finding a contract void against public policy is an "extraordinary measure that should be only exercised in cases free from doubt"). Given the fact that the NDA notice provision in this case did not hinder or prevent Defendant from consulting with her attorney or making custody-related court filings, the written agreement between the parties should not be set aside. Plaintiff requests that this Court permit amendment under the liberal criteria of Fed. R. Civ. P. 12(b)(6).

## **CONCLUSION**

For all of the foregoing reasons, Plaintiff respectfully requests that this Court engage in *de novo* review[4] of the Magistrate Judge's Order and grant Plaintiff leave to file his First Amended Complaint.

Respectfully submitted this 4th day of June, 2024

---

[4] In the alternative, if the Court determines that Plaintiff's motion to amend is non-dispositive under Fed. R. Civ. P. 72(a), Plaintiff respectfully requests that this Court find that the Magistrate Judge's Order was clearly erroneous for the reasons set forth above, and grant Plaintiff leave to file his First Amended Complaint.

By: */s/* Louise M. Aponte
Gregory Brown (ME Bar No. 9023)
Louise M. Aponte (ME Bar No. 9285)
LOWE YEAGER & BROWN PLLC
920 Volunteer Landing, Suite 200
Knoxville, Tennessee 37915
Phone: (865) 521-6527
Fax: (865) 637-0540
gb@lyblaw.net
lma@lyblaw.net

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing Plaintiff's Objection to Magistrate Judge's Order on Motion to Amend was filed with the Clerk of the District Court using the CM/ECF system on this 4th day of June, 2024. Notification of this filing was sent to all parties registered with the Court's electronic filing system.

/s/ Louise M. Aponte