UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| JOHN DOE, | ) |
| | ) |
|       Plaintiff | ) |
| | ) |
| v. | )   No. 2:23-cv-00423-JAW |
| | ) |
| SARA SMITH, | ) |
| | ) |
|       Defendant | ) |

**ORDER**[1]

John Doe brought this case against Sara Smith in November 2023 alleging that she violated the terms of their nondisclosure agreement (NDA) by informing third parties about his billion-dollar lottery winnings. *See* ECF No. 1. Doe did not demand a jury trial in his complaint, *see id.*, and Smith did not demand a jury trial when she filed her answer in December 2023, *see* ECF No. 20. A flurry of motions followed Smith's answer, including cross-motions for sanctions and a motion by Doe to amend his complaint. *See* ECF Nos. 28, 31, 75. I entered orders denying the motions for sanctions and Doe's motion to amend on May 21, 2024. *See* ECF Nos. 81-82. The following day, Smith filed a motion under Fed. R. Civ. P. 39(b) seeking permission to

---

[1] Doe recently filed a notice of interlocutory appeal of the Court's order (ECF No. 73) on Intervenor Maine Trust for Local News L3C's motion to unseal certain filings. *See* ECF No. 88. "The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *DeCambre v. Brookline Hous. Auth.*, 826 F.3d 1, 7 (1st Cir. 2016) (cleaned up). Because Smith's Rule 39(b) motion is unrelated to the issues addressed in the order subject to appeal, I still have jurisdiction to enter this order. *See* 16A Catherine T. Struve, *Federal Practice and Procedure* § 3949.1, Westlaw (database updated June 2024) ("An interlocutory appeal ordinarily suspends the power of the district court to modify the order subject to appeal, but does not oust district-court jurisdiction to continue with proceedings that do not threaten either the appeal's orderly disposition or its raison d'etre.").

demand a jury trial belatedly. *See* Motion (ECF No. 83). Doe opposes the motion. *See* Opposition (ECF No. 84).

Fed. R. Civ. P. 38(b) provides that "a party may demand a jury trial by . . . serving the other parties with a written demand . . . no later than 14 days after the last pleading directed to the issue is served." A party who fails to demand a jury trial within Rule 38(b)'s timeframe waives its right to a jury trial. *See* Fed. R. Civ. P. 38(d). But Rule 39(b) provides district courts "very broad" discretion to excuse, on motion, "a party's waiver of a jury trial." *T G Plastics Trading Co. v. Toray Plastics (Am.), Inc.*, 775 F.3d 31, 36 (1st Cir. 2014).

Evaluating a Rule 39(b) motion is "a highly fact-specific endeavor" that requires consideration of factors such as "(1) whether the case involves issues which are best tried to a jury; (2) whether granting the motion would result in a disruption of the court's schedule or that of the adverse party; (3) the degree of prejudice to the adverse party; (4) the length of the delay in having requested a jury trial; and (5) the reason for the movant's tardiness in requesting a jury trial." *Id.* (cleaned up).

I will address each of these factors in turn.

1. **Issues Best Tried to a Jury**. Although there may be issues regarding the interpretation and enforceability of the NDA, it seems to me that the crux of this case will be whether and to what extent Smith disclosed protected information to third parties. These factual disputes are well-suited to resolution by a jury. *Cf. United States v. Hemmer*, 729 F.2d 10, 17 (1st Cir. 1984) (noting that a jury is "the appropriate arbiter of the truth"—

that is, "the body best suited for sifting falsehoods from facts."). And if Doe is concerned that Smith might attempt to present "highly prejudicial and irrelevant evidence" at trial, Opposition at 3, he may move to exclude such evidence. I therefore find that this factor weighs in favor of granting Smith's motion.

2. **Scheduling Disruptions**. This case is still in its early phases and the scheduling order has not yet been updated in the wake of my rulings on the cross-motions for sanctions and the motion to amend. Accordingly, adding a jury demand at this point would not disrupt the schedule of the Court or the parties, and this factor weighs in favor of granting Smith's motion.

3. **Prejudice**. Doe insists that he will be severely prejudiced by the publicity of a jury trial and the additional time and expense such a trial would entail. I find these points unavailing. A bench trial would not be closed to the public, so I fail to see how a jury trial would result in more publicity. And highlighting the additional time and expense of a jury trial is not enough to show prejudice in the Rule 39(b) context. *See, e.g.*, *McKnuckles v. Centerstone of Am.*, No. 3:16-cv-02916, 2018 WL 6696992, at *3 (M.D. Tenn. Dec. 20, 2018) ("Although it is likely true . . . that a jury trial would be costlier and more time-consuming than a bench trial, that alone is not sufficient prejudice to defeat [a Rule 39(b)] motion. If it were, no Rule 39(b) motion would succeed." (cleaned up)). In the absence of meaningful

prejudice to Doe, I find this factor weighs in favor of granting Smith's motion.

4. **Delay**. Smith's delay of almost five months in demanding a jury trial is significant and weighs against granting her motion.

5. **Reason for Tardiness**. I am somewhat dubious of Smith's assertion that she did not even "contemplate a possible jury trial" until I referenced disputed facts when denying the parties' cross-motions for sanctions. Reply (ECF No. 87) at 4. Nevertheless, as I mentioned in my order on the motions for sanctions, the evidence that Smith submitted in support of sanctions does raise significant questions about the viability of Doe's claims. *See* ECF No. 82. In such circumstances, it was not unreasonable of Doe to hope that evidence would end the litigation one way or another or to reconsider her litigation strategy when that did not happen. *Cf. Good v. BioLife Plasma Servs., L.P.*, No. 18-CV-11260, 2021 WL 10256422, at *2 (E.D. Mich. Feb. 9, 2021) ("Whatever Plaintiff's reason for her untimely request [for a jury trial], Defendants identify no binding authority for the notion that a motion under Rule 39(b) must be denied because it was strategically motivated."). Accordingly, this factor weighs in favor of granting Smith's application.

Because the balance of the foregoing factors comes out in Smith's favor, her motion is **GRANTED**. The Clerk's Office is requested to update the docket to reflect

that a jury trial has been demanded and to schedule a conference of counsel to discuss the pretrial deadlines going forward.

## *NOTICE*

*In accordance with Federal Rule of Civil Procedure 72(a), a party may serve and file an objection to this order within fourteen (14) days after being served with a copy thereof.*

*Failure to file a timely objection shall constitute a waiver of the right to review by the District Court and to any further appeal of this order.*

Dated: June 7, 2024

/s/ Karen Frink Wolf  
United States Magistrate Judge
