UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| John Doe,<br><br>Plaintiff,<br>v.<br><br>Sara Smith,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil No. 2:23-cv-00423-JAW |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S OBJECTION TO MAGISTRATE'S ORDER ON MOTION TO AMEND**

Plaintiff John Doe has filed an objection (ECF 85) (Objection) to the Magistrate Judge's Order denying Plaintiff's motion to amend because the proposed amendment was based on a reading of the NDA that renders it unenforceable as against public policy and as such, futile. ECF 81 (Order). Defendant submits this response to that objection.

In brief, the Magistrate's Order should be upheld for several reasons: First, Plaintiff's tortured reading of the NDA (ECF 1-1) renders it void as against public policy because it would require the Defendant to seek permission from, and to provide advance notice to, Plaintiff before having obtained legal advice to seek an emergency order (which was granted) requiring the return of her daughter, who the Plaintiff had kidnapped. Second, Plaintiff's misreading of the NDA ignores that attorneys are already "Permitted Recipients" under the NDA who may receive protected information without Plaintiff's prior permission or notice. If the NDA is properly read, there is no breach. Third, the proposed amendment is not based on any "new facts" as claimed. Plaintiff's own filings show he knew that Defendant provided alleged "protected information" to her family law attorney in March of 2023, over eight months before filing his original complaint and eleven months before filing his proposed amended complaint. Finally, Plaintiff incorrectly

argues a *de novo* standard of review applies to the Court's review of the Magistrate Judge's non-dispositive order denying Plaintiff's motion to amend. By any standard, the Magistrate Judge's Order should be upheld.

**Background**

The Plaintiff's proposed amended complaint is based on allegations that Defendant breached the NDA by disclosing to her family law attorney certain "Protected Subject Matter" in order to seek an emergency court order in family court without first obtaining his permission to do so. ECF 28-1, ¶¶ 27-33 (Am. Compl.); and Exhibit A thereto. The purported breach is that Defendant was required to first seek his permission to disclose information to her attorney and to provide him with advance notice before doing so. *Id*. ¶¶ 27, 32, 33 (Am. Compl.)

Although the proposed amended complaint unequivocally states that Defendant was *required* to first obtain Plaintiff's *permission*, and to provide advance notice to Plaintiff prior to such disclosure, Plaintiff's Objection reverses course entirely in an effort to walk away from the language of his proposed amended complaint. Plaintiff now claims all that is required was "reasonable advance notice." ECF 85 at 6 (Objection) ("Defendant would <u>not</u> have had to seek Plaintiff's 'permission' or communicate with Plaintiff at all.") (underline in original). Plaintiff's proposed amended complaint, however, says the opposite. ECF 28-1, ¶ 27 (Am. Compl.) ("mere weeks after entering into the NDA, Defendant directly or indirectly disclosed Protected Subject Matter, *without John Doe's permission*, to her family court attorney . . . and to the public. . . .") (italics added); *Id*. ¶ 32 ("Defendant *did not obtain John Doe's permission* to disclose Protected Subject Matter to Attorney … and the public, as required by paragraph 7 of the NDA.") (italics added). It is Plaintiff's strained language requiring advance permission or advance notice before taking legal efforts to have Defendant's kidnapped child returned that causes the NDA to violate

public policy and renders the proposed amendment futile. To the extent permission or notice is not required, there is no breach of the NDA.

For background, shortly after she signed the NDA, Defendant was informed that Plaintiff's "security team" believed that their child was in danger of kidnapping, and as a result, Plaintiff was going to take their daughter away for four to six weeks. ECF 31-2, ¶¶ 13, 14 Defendant's Declaration (Def. Decl.); ECF 77-2, ¶ 15 (Defendant's Supplemental Declaration (Def. Supp. Decl.)). Defendant was assured she could speak to her daughter at any time, and that their daughter would wear a GPS watch so Defendant could know of her daughter's whereabouts at all times. ECF 31-2, ¶ 14 (Def. Decl.); ECF 77-2, ¶ 15 (Def. Supp. Decl.). The watch, however, was turned off and mailed back to the Defendant. ECF 31-2, ¶¶ 21, 22 (Def. Decl.); ECF 77-2, ¶ 17 (Def. Supp. Decl.). Defendant also learned that her daughter's school had been informed, unbeknownst to her, that the school had received a letter from Plaintiff's attorney stating that her daughter would not be returning to school the remainder of the year. ECF 31-2, ¶ 23 (Def. Decl.); ECF 77-2, ¶ 20. Defendant unsurprisingly became distressed and concerned and became fearful that Plaintiff had kidnapped their child as a result of these actions and the lack of information being provided by Plaintiff about their daughter's whereabouts. ECF 31-2, ¶¶ 23, 24 (Def. Decl.). As a result, Defendant's family law attorney attempted to negotiate arrangements for the return of the child. *Id.* ¶ 25. Plaintiff offered money in exchange for primary custody of their child, an arrangement to which Defendant would not agree. *Id.* As a result, an emergency motion was filed in state court, which resulted in an order for return of the child. The child was returned home to her mom in mid-March. *Id.* ¶¶ 26-27. The family law matter is ongoing, with open and ongoing issues relating to custody and child support. *Id.* ¶ 28.

It is against this backdrop that Plaintiff argues that the Defendant was required to first seek his permission before providing "protected information" to her attorney, or as he now argues, only needed to provide advance notice, and that her failing to do so breached the NDA. Plaintiff is wrong on all fronts and his proposed amendments are futile as the Magistrate Judge correctly found.

**Argument**

Plaintiff's running from the proposed amended complaint's language does not save his amendment. Either way, requiring Defendant to first seek "permission" or to provide advance "notice" renders the NDA void as against public policy. The Magistrate Judge's Order correctly ruled consistent with caselaw from Maine and elsewhere that the NDA was unenforceable. "I have no trouble concluding that the NDA is unenforceable to the extent it would interfere with Smith's ability to consult with her attorney and make custody-related court filings." ECF 71, at 2-3 (Order) (and citations therein). Plaintiff's effort to distinguish the ample authority relied upon by the Magistrate is misplaced as it presupposes Plaintiff's stilted and misleading reading of the NDA.

Defendant argues that the Magistrate Judge missed the point in ruling that the Plaintiff only needed to seek permission, rather than simply provide advance notice, in finding that the NDA clause was against public policy. Given the fact that Plaintiff's proposed amended complaint plainly states that *permission* is required, not just advance notice, such an understanding would be justified – if that was in fact the only basis for the Magistrate Judge's ruling. To the contrary, the Magistrate Judge expressly, and correctly, ruled, however, that requiring either "permission" or advance "notice" rendered the NDA language void as against public policy: "And it is easy to imagine the harm that might be wrought by requiring one parent to seek the other parent's

permission – *or even just provide the other parent advance notice* - before talking to an attorney or making an emergency child custody filing.” Order at 2, ECF 81. (italics added).

Moreover, a plain, common sense reading of the NDA requires neither permission from nor notice to Plaintiff before providing protected information to Defendant’s counsel. Plaintiff neglects to point out to the Court that the NDA already includes Defendant’s attorneys in the definition of “Authorized Recipients” of confidential information.

> 1. Definitions
>
> (a) “Authorized Recipient” means Mother, Daughter, Mother’s significant other, *parties’ attorneys*, financial advisors, accountants, advisers or others who necessarily need to know or to be authorized by their principals to discuss the Protected Subject Matter. . . . (italics added).

ECF 1-1, ¶ 1(a). Because her attorney is an “Authorized Recipient” under the NDA, Defendant is permitted to provide her attorney with protected information without Plaintiff’s permission or advance notice under section 1(a). To reinforce that attorneys may receive such information, it is reiterated in Section 3 “Permitted Disclosures,” the first sentence which states: “Mother understands that she may disclose Confidential Information to her attorneys as required for their professional services.” Again, no advance notice or permission is required before such information can be provided to Defendant’s attorneys. This is fully consistent with the definition of “Authorized Recipients” which includes attorneys and a number of other authorized persons. It would be entirely illogical to overlay a permission or notice requirement only for attorneys, when Defendant can provide the same information to her significant other, financial advisor, accountants, advisers or others all without having to first obtain Plaintiff’s permission.

Where Plaintiff runs afoul of public policy is by conflating the remaining portion of Section 3 which is applicable to "compelled" disclosures "pursuant to legal process, such as a Court subpoena," in which case Plaintiff is to provide reasonable advance notice to Plaintiff.

> Furthermore, if *compelled* to disclose Confidential Information *pursuant to legal process, such as a Court subpoena* [Defendant] shall provide [Plaintiff] or his representatives with reasonable advance notice before making such disclosure. In no event will that date be less than forty-eight (48) hours prior to disclosure.

ECF 1-1, ¶ 3 (emphasis added). This sort of standard language is in place, Defendant submits, to cover the situation where the Defendant would be "compelled" to disclose information just as it says – "pursuant to legal process, such as a Court subpoena" so as to give the Plaintiff the ability to intervene to file a motion to quash or some other procedural mechanism – before the information compelled to be disclosed is actually produced to a third party.

To tack on a permission or notice requirement before providing such information to a parties' attorney would result in a twisted and entirely illogical reading of Section 3. Given the broad definition of "Authorized Recipients", it makes no sense to single out attorneys for special pre-authorization permission or notice restrictions when any number of relatives, accountants, financial advisors, and other advisors are entitled to receive the same information without restriction. In the end, it is in Plaintiff's own artificial and forced reading of the NDA that causes the NDA to run afoul of public policy.

Leave to amend under Rule 15 need not be provided where, as here, the underpinnings of the amended complaint are based on futility and delay. *Foman v. Davis*, 371 U.S. 178, 182 (1962). As this Court has stated, "the liberal amendment policy prescribed by Rule 15(a) does not mean that leave will be granted in all cases. . . . The Court may deny a request to amend the complaint if the request is characterized by 'undue delay, bad faith, futility [or] the absence of due diligence on the movant's part.'" *Van Eck v. American Security Ins. Co.*, 2023 WL 2991190 at *2, 2:22-cv-

00207-JAW (D. Me., April 18, 2023) (citations omitted); *Liberty Leather Corp. v. Callum*, 653 F.2d 694, 700 (1st Cir. 1981) ("We see no abuse of discretion in the court's refusal to grant leave to amend the complaint to add a claim without legal merit"). As the Magistrate Judge correctly found, there is no unfettered right to amend. Order at 3 (citing *Aponte-Torres v. Univ. of P.R.*, 445 F.3d 50, 58 (1st Cir. 2006) (even under Fed. R. C.v. P. 15(a)'s liberal standard, courts may deny proffered amendments when they "would be an exercise in futility").

Here, because the Magistrate Judge's order denying a motion to amend is non-dispositive, it is subject to a deferential standard of review: clear error. On its face, the Magistrate Judge's Order provides it was made pursuant to Rule 72(a). Order, ECF 81 at 4; Fed. R. Civ. P. 72(a). Plaintiff argues, however, that the Order was dispositive in that it disposed of an entire claim. ECF 85 at 3. It did not. Plaintiff cites this Court's ruling *in Sargent v. NorDx*, 2022 WL 17738711 at *4 (2:20-cv-00467-JAW, D. Me. Dec. 16, 2022), in support of his argument. Plaintiff's argument and reliance on *Sargent* are misplaced.

First, Plaintiff admits that this single count breach of contract case is "a straightforward breach of contract action." ECF 75, at 1. And the Magistrate's Order does not dispose of Plaintiff's breach of contract count. It does, however, reject Plaintiff's argument, based on Plaintiff's claimed "new facts and the additional allegation that Defendant breached the NDA by disclosing Protected Subject Matter to her family court attorney, without providing 'reasonable advance notice' to Plaintiff or his representatives." ECF 85 at 2.

In his initial motion to amend amended complaint, Plaintiff sought leave not to add a new claim or cause action, but instead "to add important context and facts in support of Plaintiff's claims for injunctive relief and damages." ECF 28 at 1. These "new facts," however, were known to Plaintiff back in March of 2023, well before the initial complaint was filed in November 2023,

and even longer before the motion to amend was filed in February 2024. The "new" factual context as set out in the narrative from the proposed amended complaint and its exhibits make plain that Plaintiff was fully aware of the fact that Defendant had provided allegedly protected information to her attorney and sought an emergency order for return of the child in March of 2023. ECF 28-1 and attached Affidavit of Defendant (dated March 1, 2023). Plaintiff's delay is yet an additional reason to deny his motion to amend, as the First Circuit has "explicitly condemned a 'wait and see' approach to pleading, whereby plaintiffs 'having the needed information, deliberately wait in the wings.'" *Kader v. Sarepta Therapeutics, Inc.*, 887 F.3d 48, 61 (1st Cir. 2018) (citations omitted); *In re Lombardo*, 755 F.3d 1, 3 (1st Cir. 2014) ("[I]n assessing whether delay is undue, a court will take account of what the movant knew or should have known and what he did or should have done.").

As this Court noted in *Sergent*, "The moving party's diligence is the 'dominant criterion' in this analysis. . . The ability to offer new evidence, thereby justifying the prior decision not to include the disputed claims, is a key component of diligence." Id. at *5 (citing *Miceli v. Jetblue Airways Corp.*, 914 F 3d 73, 86 (1st Cir. 2019) ("a court should not be expected to look kindly upon a plaintiff who seeks belatedly to amend her complaint based on information that [she] had or should have had from the outset of the case").

Delay aside, the Magistrate Judge's ruling that the additional facts alleged would make that portion of the NDA void as against public policy, did not dispose of Plaintiff's breach of contract claim for which he still seeks injunctive relief and damages. *Sergent*, 2022 WL 1773871, at *4 ("What emerges is a general rule that motions to amend are not dispositive except when denying a motion to amend would "end[] a claim or defense." (quoting *Emissive Energy Corp., v. Novatac*, 2010 WL 2991201, at *2 (D.R.I. July 28, 2010)). As Plaintiff admits, he sought to amend only to

add additional "context and facts" to a preexisting claim. ECF 28 at 1. In *Sergent*, by contract, the denial of the plaintiff's proposed motion to amend resulted in the elimination of an entirely new cause of action based on the violation of the FMLA:

> Here, the Magistrate Judge's decision, if upheld, would effectively "end" [the Plaintiff's] FMLA claims. . . . Because the Magistrate Judge's decision would extinguish her FMLA claims, the Court reviews it as a recommended decision and applies a de novo standard of review.

*Sargent*, 2022 WL 17738711 at *5.

Accordingly, the Court should apply the deferential standard for non-dispositive motions. The Magistrate Judge's Order on Plaintiff's motion to amend was appropriately issued under Rule 72 and this Court should not modify or set aside any part of it unless it finds the order to be "clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a). Even if it were to review this matter de novo, Plaintiff's proposed amended remains futile and the Court should accept the Magistrate Judge's ruling.

In sum, Plaintiff's motion to amend fails because the plain language of the NDA permits disclosure of protected information to Defendant's attorneys because they are "Permitted Recipients" under the NDA for which Plaintiff's advance notice of permission is not required. This alone causes the proposed amendment to fail because there has been no additional breach of the NDA. Plaintiff's effort to overlay a permission or advance notice requirement that applies only to Defendant's attorneys is a misplaced and forced reading of the NDA which runs the amendment right into the public policy prohibitions correctly identified by the Magistrate Judge. Either way, the Plaintiff's amendments are futile, and the Magistrate Judge did not breach her discretion in denying them as futile.

**Conclusion**

Defendant requests that the Court overrule Plaintiff's objection to the Magistrate Judge's Order denying leave to amend the complaint.

Dated: June 14, 2024

Respectfully submitted,

/s/Daniel A. Nuzzi
Daniel A. Nuzzi
Peter J. Brann
Hannah L. Wurgaft
Brann & Isaacson
113 Lisbon St., P.O. Box 3070
Lewiston, ME 04243-3070
(207) 786-3566
dnuzzi@brannlaw.com
pbrann@brannlaw.com
hwurgaft@brannlaw.com

*Attorneys for Defendant*