UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| JOHN DOE, | ) |
|       Plaintiff, | ) |
| v. | ) No. 2:23-cv-00423-JAW |
| SARA SMITH, | ) |
|       Defendant, | ) |
| MAINE TRUST FOR LOCAL NEWS, L3C, | ) |
|       Intervenor. | ) |

**ORDER ON MOTION TO FILE REPLY**

In this order, the Court addresses Local Rule 72.1, which requires that an objector to a magistrate judge ruling obtain prior permission from the district court to reply to a response to an objection. In this case, the objector failed to obtain prior permission and seeks late permission to file a reply. Despite the objector's failure to comply with the local rule, in the unusual circumstances of this case, the Court allows the reply pursuant to another local rule that allows relaxing the requirement, when there are exceptional circumstances and justice requires relaxation, because the response to the objection raised slightly different arguments than previously presented, and because the fundamental right to be heard councils that it is wiser to reach the merits of all raised arguments than to impose a procedural default against some.

I.  BACKGROUND

On November 14, 2023, John Doe, a pseudonym for the father of a minor daughter, filed a lawsuit in this Court against Sara Smith, a pseudonym for the mother of the same minor daughter, seeking an injunction and other relief against Ms. Smith for disclosure of information subject to a Non-Disclosure Agreement (NDA) between them.  *Compl.* (ECF No. 1).  Specifically, Mr. Doe, the winner of a billion-dollar lottery prize, claimed that Ms. Smith violated the NDA by informing third parties about his winnings.  *Id.*  On February 2, 2024, Mr. Doe filed a motion to amend his complaint in which he "(1) details and clarifies the relationship between the parties and the unique safety and security reasons behind the signing of their [NDA]; (2) documents the telephone voicemail from Plaintiff's father to Defendant which forms the basis for Plaintiff's claim the Defendant breached the terms of the NDA in her communications with Plaintiff's father and stepmother; and (3) introduces new facts to support additional allegation that Defendant breached the terms of the NDA by directly or indirectly disclosing Protected Subject Matter to her family court attorney and the public, without Plaintiff's permission."  *Pl.'s Mot. to File First Am. Compl. Under Seal* (ECF No. 28).  On February 23, 2024, Ms. Smith opposed the motion to amend complaint on the grounds, among others, that the amendment was "futile, brought in bad faith, and based on undue delay" and that at least one of the allegations in the amended complaint is "false."  *Def.'s Opp'n to Mot. to File First Am. Compl. Under Seal* (ECF No. 48).  Mr. Doe filed a reply on March 4, 2024, rejecting

Ms. Smith's contentions. *Pl.'s Reply to Def.'s Opp'n to Mot. to Filel First Am. Compl. Under Seal* (ECF No. 52) (*Pl.'s First Reply*).

On May 21, 2024, the Magistrate Judge issued an order on the motion to amend. *Order on Mot. to Am.* (ECF No. 81) (*MJ Order*). In her order, the Magistrate Judge focused on whether Mr. Doe's proposed amendment was "unenforceable as against public policy." *Id.* at 1-3. Citing Maine and other caselaw, the Magistrate Judge had "no trouble concluding that the NDA is unenforceable to the extent it would interfere with Smith's ability to consult with her attorney and make custody-related court filings." *Id.* at 2-3. She denied the motion to amend. *Id.* at 3.

On June 4, 2024, Mr. Doe objected to the Magistrate Judge's order. *Pl.'s Obj. to Magistrate Judge's Order on Mot. to Am.* (ECF No. 85) (*Pl.'s Obj.*). On June 14, 2024, Ms. Smith filed her response to Mr. Doe's objection. *Def.'s Resp. to Pl.'s Obj. to Magistrate's Order on Mot. to Am.* (ECF No. 96) (*Def.'s Opp'n*). On June 27, 2024, Mr. Smith filed his reply to Ms. Smith's response to his objection. *Pl.'s Reply in Support of Obj. to Magistrate's Order on Mot. to Am.* (ECF No. 112) (*Pl.'s Proposed Reply*).

On June 27, 2024, this Court struck Mr. Doe's reply for failure to comply with District of Maine Local Rule 72.1(a). *Order* (ECF No. 113). The same day, Mr. Doe filed a motion for permission to file the reply memorandum. *Pl.'s Mot. to File Reply Mem. to Def.'s Resp. to Pl.'s Obj. to Magistrate's Order on Mot. to Am.* (ECF No. 114). On June 27, 2024, Ms. Smith filed her response. *Def.'s Obj. to Pl.'s Mot. to File Reply* (ECF No. 115). Mr. Doe elected not to file a reply.

## II.   LOCAL RULES 72.1(a) and 1

Regarding objections to Magistrate Judge orders, District of Maine Local Rule 72.1(a) provides: "Except by prior order of the court, no reply memorandum shall be filed."  D. ME. LOC. R. 72.1.  As Mr. Doe did not move for or obtain a "prior order of the court," his belated request to do so runs against the rule.  The District of Maine's local rules also contain a general provision in Rule 1(a): "The Court may relax these rules in exceptional circumstances when justice so requires."  D. ME. LOC. R. 1(a).

## III.   DISCUSSION

Mr. Doe's reply does not address why he did not seek permission to file the reply before he filed it.  Rule 72.1 clearly provides that a party may file a reply only by "prior" order of the court, and Mr. Doe's filing violated the local rule.

In light of the unexplained rule violation, the question becomes whether the Court should allow the reply because there are "exceptional circumstances" and "justice so requires."  D. ME. LOC. R. 1(a).  To answer this question, the Court addresses why Rule 72.1 contains its prior permission provision for filing replies.

Before a matter like Mr. Doe's motion comes before a district judge, it has already gone through the standard motion, response, and reply filings before the magistrate judge.  The magistrate judge issues her order with the benefit of a full briefing and explains her reasons.  To object to the magistrate judge order, the disappointed party must not only specify which portions of the magistrate judge's order he disagrees with, but he must have already made these arguments to the magistrate judge.  *Borden v. Sec'y of Health and Human Servs.*, 836 F.2d 4, 6 (1st Cir.

1987) ("Parties must take before the magistrate, not only their best shot but all of their shots" (quoting *Singh v. Superintending Sch. Comm.*, 593 F. Supp. 1315, 1318 (D. Me. 1984)). As the objector must be specific and as the issues have already been fully briefed, the parties are fully aware of the arguments, and ordinarily there should be no need to file a reply. A reply typically only delays the disposition of the matter before the district judge.

With this background in mind, the Court examines Mr. Doe's explanation for why a reply is necessary. First, Mr. Doe says that Ms. Smith's response "misconstrues the plain language of the NDA [Non-Disclosure Agreement]" at issue. *Def.'s Mot.* at 1. Specifically, Mr. Doe seeks to correct Ms. Smith's contention that her attorney was a permitted recipient of protected information under the NDA. *Id.* Next, Mr. Doe seeks to correct Ms. Smith's kidnapping account by adding facts that demonstrate there was no kidnapping, and that her attorneys had been engaged in discussions, which allowed Ms. Smith to give "reasonable advance notice" of her intention to disclose "largely irrelevant Protected Subject matter" to her attorney. *Id.*

The filings before the Magistrate Judge—the motion to amend, response, and reply—address in general terms the same issues that Mr. Doe now wishes to argue in his reply. The parties discussed the proper interpretation of the NDA, *Pl.'s First Reply* at 2 ("Defendant is incorrect and misconstrues the terms of the NDA"), the kidnapping allegations (arguing that the Defendant "misconstrues the facts surrounding the alleged kidnapping"), *id.* at 4, and the fact the attorneys were

discussing "the Daughter's time with the Plaintiff and her return to the Defendant." *Id.* at 5.

The Magistrate Judge issued an order denying the Plaintiff's motion to amend on May 21, 2024. *MJ Order* at 1-3. The Magistrate Judge focused on Mr. Doe's contention that Ms. Smith was prohibited under the NDA from "consult[ing] with her attorney and mak[ing] custody related filings." *Id.* at 2. The Magistrate Judge denied the motion to amend because its new allegations were futile as against public policy. *Id.* at 2-3.

In his objection to the Magistrate Judge's order, Mr. Doe stressed that in his view the Magistrate Judge misinterpreted the "'Permitted Disclosures provision of the NDA." *Pl.'s Obj.* at 5. Mr. Doe discounted the Magistrate Judge's policy concerns, arguing that the Permitted Disclosure provision did not prohibit Ms. Smith from consulting with her attorneys, only from doing so without prior notice to Mr. Doe that she was going to reveal protected information to her lawyer in order to give him a chance to protect his privacy and safety. *Id.* Thus construed, Mr. Doe urged the Court to reject the Magistrate Judge's public policy concerns. *Id.* at 5-8.

In her opposition, Ms. Smith first compared Mr. Doe's arguments with the allegations in his proposed amended complaint and contended that he was attempting to walk away from his own allegations. *Def.'s Opp'n* at 2-3. Ms. Smith's opposition then focused on the proper interpretation of the NDA and observed that attorneys are included in the definition of "Authorized Recipients," thereby undercutting Mr. Doe's argument that Ms. Smith could not tell her lawyer any of the

6

protected information without prior disclosure. *Id.* at 4-5. Furthermore, Ms. Smith observed that among permitted disclosures is communication with attorneys for their professional services. *Id.* at 5. Finally, Ms. Smith pointed out the language of the prior notice provision and suggested that it was restricted to responding to legal process. *Id.* at 6. Mr. Doe's proposed reply did not respond to Ms. Smith's remaining arguments, *see id.* at 6-10, and the Court does not recite them.

In his proposed reply, Mr. Doe responded to Ms. Smith's contention that attorneys were authorized recipients under the NDA. *Pl.'s Proposed Reply* at 1-2. Mr. Doe then disputed Ms. Smith's position that his argument contradicts the allegations in the amended complaint. *Id.* at 3. Lastly, Mr. Doe rejected Ms. Smith's allegations about kidnapping. *Id.* at 3-4.

The Court considers the question a close one because Mr. Doe has not addressed why he did not comply with Rule 72.1 in the first place. However, had he complied and asked for prior permission to file a reply, the Court likely would have been presented with the same objection that Ms. Smith raised to this motion, so Mr. Doe's noncompliance merely delayed this motion on the margins. Additionally, Mr. Doe's reply generally addresses the same issues that have been thoroughly briefed before the Magistrate Judge and before the district court, and therefore his reply is not foreclosed by the failure to raise these issues before the Magistrate Judge. This falls in line with what *Borden* requires. 836 F.2d at 6.

At the same time, the Court agrees with Mr. Doe that Ms. Smith raised slightly different arguments in her response than had been raised before. Therefore, Mr. Doe

was not fully aware of the arguments at the time of his objection.  As a result, the usual circumstances that make it so there is no need to file a reply do not apply here.  This makes the current circumstances fall outside the norm.  For that reason, if the Court did not allow Mr. Doe to reply, it would possibly undermine fundamental fairness and the core principle of being able to be heard and respond to the other side's arguments.  In other words, the interest of justice also counsels allowing Mr. Doe to respond.  Moreover, as the Court in general holds the view that it is wiser to reach the merits of all arguments than to impose a procedural default against some, the Court will grant the motion to file reply.

Even so, the Court warns counsel that it expects full compliance with its local rules in the future, as they help ensure judicial efficiency and fairness to all parties.

The Court will separately address the merits of Mr. Doe's objection in the ordinary course.

### IV.   CONCLUSION

The Court VACATES its Order dated June 27, 2024 striking the Plaintiff's Reply (ECF No. 113) and GRANTS the Plaintiff's Motion to File Reply Memorandum to Defendant's Response to Plaintiff's Objection to Magistrate's Order on Motion to Amend (ECF No. 114).

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 12th day of July, 2024

8