IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

| | | |
|---|---|---|
| **JOHN DOE,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. _____ |
| | ) | |
| **SARA SMITH** , | ) | FILED UNDER SEAL |
| | ) | |
| | ) | |
| **Defendant.** | ) | |

**MOTION FOR LEAVE TO PROCEED UNDER PSEUDONYM
AND FOR PROTECTIVE ORDER, AND MEMORANDUM IN SUPPORT**

Plaintiff ▉▉▉▉▉▉▉▉ respectfully moves this Court, pursuant to Fed. R. Civ. P. 5.2, Fed. R. Civ. P. 10, and Fed. R. Civ. P. 26, for permission to proceed under the pseudonym "John Doe," to name the Defendant ▉▉▉▉▉▉▉ in all publicly-available documents as "Sara Smith," and for a Protective Order, redacting the parties' names and address from all documents filed with the Court. In support of this Motion, Plaintiff submits the attached Declaration of Gregory Brown **(Exhibit A)**, and states as follows:

Although Fed. R. Civ. P. 10(a) requires a complaint to name all of the parties, the First Circuit, including this Court, has applied a multi-factor test articulated by the Third Circuit to permit parties in certain cases to proceed under a pseudonym. *Bryan C. v. Lambrew*, 2021 WL 242422, at *1 (D. Me. Jan. 25, 2021) (leave for minor plaintiffs to proceed by pseudonyms granted where desire to maintain anonymity was motivated by legitimate privacy concerns). The Third

Circuit's test, set forth in *Doe v. Megless*, 654 F.3d 404 (3d Cir. 2011), identifies nine factors for a court to consider. Six of the nine factors weigh in favor of allowing a litigant to proceed pseudonymously:

> (1) the extent to which the identity of the litigant has been kept confidential; (2) the bases upon which disclosure is feared or sought to be avoided, and the substantiality of these bases; (3) the magnitude of the public interest in maintaining the confidentiality of the litigant's identity; (4) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigant's identities; (5) the undesirability of an outcome adverse to the pseudonymous party and attributable to his refusal to pursue the case at the price of being publicly identified; and (6) whether the party seeking to sue pseudonymously has illegitimate ulterior motives.

*See Does v. Mills*, 2022 WL 1747848, at *2-3 (D. Me. May 31, 2022), *citing Megless*, 654 F.3d at 409.

An analysis of these factors in the instant case weighs in favor of Plaintiff's anonymity.[1] The first factor considers the extent to which Plaintiff's identity has been kept confidential. Here, Plaintiff's identity as the January 2023 winner of the $1.35 Billion Jackpot of the Maine State Lottery has been kept confidential prior to this point through the non-disclosure agreement that is the subject of this litigation. The national media reported that a single lottery winner came forward to claim their prize but noted that the winner chose to remain anonymous. The fact that Plaintiff's identity has been kept confidential from the general public weighs against disclosure. *See Doe v. Regional School Unit No. 21*, 2020 WL 2833248, at *3 (D. Me. May 29, 2020) (plaintiff's motion to proceed under pseudonym granted where his identity as a sexual assault victim was not widely known beyond his social circle or among general public).

The second factor considers the basis upon which disclosure is feared and the validity of that basis. Here, Plaintiff's substantial concern about the effect of disclosure on his and his minor daughter's safety, privacy, and mental health is absolutely valid. *Compare Doe v. Trustees of*

---

[1] The fourth factor addresses disputes that are purely legal in nature and is not relevant here.

2

*Dartmouth College*, 2018 WL 2048385, at *7 (D. Mass. May 2, 2018) (plaintiff's motion to proceed under pseudonym granted where public disclosure would subject him to reputational damage and impair his future educational and career prospects). There are unique risks inherent to being an ultra-high-net-worth individual, especially where, as here, the individual's increase in wealth is swift and drastic. *See* Letter, dated October 30, 2023, from Wesley S. Brown, attached as **Exhibit B**. Plaintiff has had to hire a highly respected security firm and strictly adhere to a safety program that requires property security, surveillance, and ongoing threat assessments to ensure his and his minor daughter's safety and privacy. *Id.* Plaintiff's security firm has advised that he and his minor daughter are vulnerable to the following challenges and harms:

- kidnap for ransom
- stalking and harassment
- unwanted attention on Plaintiff's minor daughter at school, by her friends, and by other individuals associated with her
- increased attention on Plaintiff's other family members
- cybersecurity vulnerabilities
- impersonation and financial fraud
- media attention
- extortion
- solicitation of services or for financial support
- disruptions and restricted movement in daily life.

*Id.* Plaintiff and his minor daughter have already suffered emotional distress as a result of Defendant's violation of the non-disclosure agreement at issue and now meet with a therapist weekly to deal with feelings of isolation and anxiety. Allowing Plaintiff to proceed under pseudonym would help them avoid additional mental health distress. See *Doe v. Regional School Unit No. 21*, 2020 WL 2833248, at *3 (plaintiff's motion to proceed under pseudonym granted in light of plaintiff's mental health distress factor).

The third factor considers whether there is a public interest in maintaining Plaintiff's anonymity. Here, requiring Plaintiff to disclose his identity might deter similarly-situated litigants

3

from seeking to enforce non-disclosure agreements that protect their identity and confidential subject matter. *See Megless*, 654 F.3d at 410 (underlying concern is not to deter future claims from being litigated). Further, there is a strong public interest in protecting the identity of lottery winners; the public's unhealthy obsession with the lottery and lottery winners could place Plaintiff and his minor daughter at a heightened risk of harm if Plaintiff's identity were to be publicized in open litigation. *See* Exhibit A.

The fifth factor considers whether a litigant will choose to sacrifice a claim to preserve his anonymity. Here, Plaintiff may decide to forego this action if he is not allowed to proceed under a pseudonym and thereby forfeit his right to recover injunctive relief and damages from Defendant.

Finally, the sixth factor considers whether Plaintiff's motivation is nefarious. *See Megless*, 654 F.3d at 410. Here, nothing could be farther from the truth. Plaintiff's sole motive is to protect his and his daughter's safety and privacy from the foreseeable challenges and harms set forth above. Plaintiff has no illegal or ulterior motive in wanting to remain anonymous.

There are three factors that courts weigh against a litigant proceeding under pseudonym, none of which apply here:

> (7) the universal level of public interest in access to the identities of litigants; (8) whether, because of the subject matter of this litigation, the status of the litigant as a public figure, or otherwise, there is a particularly strong interest in knowing the litigant's identities, beyond the public's interest which is normally obtained; and (9) whether the opposition to pseudonym by counsel, the public, or the press is illegitimately motivated.[2]

*See Does v. Mills*, 2022 WL 1747848, at *2-3 *citing Megless*, 654 F.3d at 409. The seventh and eighth factors, in particular, consider the level and strength of the public's interest in knowing the Plaintiff's identity. Here, Plaintiff is not a public figure, and the universal interest in favor of open judicial proceedings "will not be impeded merely because plaintiff's identity is kept private." *See*

---

[2] The ninth factor considers the motivation of any opposition to the use of a pseudonym, which is yet unknown.

*Doe v. Trustees of Dartmouth College*, 2018 WL 2048385, at *7 (plaintiff's motion to proceed under pseudonym granted where his identity was of minimal value to the public). Moreover, Defendant knows the identity of Plaintiff and will be able to conduct this litigation without impediment regardless of whether Plaintiff's identity is disclosed publicly.

In sum, considering the relevant factors, the circumstances in this case dictate permitting Plaintiff to proceed under the pseudonym "John Doe" and to publicly describe the Defendant using the pseudonym Sara Smith. The above-described considerations – in particular, the legitimate danger of harm to the safety, security, and mental health of Plaintiff and his minor daughter, outweigh any public interest favoring identification and open litigation.

For the reasons set forth above, Plaintiff respectfully requests that this Court grant his Motion to Proceed Under Pseudonym and for Protective Order.

Respectfully submitted this 15th day of November, 2023

By: */s/* Gregory Brown
Gregory Brown (ME Bar No. 9023)
Louise M. Aponte (ME Bar No. 9285)
LOWE YEAGER & BROWN PLLC
920 Volunteer Landing, Suite 200
Knoxville, Tennessee 37915
Phone: (865) 521-6527
Fax: (865) 637-0540
gb@lyblaw.net
lma@lyblaw.net

5

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 15th day of November, 2023, a copy of the foregoing Motion to Proceed Under Pseudonym and for Protective Order was filed electronically. Paties may access this filing through the Court's electronic filing system.

                                                      /s/ Gregory Brown