United States District Court
District of Maine

| | | |
|---|---|---|
| John Doe, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 2:23-cv-00423-JAW |
| | ) | |
| Sara Smith, | ) | |
| | ) | |
| Defendant. | ) | |

**Defendant's Response**
**Concerning this Court's Order on Unsealing**

Defendant Sara Smith files this response to this Court's Order (ECF 140) seeking a further explanation concerning her emergency motion on unsealing, ECF 139. Defendant is not seeking to alter the Court's ruling on the Motion to Unseal. ECF 71 (Order). On the contrary, Defendant took a middle-of-the-road position on that motion that more closely tracked the Court's ruling than the other two parties' positions.

Defendant's motion is motivated instead by a desire to make sure that the public filings take into consideration all of this Court's prior rulings, including the unchallenged requirement that the names of the parties and their minor daughter be redacted and that the parties be permitted to proceed under pseudonyms. *See* Order at 14–15.

In response to the Court's docket notice, ECF 72, redacted versions of documents previously filed under seal, were filed in redacted format. See ECF 97–108. In light of the dismissal of the appeal and Mandate of the Court of Appeal for the First Circuit, additional sealed documents have been and will need to be filed in redacted format and should not simply be unsealed. While some of Plaintiff's sealed documents have now been filed in redacted format, ECF 134, 134-1, 134-2. 137, not all have.

For example, and of particular concern is that Plaintiff John Doe's proposed amended complaint that was filed under seal identifies the minor daughter by name 31 times. *See generally* ECF 28-1. If the pleadings filed under seal are now simply unsealed without anyone reviewing them for possible redactions in light of the Court's rulings and Fed. R. Civ. P. 5.2, that would be both unfortunate and contrary to the Court's intent. Because the parties are more familiar with the details, we believe this burden to review the previously sealed filings should be placed on the parties instead of the Clerk's Office.

As to sealed Orders, Defendant has reviewed the Court's redactions in its Order on Motion to Unseal (ECF 71) and does not object to those redactions being removed. Defendant further submits that the Court's Sealed Order on Motion to Amend Complaint (ECF 117) should be unsealed for the reasons set forth in her Motion to Unseal Order. See ECF 118.

If the Court has additional questions or concerns, we, of course, are available to discuss them.

Dated: September 16, 2024

Respectfully submitted,

/s/ Daniel A. Nuzzi
Daniel A. Nuzzi
Peter J. Brann
Hannah L. Wurgaft
Brann & Isaacson
113 Lisbon St., P.O. Box 3070
Lewiston, ME 04243-3070
(207) 786-3566
dnuzzi@brannlaw.com
pbrann@brannlaw.com
hwurgaft@brannlaw.com

*Attorneys for Defendant*