United States District Court
District of Maine

| | | |
|---|---|---|
| John Doe,<br><br>Plaintiff,<br>v.<br><br>Sara Smith,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 2:23-cv-00423-JAW |

**Defendant's Response to Plaintiff's Motions to Seal**

Plaintiff John Doe has filed a flurry of motions to seal. *See* ECF 151 (discovery materials); ECF 153 (discovery materials); ECF 154 (discovery materials); ECF 155 (objection to magistrate judge's discovery ruling). Defendant Sara Smith submits this response to these motions. In brief, Defendant does not object to sealing the actual discovery materials, but does object to sealing the motions to seal and the objection to the magistrate judge's discovery ruling.

Until recently, Defendant's understanding was that requests for discovery hearings and discovery materials submitted in conjunction with such requests were already sealed from public view, and that the only parties eligible to see such materials were Plaintiff and Defendant and their counsel. This apparently was also the view of Plaintiff's counsel, who also submitted such discovery materials in conjunction with discovery hearing requests. And it appears to have been the view of Intervenor Maine Trust for Local News, L3C, whose counsel recently confirmed that they have not been accessing the discovery materials and have not asserted a right to access to such materials. In other words, Plaintiff, Defendant, and Intervenor apparently agree that requests for discovery hearings and discovery materials should only be visible to Plaintiff and Defendant. Thus, Defendant does not object to Plaintiff's motion to seal the discovery materials identified in ECF 151, 153, and 154.

Defendant does object, however, to sealing the motions to seal themselves. ECF 151, 153, 154. Those motions only identify the previously-filed discovery materials that Plaintiff seeks to seal. The motions themselves do not contain any confidential information. In order that proceedings in this Court, and the Court's rulings are as transparent as possible, the actual motions should not be sealed.

Similarly, Defendant objects to Plaintiff's motion to seal his objection to the magistrate judge's discovery ruling and the attached objection. ECF 155 (motion to seal); ECF 155-1 (objection to magistrate judge's discovery ruling). As before, the motion to seal itself does not reveal any confidential information. Plaintiff's objection to the magistrate judge's discovery ruling likewise does reveal any confidential information, referring generically to Plaintiff, Defendant, Defendant's daughter, Defendant's family, and the like, and otherwise making the usual types of legal and factual arguments in a run-of-the-mill discovery appeal. Applying Fed. R. Civ. P. 5.2, this Court's order allowing Plaintiff to proceed under a pseudonym, ECF 6, and this Court's Order on Motion to Unseal, ECF 71, it should be evident that neither this motion to seal nor the objection should be sealed.

Defendant Sara Smith respectfully requests that the Court seal the discovery materials identified in ECF 151, 153, and 154, and otherwise deny Plaintiff's motions to seal, ECF 151, 153, 154, 155, 155-1.

Dated: October 8, 2024

Respectfully submitted,

/s/Peter J. Brann
Daniel A. Nuzzi
Peter J. Brann
Hannah L. Wurgaft
Brann & Isaacson
113 Lisbon St., P.O. Box 3070
Lewiston, ME 04243-3070
(207) 786-3566
dnuzzi@brannlaw.com
pbrann@brannlaw.com
hwurgaft@brannlaw.com

*Attorneys for Defendant*