UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| JOHN DOE, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | No. 2:23-cv-00423-JAW |
| | ) | |
| SARA SMITH, | ) | |
| | ) | |
| Defendant | ) | |

**ORDER ON THE PLAINTIFF'S MOTIONS TO SEAL**

The Plaintiff John Doe filed three motions to seal documents from the view of third-party Intervenor Maine Trust for Local News, L3C. The first motion seeks to seal several requests for hearings regarding discovery disputes, a response to one of those requests, two joint discovery status reports, two written discovery documents, and a deposition notice. *See* Motion to Seal Discovery Materials (ECF No. 154). Neither Defendant Sara Smith nor the Intervenor objects to sealing the identified discovery materials. *See* Defendant Response (ECF No. 157) at 1; Intervenor Response (ECF No. 159) at 1. Because there is no right of public access to civil discovery, *see United States v. Kravetz*, 706 F.3d 47, 55 (1st Cir. 2013), I hereby ***GRANT*** Doe's motion to seal the following discovery documents: ECF Nos. 26, 26-1, 120, 120-1, 120-2, 121, 121-1, 121-2, 122, 124, 129, and 130.[1]

Doe's second motion requests to seal his partial objection to a discovery order I entered earlier, *see* Order Re: Discovery Disputes (ECF No. 149), characterizing the

---

[1] Doe also requests to seal ECF Nos. 131, 131-5, and 131-6. *See* Motion to Seal Discovery Materials at 2. However, I already sealed ECF No. 131 and all of its attachments. *See* Order (ECF No. 156).

1

objection as a discovery motion to which the public has no right of access, *see* Motion to Seal Partial Objection (ECF No. 155) at 1. The Intervenor takes no position on sealing the objection, *see* Intervenor Response at 1, while Smith opposes doing so on the ground that it reveals no confidential information, *see* Defendant Response at 2.

I decline to seal Doe's partial objection because it is decidedly not a discovery motion; rather, it is a challenge to a court order that requests judicial review to determine whether any part of that order is "clearly erroneous or . . . contrary to law." Fed. R. Civ. P. 72(a); *see also* 28 U.S.C. § 636(b)(1)(A). Unlike the discovery process, judicial decisions—and the mechanisms by which they are challenged—are not traditionally private, and there is no indication that public access to an objection such as this would hamper judicial review of the contested order. *Cf. Anderson v. Cryovac, Inc.*, 805 F.2d 1, 10-13 (1st Cir. 1986) (discussing why there is no common law or constitutional right of public access to civil discovery materials). It is also well established "that public monitoring of the judicial system fosters the important values of quality, honesty and respect for our legal system." *Kravetz*, 706 F.3d at 52 (quoting *In re Providence Journal Co., Inc.*, 293 F.3d 1, 9 (1st Cir. 2002)). Because maintaining public access to Doe's objection best furthers these policy goals, and the objection itself contains no confidential information, I hereby **DENY** Doe's motion to seal his partial objection. *See* Fed. R. Civ. P. 5.2(d) ("The court *may* order that a filing be made under seal without redaction." (emphasis added)); *see also* Local Rule 7A.

Doe's third motion presents an unopposed request to seal the parties' joint discovery status report and proposed amendment to the scheduling order.[2] *See* Motion to Seal Joint Discovery Status Report and Proposed Amendment to Scheduling Order (ECF No. 160); Joint Discovery Status Report and Proposed Amendment to Scheduling Order (ECF No. 161). Congruent with my order on Doe's first motion, and in light of the parties' agreement, I hereby **GRANT** Doe's motion to seal ECF No. 161. *See Kravetz*, 706 F.3d at 55.

Lastly, Smith objects to sealing Doe's motions to seal, arguing that the motions themselves reveal no confidential information and should therefore remain publicly available in the interest of transparency. *See* Defendant Response at 2. Upon review of the relevant motions, and in keeping with the Court's prior order, *see* Order on Motion to Unseal (ECF No. 71), I see no basis for Doe's motions to seal to remain sealed and hereby **ORDER** ECF Nos. 151, 154-155, and 160 unsealed.

### *NOTICE*

*In accordance with Federal Rule of Civil Procedure 72(a), a party may serve and file an objection to this order within fourteen (14) days after being served with a copy thereof.*

*Failure to file a timely objection shall constitute a waiver of the right to review by the District Court and to any further appeal of this order.*

Dated: October 16, 2024

/s/ Karen Frink Wolf
United States Magistrate Judge

---

[2] The parties are reminded that motions to seal "*shall* include a statement whether there is agreement of the parties to the sealing," Local Rule 7A(a) (emphasis added), which meaningfully aids the Court's efficient resolution of these issues.