United States District Court
District of Maine

| | | |
|---|---|---|
| John Doe, | ) | |
|     Plaintiff, | ) | |
| v. | ) | No. 2:23-cv-00423-JAW |
| Sara Smith, | ) | |
|     Defendant. | ) | |

**Defendant's Motion to Amend Scheduling Order**

Defendant Sara Smith moves to amend this Court's Scheduling Order, ECF 202, to allow her to take the out-of-state deposition of the father of Plaintiff John Doe. In brief, Plaintiff's Dad is nearly 80 years old with health issues; his testimony is critical to the central issue in this litigation; and his testimony is unaffected by Plaintiff's two pending interlocutory appeals that have stayed this litigation. We have asked Plaintiff to consent to this motion, and if Plaintiff does object to the motion, given the basis for the motion and the simplicity of the issue presented, we ask the Court to expedite briefing on the motion.

The key allegation against Defendant in this case is: "Upon information and belief, Defendant has disclosed Protected Subject Matter in one or more telephone communications with John Doe's father and stepmother." ECF 1 (Complaint) (Compl.) ¶ 17. Plaintiff's only other substantive allegation is: "Upon information and belief, and as a result of Defendant's unauthorized disclosure of Protected Subject Matter to John Doe's

father and stepmother, other third parties are now in possession of John Doe's Protected Subject Matter, including his sister." *Id*. ¶ 18. Plaintiff's Dad, however, flatly denied these allegations under oath, and instead swore that *Plaintiff* told him about winning the lottery and that he—Plaintiff's Dad—then told Plaintiff's sister about Plaintiff's good fortune. ECF 78 (Dad Dec. ¶¶ 4–7). To state the obvious, Plaintiff's Dad is a, if not the, critical witness in this case.

Plaintiff's Dad lives outside New England and thus is outside the subpoena authority of this Court and cannot be compelled to testify at trial. It is our understanding that Plaintiff's Dad is nearly 80 years old with health issues, living on a fixed income, and thus may not be able to attend the trial even if he chose to testify voluntarily.

Meanwhile, we do not know when a trial might occur, when discovery might re-commence, or when the First Circuit might dispose of Plaintiff's two unrelated interlocutory appeals. In the first appeal, following a comprehensive order by the Court requiring Plaintiff to produce additional documents and supplement his interrogatory responses, ECF 177, Plaintiff filed an interlocutory appeal (No. 25-1196). Defendant moved to dismiss this appeal as interlocutory on March 14, 2025, and that motion is still pending.

In the second appeal, following a comprehensive order by the Court denying Plaintiff's motion to close the courtroom in any trial and to allow the parties and witnesses to use pseudonyms at trial, ECF 206, Plaintiff filed an interlocutory appeal (No.

25-1373). The parties completed briefing on this appeal on October 17, 2025, and are awaiting either oral argument or a decision. As these thumbnail descriptions make plain, neither appeal should have any effect on the testimony of Plaintiff's Dad, who is simply a third-party fact witness.

After Plaintiff filed his interlocutory appeal on this Court's discovery order, the Court effectively stayed discovery:

> Grants Plaintiff's motion to extend the discovery deadline (ECF No. 182) but does not extend the deadline to a specific date and makes no determination regarding the scope of permissible discovery. Upon conclusion of Plaintiff's interlocutory appeal, the Court will determine the scope of discovery and establish a deadline for the completion of discovery. Both parties have reserved all their discovery-related arguments.

ECF 202, ¶ 2.

Defendant seeks a limited carve-out to this ruling to take a deposition of a critical fact witness, who is elderly, ailing, and living out-of-state. Because there are numerous good reasons to take this deposition soon, and no good reasons for delaying it indefinitely, the Court should exercise its discretion to allow this limited exception to the scheduling order.

Defendant respectfully requests that the Court amend the scheduling order to allow Defendant to take the out-of-state deposition of Plaintiff's Dad.

| | |
|---|---|
| Dated: December 31, 2025 | Respectfully submitted, |
| | /s/ Peter J. Brann |
| | Peter J. Brann |
| | Hanna L. Wurgaft |
| | Brann & Isaacson |
| | 113 Lisbon St., P.O. Box 3070 |
| | Lewiston, ME  04243-3070 |
| | (207) 786-3566 |
| | pbrann@brannlaw.com |
| | hwurgaft@brannlaw.com |
| | |
| | *Attorneys for Defendant* |