# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MAINE

| | | |
|---|---|---|
| **JOHN DOE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No. 2:23-cv-00423-JAW** |
| | ) | |
| **SARA SMITH,** | ) | |
| | ) | |
| | ) | |
| **Defendant,** | ) | |
| | ) | |
| **MAINE TRUST FOR LOCAL NEWS,** | ) | |
| **L3C, d/b/a** *Portland Press Herald/Maine* | ) | |
| *Sunday Telegram*, | ) | |
| | ) | |
| **Intervenor.** | ) | |

## PLAINTIFF'S RESPONSE IN OPPOSITION TO
## DEFENDANT'S MOTION TO AMEND SCHEDULING ORDER

Plaintiff John Doe respectfully opposes Defendant Sara Smith's Motion to Amend

Scheduling Order to permit her to take the third-party deposition of Doe's father, for three reasons:

(1) This Court lacks jurisdiction to amend the Scheduling Order (ECF No. 202) and permit the taking of a third-party deposition because the very question of when depositions may proceed is one of the issues on appeal before the First Circuit (No. 25-1196) from this Court's Discovery Order (ECF No. 177) that, *inter alia*, prohibited the taking of all depositions until written discovery is in "good shape."

(2) Smith offers <u>no</u> evidence to support her attorney's bare assertions that the third-party deposition of Doe's father must occur "soon" due to his age, alleged health issues, and possible inability to attend a future trial.

1

(3) Smith is judicially estopped from seeking a one-sided deposition "carve-out" from the Scheduling Order because she previously prevailed on the directly inconsistent position that "the need to resolve written discovery in this case is critical *prior to the taking of depositions* so that underlying facts can be known to inform the parties, and to guide the conduct at depositions" (ECF No. 165).

In support of this Response, Doe submits as follows:

## BACKGROUND

This is a single-issue case concerning whether and to what extent Smith disclosed Doe's personal, sensitive, and confidential information, in violation of the NDA that Smith signed to protect the safety and privacy of Doe and their minor child. Despite Smith's persistent attempts to spin the narrative and limit this case to one "key allegation" (ECF No. 213), Doe's Complaint alleges that Smith disclosed his Protected Subject Matter -- information beyond the mere fact that he won the lottery -- to unauthorized recipients, including, but not limited to, his father (ECF No. 1).

From the outset of this case, Doe has sought to take the depositions of Smith and others to effectively identify and remedy each of Smith's breaches. (*See* ECF No. 93). Each time Doe attempted to move forward with depositions, however, Smith requested a discovery hearing to delay them (ECF Nos. 26, 93, and 124), taking the position that depositions were "premature" pending resolution of the parties' written discovery disputes. (*See* ECF Nos. 150, 161). At Smith's request, the Magistrate ruled first that no third-party depositions may precede party depositions (*see* ECF No. 93) and then that no depositions may proceed until written discovery is in "good shape." (ECF Nos. 128, 150, 163).

It is against this backdrop that Doe filed a partial objection to the Magistrate's ruling (ECF Nos. 155, 162, 168), highlighting the untenable position of having to produce broad categories of his personal, sensitive, and confidential information to Smith – someone who had already

2

unlawfully disclosed his Protected Subject Matter – in order to move forward with depositions that could quickly resolve this matter. Smith opposed Doe and sought to enforce the Magistrate's ruling, arguing that "[t]he need to resolve written discovery in this case is critical prior to the taking of depositions so that underlying facts can be known to inform the parties, and to guide the conduct at depositions." (ECF No. 165).

On January 28, 2025, this Court affirmed the Magistrate's ruling in its Order on Objection to Magistrate Judge's Order ("Discovery Order") (ECF No. 177), prompting Doe to file a Notice of Appeal (ECF No. 184) pursuant to 28 U.S.C. § 1291 and the collateral order doctrine. That interlocutory appeal is currently pending before the First Circuit. (No. 25-1196). After Doe noticed his appeal, this Court effectively stayed discovery in its Order on Pending Motions ("Scheduling Order") (ECF No. 202). It granted an extension of the discovery deadline without setting a new date and ruled that it would make "no determination regarding the scope of permissible discovery" pending the conclusion of the appeal. *Id.* Smith now moves to amend the Scheduling Order, seeking to do what she previously and successfully opposed: proceed with taking a deposition.

## ARGUMENT

**I.     This Court lacks jurisdiction to amend the Scheduling Order and permit the taking of a third-party deposition because the question of when depositions may proceed is before the First Circuit on appeal.**

As the Supreme Court has stated, "The filing of a notice of appeal is an event of jurisdictional significance – it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Discount Co.,* 459 U.S. 56, 58 (1982). This "bedrock principle" means that once a decision is appealed, jurisdiction rests with the court of appeals over matters "involved in the appeal" and not simultaneously in both courts. *Combined Energies v. CCI, Inc.*, 495 F.Supp.2d

3

142, 144 (D. Me. 2007) (granting motion to stay discovery pending appeal of denial of motion to stay and compel arbitration). Divestiture of jurisdiction is especially significant where the appeal is interlocutory as "the interruption of the trial proceedings is the central reason and justification for authorizing such an interlocutory appeal in the first place." *Id.* (internal quotation omitted).

Here, Doe filed a notice of appeal (ECF No. 184) from this Court's Discovery Order that, *inter alia*, prohibited depositions until written discovery is in "good shape." (ECF No. 177). Accordingly, the very question of when depositions may proceed is before the First Circuit on appeal, and this Court is divested of jurisdiction over Smith's motion and the issue of whether she may take the third-party deposition of Doe's father. Smith's assertion that Doe's interlocutory appeal is somehow "unrelated" to her motion (ECF No. 213) is unsupported and without merit.

**II.    Smith's bare assertions do not justify a deposition "carve-out" from the Scheduling Order.**

In addition, or in the alternative, this Court should deny Smith's motion because she offers no evidence to support her bare assertions that the deposition of Doe's father must occur "soon" because he lives out-of-state and is "nearly 80 years old with health issues." (ECF No. 213). Smith provides no evidence whatsoever—no declaration, medical record, or other proof—to establish ill health or imminent unavailability. *Compare Castano v. American Tobacco Co.,* 908 F.Supp. 378, 383 (E.D.L.A. 1995) (denying request for modification of order staying depositions where plaintiffs failed to identify genuine risk of future unavailability).

The fact that Smith frames Doe's father as "a, if not the, critical witness" in the case (ECF No. 213), is similarly unavailing. Smith offers no explanation for why – given his advancing age and alleged health issues -- she did not secure the deposition of Doe's father prior to the Court's Discovery Order instead of advocating to stay all depositions pending resolution of the parties' written discovery disputes.

4

In short, attorney argument and speculative assertions do not justify the extraordinary step of altering the Discovery Order that is now before the First Circuit, particularly where this Court has extended all discovery deadlines pending appellate review.  Indeed, Smith offers no cognizable basis for this Court to reassert jurisdiction now that the appeal has divested it of authority.

**III.    Smith is judicially estopped from seeking a one-sided deposition "carve-out" because she previously prevailed on the directly inconsistent position that no depositions should occur pending resolution of the parties' written discovery disputes.**

Finally, this Court should deny Smith's motion on the grounds that she is judicially estopped from deposing the one person whom she perceives will benefit her defense, given her prior contrary position that no depositions should occur pending resolution of the parties' written discovery disputes.  Simply put, Smith may not have her cake and eat it too.

"[J]udicial estoppel applies when a party has adopted one position, secured a favorable decision, and then taken a contrary position in search of legal advantage." *Alternative System Concepts, Inc. v. Synopsys*, 374 F.3d 23, 33 (1st Cir. 2004) (internal quotation omitted). The First Circuit considers three elements: (1) whether the estopping position and the estopped position are directly inconsistent; (2) whether the party asserting the inconsistent position succeeded in persuading the court to accept its prior position; and (3) whether the party asserting the inconsistent position would derive an unfair advantage if the new position were accepted by the court. *Diaz-Biaz v. Alicea-Vasallo*, 22 F.4th 11, 21 (1st Cir. 2021) (citation omitted).

The three elements of judicial estoppel are present here. Smith's present position that there are "no good reasons for delaying" the deposition of Doe's father (ECF No. 213) – absent any supporting evidence -- is directly inconsistent with her prior position that depositions are "premature" (ECF No. 161) and "[t]he need to resolve written discovery in this case is critical prior to the taking of depositions" (ECF No. 165). There can be no question that the Magistrate

5

ruled – at Smith's urging – that no depositions may proceed until written discovery is in "good shape." (*See* ECF Nos. 93, 128, 150, 163). This Court affirmed that approach in its Discovery Order and effectively stayed discovery in its Scheduling Order by extending the discovery deadline without a new date and declining to determine the scope of permissible discovery until the conclusion of Doe's appeal. If the Court were now to amend the Scheduling Order to allow Smith to depose Doe's father – whom she describes as "a, if not the, critical witness"—while discovery remains stayed for all other purposes, it would confer an unfair advantage on Smith and impose an unfair detriment on Doe. Equity favors maintaining the status quo and denying Smith's efforts to secure a unilateral deposition advantage that contradicts the position she took to obtain the existing discovery framework.

For all the foregoing reasons, Doe respectfully requests that this Court deny Defendant's Motion to Amend the Scheduling Order.

Respectfully submitted this 21st day of January 2026.

By: */s/ Louise M. Aponte*
Gregory Brown (ME Bar No. 9023)
Louise M. Aponte (ME Bar No. 9285)
LOWE YEAGER & BROWN PLLC
920 Volunteer Landing, Suite 200
Knoxville, Tennessee 37915
Phone: (865) 521-6527
Fax: (865) 637-0540
gb@lyblaw.net
lma@lyblaw.net

and

Stephen B. Segal
VERRILL DANA, LLP
One Portland Square, 10th Floor
Portland, Maine 04101-4054
Phone: (207) 253-4556
Fax: (207) 274-0587
ssegal@verrill-law.com

*Counsel for Plaintiff John Doe*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing was filed with the Clerk of the District Court using the CM/ECF system on this 21st day of January 2026. Notification of this filing was sent to all parties registered with the Court's electronic filing system.

*/s/ Louise M. Aponte*
Louise M. Aponte