UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

JOHN DOE,                        )
                                 )
    Plaintiff               )
                                 )
v.                               )          2:23-cv-00423-JAW
                                 )
SARA SMITH,                      )
                                 )
    Defendant                )

**ORDER ON MOTION TO AMEND SCHEDULING ORDER
TO TAKE DEPOSITION OF PLAINTIFF'S FATHER**

Defendant asks the Court to permit her to conduct the deposition of Plaintiff's father (the deponent) even though there are two interlocutory appeals currently pending before the United States Court of Appeals for the First Circuit. Defendant contends the deposition is required because the deponent's testimony is highly relevant, the deponent is beyond the subpoena authority of the Court, and the deponent has some health issues. She also submits that the deponent's testimony is "unaffected by" and unrelated to "Plaintiff's two pending interlocutory appeals[.]" (Defendant's Motion to Amend Scheduling Order at 1-2, ECF No. 213.)

Following multiple discussions regarding various discovery disputes between the parties, the Court concluded that the parties were to complete initial written discovery before proceeding with depositions. (Order on Objection to Magistrate Judge's Order at 32-33, ECF No. 177) (hereinafter "discovery order"). Plaintiff appealed from the discovery order. (Plaintiff's Notice of Appeal, ECF No. 184.) The appeal is pending.

The act of filing an interlocutory appeal has jurisdictional implications:

> The filing of. . . an interlocutory appeal, "confers jurisdiction on the court of appeals and divests the district court of control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982) (per curiam). The district court does not regain jurisdiction over those issues until the court of appeals issues its mandate. Courts have carved out a few narrow exceptions to this rule, such as where the defendant frivolously appeals or takes an interlocutory appeal from a non-appealable order.

*Rivera-Torres v. Ortiz Velez*, 341 F.3d 86, 93 (1st Cir. 2003) (quoting *United States v. DeFries*, 129 F.3d 1293, 1302–03 (D.C. Cir. 1997). "The *Griggs* principle reflects a longstanding tenet of American procedure." *Coinbase, Inc. v. Bielski*, 599 U.S. 736, 740 (2023). The rule "derives from the notion that shared jurisdiction almost always portends a potential for conflict and confusion," and it has widespread applicability. *United States v. Brooks*, 145 F.3d 446, 456 (1st Cir. 1998).

Plaintiff contends that the Court lacks jurisdiction to authorize the deposition because Defendant's request implicates an issue on appeal—the Court's determination that depositions are to follow the substantial completion of written discovery. Defendant contends that the discovery order was the product of Defendant's objection to Plaintiff's attempt to depose her before Plaintiff responded to Defendant's written discovery requests, and, therefore, the order did not necessarily contemplate a prohibition on all depositions pending substantial completion of written discovery.

While the issue regarding the sequence of discovery was generated by Plaintiff's objection to Defendant's attempt to depose her, the following discussion during the

relevant discovery proceeding reflects that the Court's order was not limited to Defendant's deposition:

> **Plaintiff's Counsel**: And, Your Honor, with the Court's permission, would it be appropriate at this point for us to begin scheduling depositions, both party depositions and third-party depositions?
>
> **The Court**:  So[,] I mean that is up to you, right.  I . . . think that you have a few more discovery responses to exchange, probably everybody wants to be as complete as possible before you start doing depositions, but I don't see a reason why you – you shouldn't be getting on the path to your depositions. [This] needs to start moving for sure.
>
> **Plaintiff's Counsel**:  Thank you, Your Honor.
>
> **Defendant's Counsel**:  Before we start going into scheduling, Your Honor, though, we really need these documents supplemented, and it has been months and months and months where we have only seen three documents in this case so –
>
> **The Court**:  I agree with you.  I'm going to require – so of all – so the things that I have required today be produced, I would like those produced within 21 days.  And I agree with you, yes, that the documents and fair responses to interrogatories need to be in your hands – everybody's hands before you go forward with depositions or the depositions are likely to go side – you know, sideways.

(Transcript of Proceedings at 41:18 to 42:14, ECF No. 150).

Counsel's inquiry regarding the scheduling of "party depositions and third-party depositions" and the Court's reference to "depositions" suggest that the Court's order sequencing discovery applied to depositions generally and was not limited to Defendant's deposition. Whether that discovery order was erroneous is "precisely what the court of appeals must decide." *Combined Energies v. CCI, Inc.*, 495 F. Supp. 2d 142, 144 (D. Me. 2007) (evaluating scope of appeal from denial of motion to stay and compel arbitration and granting motion to stay discovery pending appeal). In this instance, the principle of *Griggs* applies. That is, Defendant's request falls squarely within the "aspects of the case involved in the appeal." *Griggs*, 459 U.S. at 58. The Court, therefore, is without jurisdiction to grant Defendant the relief she seeks. Accordingly, the Court denies Defendant's motion to amend the scheduling order.

## NOTICE

Any objections to this order shall be filed in accordance with Federal Rule of Civil Procedure 72.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 15th day of April, 2026.