**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE**

| | |
|---|---|
| **JOHN DOE,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **Civil Action No. 2:23-cv-00423-JAW** |
| ) | |
| **SARA SMITH,** ) | |
| ) | |
| ) | |
| **Defendant,** ) | |
| ) | |
| **MAINE TRUST FOR LOCAL NEWS,** ) | |
| **L3C, d/b/a** *Portland Press Herald/Maine* ) | |
| *Sunday Telegram*, ) | |
| ) | |
| **Intervenor.** ) | |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO
DEFENDANT'S MOTION TO AMEND SCHEDULING ORDER**

On April 29, 2026, the First Circuit dismissed Plaintiff John Doe's interlocutory appeal of this Court's Discovery Order (ECF No. 177), concluding that the collateral order doctrine does not allow the appeal to proceed. In so holding, however, the First Circuit referenced precedent regarding alternatives to collateral order review, including seeking issuance of a writ of mandamus.

Doe respectfully opposes Defendant Sara Smith's Motion to Amend the Scheduling Order (ECF No. 217) on the grounds that it is premature. On May 15, 2026, Doe filed with the First Circuit a petition for writ of mandamus (ECF No. 220), seeking immediate relief from the Discovery Order that, *inter alia*, prohibits the taking of all depositions until written discovery is in

1

"good shape."  This Court has already recognized that the appropriate course pending appellate review is to refrain from determining the scope of discovery and setting deadlines. *See* ECF No. 202. Because the enforceability of the Discovery Order and the permissibility of taking depositions is still before the First Circuit, this Court should continue to maintain the status quo and either deny or hold in abeyance Smith's request to set a reply deadline on the "enforcement briefing," and schedule a third-party deposition, pending mandamus review.

As to Smith's renewed request to proceed with the deposition of Doe's father, it bears repeating (*see* ECF No. 214) that it was Smith who sought and obtained a framework from this Court in which <u>no</u> depositions would occur until after written discovery disputes were resolved. *See* ECF No. 165 at 9 ("The need to resolve written discovery in this case is critical prior to the taking of depositions so that underlying facts can be known to inform the parties, and to guide the conduct at depositions.") Any unilateral carve-out for Smith now would be both inconsistent with her prior position and this Court's Discovery Order. As set forth in Plaintiff's previous Response in Opposition to Defendant's Motion to Amend Scheduling Order (ECF No. 214), Smith's asserted urgency is not supported by any competent evidence, such as a declaration or medical documentation. There is therefore no cognizable basis for this Court to amend the Scheduling Order on that ground.

For all the foregoing reasons, Doe respectfully requests that this Court either deny Smith's Motion to Amend the Scheduling Order or, alternatively, decline to rule on Smith's Motion to Amend the Scheduling Order, pending mandamus review.

Respectfully submitted this 15th day of May, 2026.

By: */s/ Louise M. Aponte*
Gregory Brown (ME Bar No. 9023)
Louise M. Aponte (ME Bar No. 9285)
LOWE YEAGER & BROWN PLLC

2

920 Volunteer Landing, Suite 200
Knoxville, Tennessee 37915
Phone: (865) 521-6527
Fax: (865) 637-0540
gb@lyblaw.net
lma@lyblaw.net

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing was filed with the Clerk of the District Court using the CM/ECF system on this 15th day of May 2026.  Notification of this filing was sent to all parties registered with the Court's electronic filing system.

*/s/ Louise M. Aponte*