United States District Court
District of Maine

| | | |
|---|---|---|
| John Doe, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 2:23-cv-00423-JAW |
| | ) | |
| Sara Smith, | ) | |
| | ) | |
| Defendant. | ) | |

**Defendant's Reply on Motion to Amend Scheduling Order**

Following the First Circuit's dismissal of Plaintiff's interlocutory appeal seeking relief from this Court's discovery order, ECF 177, Defendant Sara Smith moved to amend this Court's scheduling orders, ECF 202, 216, to set a deadline for Defendant's reply on her motion to enforce the discovery order and to allow Defendant to take the out-of-state deposition of Plaintiff's father. Plaintiff has now filed a petition for writ of mandamus, ECF 220, again seeking to avoid application of this Court's discovery order. Plaintiff's petition is a Hail Mary and should not further delay discovery in this litigation.

As this Court is aware, "the remedy of mandamus is a drastic one, to be invoked only in extraordinary situations." *In re Recticel Foam Corp.*, 859 F.2d 1000, 1005 (1st Cir. 1988) (citations omitted). It is well established that mandamus "will not issue to control exercises of judicial discretion" such as discovery. *In re Insurers Syndicate for Joint Underwriting of Medico-Hosp. Pro. Liab. Ins.*, 864 F.2d 208, 211 (1st Cir. 1988); *In re Recticel Foam Corp.*, 859 F.2d at 1006 (1st Cir. 1988). As observed by the First Circuit:

> [A] petitioner's right to the writ must be "clear and indisputable." Where an action is committed to judicial discretion, it cannot often be said that a party's claim of entitlement to a particular result meets this benchmark. For that reason, mandamus has customarily been granted only when the lower court was "clearly without jurisdiction" or exceeded its discretion "to such a degree that its actions amount to a usurpation of power." … Trial courts enjoy a broad measure of discretion in managing pretrial affairs, including the conduct of discovery. Decisions regarding the scope of discovery… and the protections to be afforded parties in the discovery process, are ordinarily left to the informed judgment of the district judge, who is in a unique position to gauge and balance the potentially conflicting interests at stake.

*In re Recticel Foam Corp.*, 859 F.2d at 1006 (1st Cir. 1988) (citations omitted). Plaintiff has a heavy burden to carry, and it is implausible that the First Circuit will issue mandamus to tinker with this Court's discovery order.

Pursuant to Fed. R. App. P. 21(b), the First Circuit may deny Plaintiff's petition without an answer or order Defendant to answer within a fixed time. To date, the First Circuit has not acted on Plaintiff's petition, and it is impossible to estimate the time it will take for the petition to resolve. Plaintiff's prior interlocutory appeal was before the First Circuit for over a year. The First Circuit granted Smith's motion to dismiss only after Smith filed a motion to expedite. *See* ECF 217, Ex. A. Plaintiff's other interlocutory appeal relating to the eventual public trial in this case, ECF 206, has been fully briefed since October 2025 and remains pending.

Against this backdrop, Smith seeks to depose Plaintiff's father who is out-of-state and beyond this Court's subpoena power, and whose health is declining as he approaches 80 years old.  ECF 213. The show must go on. Otherwise, Plaintiff will yet again bring this

litigation to a standstill and Defendant may be unable to preserve the testimony of Doe's father, the key witness in this case.

Defendant respectfully requests that the Court amend the scheduling orders to set a deadline for Defendant's reply on her motion to enforce the discovery order and to allow Defendant to take the out-of-state deposition of Plaintiff's father.

Dated: May 27, 2026                          Respectfully submitted,

                                             /s/ Hanna L. Wurgaft
                                             Peter J. Brann
                                             Hanna L. Wurgaft
                                             Brann & Isaacson
                                             113 Lisbon St., P.O. Box 3070
                                             Lewiston, ME  04243-3070
                                             207.786.3566
                                             pbrann@brannlaw.com
                                             hwurgaft@brannlaw.com

                                             *Attorneys for Defendant*

3