**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MAINE**

| | | |
|---|---|---|
| **JOHN DOE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No. 2:23-cv-00423-JAW** |
| | ) | |
| **SARA SMITH,** | ) | |
| | ) | |
| | ) | |
| **Defendant.** | ) | |

**PLAINTIFF'S MOTION FOR VOLUNTARY DISMISSAL WITHOUT PREJUDICE**

Plaintiff John Doe ("Plaintiff"), by and through counsel, respectfully moves this Court for an order dismissing the above-captioned action without prejudice, pursuant to Fed. R. Civ. P. 41(a)(2). In support of this motion, Plaintiff states as follows:

## BACKGROUND

This action concerns the primary issue of whether and to what extent Defendant Sara Smith ("Defendant") disclosed Plaintiff's Protected Subject Matter, in violation of the NDA that the parties signed to protect the safety and privacy of Plaintiff and their minor child. On November 14, 2023, Plaintiff filed suit alleging that Defendant had breached the NDA by disclosing specific information about Plaintiff and his assets to unauthorized recipients, including, but not limited to, Plaintiff's father. (ECF No. 1). Upon filing suit, Plaintiff moved for leave of both parties to proceed under pseudonym. (ECF No. 4). The Court granted Plaintiff's motion. (ECF No. 6).

From the outset of the case, Plaintiff sought to take the deposition of Defendant so that he might quickly and effectively identify and remedy each of Defendant's breaches and resolve the

matter. (*See* ECF No. 93). Each time, counsel for Defendant requested a discovery hearing to thwart Plaintiff's attempt to take Defendant's deposition. (*See* ECF Nos. 30, 93, 123). Defendant argued that depositions were "premature" pending resolution of the parties' written discovery dispute, notwithstanding Plaintiff's position that he did not need written discovery to take Defendant's deposition. (*See* ECF Nos. 30, 93, 123, 128). Ultimately, the Court ruled in its January 28, 2025 Order on Objection to Magistrate Judge's Order ("Discovery Order" at ECF No. 177) that no depositions could proceed until the parties' written discovery dispute was resolved. The Court further denied Plaintiff's motion for a closed trial and continued pseudonymity through trial in its April 10, 2025 Order on Motion for Closure of Trial, despite acknowledging that Plaintiff would be faced with a "Catch 22" if this case were to proceed to a public trial. ("Closure of Trial Order" at ECF No. 206). That is, even if Plaintiff were to win on his claims, his identity and confidential information would be revealed to the media and public, which is exactly what he brought suit to avoid. Plaintiff appealed both rulings, and the case was effectively stayed pending decisions by the First Circuit. (*See* ECF No. 202). On April 29, 2026, the First Circuit ruled that Plaintiff could not seek interlocutory review of the Court's Discovery Order by way of the collateral order doctrine. (*See* ECF No. 218). On July 28, 2026, the First Circuit held oral argument but has not yet ruled on Plaintiff's interlocutory appeal of the Court's Closure of Trial Order.

On April 29, 2026, following the First Circuit's dismissal of Plaintiff's interlocutory appeal of the Discovery Order, Defendant moved to amend the scheduling order and take the deposition of Plaintiff's father. (ECF No. 217). At a discovery hearing on the motion, Plaintiff responded with a renewed request to take the deposition of Defendant. (*See* ECF No. 230). On July 9, 2026, the Magistrate Judge issued a July 9, 2026 Order on Pending Motions (ECF No. 232), stating in relevant part:

> Based on the information provided by and the representations made by the parties…the Court believes that a modest modification of the Court's prior discovery order could lead to the resolution of the case, eliminating the need for further discovery. Given the length of time the matter has been pending and given the ongoing procedural disputes between the parties, the interests of judicial economy weigh in favor of establishing a process that might result in the resolution of the matter without further litigation.

The Magistrate's July 9, 2026 Order allowed Defendant to conduct the deposition of Plaintiff's father and Plaintiff to conduct a limited deposition of Defendant as to whether and to whom Defendant disclosed Plaintiff's Protected Subject Matter and the substance and circumstances of such disclosures.

On September 3, 2026, Plaintiff took the Court-authorized deposition of Defendant that he had been seeking since January 2024. Based on that deposition, Plaintiff is reasonably satisfied that Defendant's breaches, as identified in that deposition, can be mitigated to protect the privacy and safety of Plaintiff and his minor child. In light of this development and the serious risk that Plaintiff and his minor child will otherwise incur the very injury he is litigating against at an open trial without continued pseudonymity, Plaintiff seeks dismissal of this action without prejudice.

## ARGUMENT

Rule 41(a)(2) of the Federal Rules of Civil Procedure permits a plaintiff to request dismissal of an action "by court order, on terms that the court considers proper." Fed.R.Civ.P. 41(a)(2). The rule allows a plaintiff to voluntarily dismiss his own case as long as "no other party will be prejudiced." *P.R. Mar. Shipping Auth. V. Leith*, 668 F.2d 46, 50 (1st Cir. 1981)(affirming dismissal without prejudice where district court could conclude that plaintiff acted in good faith and defendants were not precluded from raising any defenses or asserting any claims). The court is responsible for ensuring that such prejudice will not occur. *Doe v. Urohealth Sys., Inc.,* 216 F.3d 157, 160 (1st Cir. 2000) (district court has discretion regarding factors to be considered). The rule provides that such a dismissal is without prejudice, "[u]nless the [court's] order states otherwise."

Fed.R.Civ.P. 41(a)(2). Accordingly, dismissal without prejudice is the norm, "unless the court finds that the defendant will suffer legal prejudice," and "the mere prospect of a subsequent lawsuit does not constitute such prejudice. *Colon-Cabrera v. Esso Standard Oil Co. (Puerto Rico), Inc.,* 723 F.3d 82, 87 (1st Cir. 2013)(district court may not factor plaintiff's refusal to settle into its decision to dismiss without prejudice).

Given the facts and circumstances of this case, dismissal without prejudice is warranted here. The Magistrate Judge specifically structured limited discovery aimed at assessing whether resolution without further litigation was feasible, emphasizing judicial economy and a potential pathway to end the case after two depositions. That is precisely what occurred. Continued litigation at this point would needlessly risk exposing both parties to the loss of pseudonymity and Plaintiff to an open trial, and subject Plaintiff and his minor child to the safety and privacy concerns that motivated suit in the first place. Defendant will suffer no legal prejudice from dismissal without prejudice as there is no counterclaim seeking affirmative relief before the Court. The Magistrate Judge's July 9, 2026 Order expressly created a process that might "result in the resolution of the matter without further litigation." Dismissal without prejudice now aligns with that objective.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court grant dismissal of this action without prejudice, pursuant to Rule 41(a)(2), in accordance with the proposed Order Granting Plaintiff's Motion for Voluntary Dismissal Without Prejudice attached hereto.

Dated this 14th day of September, 2026.

By: /s/ *Louise M. Aponte*
Gregory Brown (ME Bar No. 9023)
Louise M. Aponte (ME Bar No. 9285)
LOWE YEAGER & BROWN PLLC
920 Volunteer Landing, Suite 200
Knoxville, Tennessee 37915

Phone: (865) 521-6527
Fax: (865) 637-0540
gb@lyb.law
lma@lyb.law

and

Stephen B. Segal, Esq., Bar No. 5422
VERRILL DANA LLP
One Portland Square
Portland, ME 04101
(207) 774-4000
ssegal@verrill-law.com

*Attorneys for Plaintiff John Doe*

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MAINE**

| | | |
|---|---|---|
| **JOHN DOE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No. 2:23-cv-00423-JAW** |
| | ) | |
| **SARA SMITH,** | ) | |
| | ) | |
| | ) | |
| **Defendant.** | ) | |

**[PROPOSED] ORDER GRANTING PLAINTIFF'S MOTION FOR VOLUNTARY DISMISSAL WITHOUT PREJUDICE**

On September 14, 2026, Plaintiff John Doe ("Plaintiff") filed Plaintiff's Motion for Voluntary Dismissal without Prejudice, pursuant to Fed. R. Civ. P. 41(a)(2). Having considered Plaintiff's Motion and the record, and for good cause shown, it is hereby ORDERED:

1. Plaintiff's Motion for Voluntary Dismissal without Prejudice is GRANTED.
2. The above-captioned action is DISMISSED WITHOUT PREJUDICE, pursuant to Fed. R. Civ. P. 41(a)(2).
3. Each party shall bear its own attorneys' fees and costs.
4. All pending deadlines are TERMINATED as moot.
5. The Clerk of the Court is directed to close the case.

SO ORDERED this ____ day of ___________, 2026.

______________________________
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing was filed with the Clerk of the District Court using the CM/ECF system on this 14th day of September 2026. Notification of this filing was sent to all parties registered with the Court's electronic filing system.

*/s/ Louise M. Aponte*
Louise M. Aponte