**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MAINE**

| | | |
|---|---|---|
| **JOHN DOE,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**SARA SMITH,**<br><br>**Defendant,**<br><br>**MAINE TRUST FOR LOCAL NEWS, L3C, d/b/a *Portland Press Herald/Maine Sunday Telegram*,**<br><br>**Intervenor.** | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)) | **Civil Action No. 2:23-cv-00423-JAW** |

**PLAINTIFF'S REPLY IN SUPPORT OF**
**MOTION FOR VOLUNTARY DISMISSAL WITHOUT PREJUDICE**

Plaintiff John Doe respectfully submits this Reply in support of his Motion for Voluntary Dismissal Without Prejudice pursuant to Fed. R. Civ. P. 41(a)(2).

## INTRODUCTION

Defendant's opposition largely ignores the single issue before the Court. The question raised in Plaintiff's Rule 41(a)(2) motion is not whether Defendant believes deposition testimony favors her position (spoiler: it doesn't), not whether Defendant has grievances arising from the parties' unrelated custody dispute, not whether the parties possess unequal financial resources, and not whether Defendant ultimately would have prevailed on the merits.

Rather, the relevant inquiry is whether Defendant will suffer legal prejudice if this action is dismissed without prejudice. *Colon-Cabrera v. Esso Standard Oil Co.,* 723 F.3d 82, 87 (1st Cir. 2013); *Doe v. Urohealth Sys., Inc.,* 216 F.3d 157, 160 (1st Cir. 2000); *P.R. Mar. Shipping Auth. V. Leith*, 668 F.2d 46, 50 (1st Cir. 1981). Under controlling First Circuit authority, the answer is no. Accordingly, Plaintiff's motion should be granted because:

1. Plaintiff timely moved for dismissal in good faith after making a court-ordered assessment of the risks and benefits of continued litigation;
2. Defendant's merits argument under Rule 41(a)(2) is improper and incorrect;
3. The record demonstrates that Plaintiff actively and diligently prosecuted this case;
4. Defendant's litigation efforts and expense do not constitute legal prejudice;
5. Plaintiff does not seek to avoid an imminent adverse ruling, and Defendant's loss of strategic advantage does not constitute legal prejudice; and
6. The prospect of future litigation does not constitute legal prejudice.

## ARGUMENT

### I. Defendant will suffer no legal prejudice from dismissal without prejudice.

None of the factors that weigh against dismissal without prejudice – insufficient explanation, excessive delay and lack of diligence, unfair effort and expense, or an imminent adverse ruling – are present here.

#### A. Plaintiff timely moved for dismissal in good faith after making a court-ordered assessment of the risks and benefits of continued litigation.

Defendant characterizes Plaintiff's motion as a belated attempt to say, "never mind" and contends that there was no sufficient explanation for the need to seek dismissal. The record demonstrates otherwise.

The Magistrate Judge's July 9, 2026 Order (ECF No. 232) authorized limited discovery so that the parties could obtain critical deposition testimony and determine whether further litigation

was warranted. Plaintiff complied fully with that process. Plaintiff took the authorized depositions, reviewed the testimony, and evaluated the practical risks and benefits of continuing the case.

After careful consideration, Plaintiff concluded that continued litigation no longer made legal or practical sense. Specifically, Plaintiff determined that pursuing the case would require him, under the Court's Discovery Order, to disclose highly sensitive confidential information to an already-breaching Defendant, only to likely proceed to a public trial without pseudonymity, thereby defeating the very purpose of the action to protect his privacy and identity. Plaintiff further determined that any remaining risk to him and his minor daughter from Defendant's disclosures three years ago could likely be contained so long as the parties' identities remain confidential. Plaintiff therefore opted to file his Rule 41(a)(2) motion on the Court-imposed September 14, 2026 deadline. The next day, by coincidence, the First Circuit issued its decision foreclosing Plaintiff's ability to proceed through a closed trial under pseudonym, both reinforcing and confirming the reasonableness of Plaintiff's decision. Rule 41(a)(2) exists precisely to permit such informed decisions. *See Leith*, 668 F.2d at 50 (affirming dismissal without prejudice where district court could conclude plaintiff acted in good faith regardless of ultimate merits of controversy). Accordingly, Defendant's assertion that Plaintiff lacks a sufficient explanation for dismissal is unfounded.

**B. <u>Defendant's merits argument under Rule 41(a)(2) is improper and incorrect.</u>**

Defendant devotes much of her opposition to arguing that the recent depositions proved that Plaintiff's claims were "utterly false." (Response at 4). But her merits argument under Rule 41(a)(2) is both improper and incorrect.

The depositions revealed that Defendant did, in fact, disclose confidential information concerning Plaintiff's source of wealth and assets, this litigation, the parties' custody dispute, and

a settlement offer to the following unauthorized individuals: Defendant's mother, Defendant's mother's boyfriend, Defendant's adult son, Plaintiff's father, and Plaintiff's stepmother. Plaintiff maintains that these disclosures violated the NDA. Defendant disagrees.

The relevant point, however, is that the deposition testimony did not establish that Defendant complied with the NDA as a matter of law. At most, it confirmed factual disputes regarding the scope of the NDA and whether Defendant's particular disclosures violated its provisions. Those disputes underscore why Defendant's merits argument is improper in the context of a Rule 41(a)(2) motion. As the First Circuit explained in *Colon-Cabrera*, the proper Rule 41(a)(2) inquiry is whether a defendant will suffer legal prejudice, not whether a plaintiff's claims are meritorious. 723 F.3d at 90. Accordingly, Defendant's merits argument provides no basis for denying Plaintiff's motion.

### C. Plaintiff actively and diligently prosecuted this case.

Defendant's contention that Plaintiff engaged in "excessive delay and lack of diligence" is contradicted by the record. This litigation, generating nearly 250 docket entries, reflects that Plaintiff actively prosecuted this case: conducting discovery, filing and opposing motions, litigating confidentiality issues, and pursuing three interlocutory appeals. *Compare in contrast with Urohealth*, 216 F.3d at 161 (dismissal without prejudice reversed and remanded where Plaintiff conducted no discovery, missed deadlines, and did nothing to advance his case).

Most significantly, Plaintiff repeatedly sought to take Defendant's deposition beginning in January 2024 because he believed her testimony would reveal the extent of her breaches and allow him to remedy them. Had Defendant's deposition occurred when Plaintiff first requested it, the parties could have reached resolution years earlier. Instead, Plaintiff spent a substantial portion of

this litigation attempting to obtain discovery that Defendant resisted. Accordingly, Defendant cannot credibly blame Plaintiff for excessive delay and lack of diligence.

**D. <u>Defendant's litigation efforts and expense do not constitute legal prejudice</u>.**

Defendant further contends that the effort and expense she incurred defending this action justify dismissal with prejudice. But the First Circuit has rejected that argument. *See Leith*, 668 F.2d at 50 (lengthy and costly discovery does not justify dismissal with prejudice); *Colon-Cabrera*, 723 F.3d at 89 (effort and expense in preparing for trial and offering to settle do not justify dismissal with prejudice). Accordingly, Defendant's claimed litigation efforts and expense provide no basis for denying Plaintiff's motion.[1]

**E. <u>Plaintiff does not seek to avoid an imminent adverse ruling, and Defendant's loss of strategic advantage does not constitute legal prejudice.</u>**

Defendant's suggestion that Plaintiff seeks dismissal to avoid an imminent adverse ruling is unsupported by the procedural posture of this case. Defendant has not filed a summary judgment motion. Nor has she asserted any counterclaim that would be extinguished by dismissal.

Defendant's references to a potential 28 U.S.C. § 1927 motion and a potential new action for wrongful use of civil proceeding do not warrant the denial of Plaintiff's motion. Dismissal without prejudice would not prevent Defendant from pursuing either remedy. To the extent Defendant seeks dismissal with prejudice to strengthen any future claims against Plaintiff, however, First Circuit law is clear that Rule 41(a)(2) does not protect against Defendant's perceived loss of a strategic advantage. Nor does a technical advantage to Plaintiff constitute legal prejudice. *Leith*, 668 F.2d at 50 (prospect of technical advantage to Plaintiff does not bar dismissal without prejudice).

---

[1] Seemingly, most of Defendant's expense was spent trying to avoid simply telling the truth in a deposition. Had Defendant been willing to provide her deposition testimony two and a half years ago, this litigation likely would be a distant memory.

**F. <u>The prospect of future litigation does not constitute legal prejudice.</u>**

Finally, Defendant contends that dismissal without prejudice should be denied because Plaintiff could theoretically file another breach of NDA action in the future. That argument fails as well. The First Circuit has squarely rejected the notion that "the prospect of a second suit" constitutes legal prejudice under Rule 41(a)(2). *Leith*, 668 F.2d at 50.

Ironically, dismissal <u>with</u> prejudice could invite unnecessary future litigation over the scope of the judgment itself. For example, Defendant has expressly indicated that she seeks to publicly file the deposition transcripts containing Plaintiff's identifying and confidential information. Although the Court has been tasked with deciding that dispute, Defendant's apparent desire to "out" Plaintiff's identity in violation of the NDA raises questions about her future intentions. If Defendant makes any additional disclosures of Plaintiff's confidential information, the parties could be forced to litigate whether those disclosures constitute new and independent breaches of the NDA or are somehow encompassed by the claims dismissed in this action. A dismissal without prejudice avoids that uncertainty and preserves the parties' ability to address any future conduct on its own facts, while still allowing Plaintiff to discontinue this case now.

**II. <u>Defendant's alternative request for attorney's fees and costs should be denied.</u>**

Defendant alternatively seeks her attorneys' fees and costs, but that request should be denied. Rule 41(a)(2) does not require fees or costs as a condition of dismissal. *Leith*, 668 F.2d at 51. Indeed, the First Circuit in *Leith* affirmed a denial of fees and costs where, as here, there was considerable hostility between the parties, and both accused the other of sanctionable conduct. *Id.* Given the mutual allegations of abuse, the Leith Court stated, "we hesitate to second-guess the district judge's determination that each party should bear its own costs." *Id.*

Defendant repeatedly emphasizes the disparity between the parties' financial resources, suggesting that Plaintiff should be required to pay her attorney's fees and costs because he has substantially greater means. But that argument finds no support in Rule 41(a)(2) or First Circuit precedent. The purpose of Rule 41(a)(2) is to protect a defendant from legal prejudice, not to redistribute litigation costs based on the parties' relative wealth.

In addition, the dismissal Plaintiff currently seeks was first suggested to Defendant in April 2024 if Defendant would simply give a limited-scope deposition. It was purely Defendant's refusal to reach the current resolution that resulted in two and a half years of further litigation. Accordingly, the disparity in the parties' financial resources provides no basis for granting Defendant's request for attorney's fees and costs. Because Plaintiff had a good faith basis for his claims and actively and diligently prosecuted this action before seeking timely dismissal, Defendant will suffer no legal prejudice and should bear her own fees and costs.

## **CONCLUSION**

For all of the foregoing reasons, Plaintiff respectfully requests that the Court: (1) grant Plaintiff's Motion for Voluntary Dismissal Without Prejudice; (2) deny Defendant's request for dismissal with prejudice; and (3) deny Defendant's request for attorneys' fees and costs.

Respectfully submitted this 12th day of October, 2026.

By: */s/ Louise M. Aponte*
Gregory Brown (ME Bar No. 9023)
Louise M. Aponte (ME Bar No. 9285)
LOWE YEAGER & BROWN PLLC
920 Volunteer Landing, Suite 200
Knoxville, Tennessee 37915
Phone: (865) 521-6527
Fax: (865) 637-0540
gb@lyb.law
lma@lyb.law

and

Stephen B. Segal, Esq., Bar No. 5422
VERRILL DANA LLP
One Portland Square
Portland, ME 04101
(207) 774-4000
ssegal@verrill-law.com

*Attorneys for Plaintiff John Doe*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing was filed with the Clerk of the District Court using the CM/ECF system on this 12th day of October 2026. Notification of this filing was sent to all parties registered with the Court's electronic filing system.

*/s/ Louise M. Aponte*
Louise M. Aponte