UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| JOHN DOE, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | 2:23-cv-00423-JAW |
| | ) | |
| SARA SMITH, | ) | |
| | ) | |
| Defendant | ) | |

**ORDER ON DISCOVERY ISSUE**

The Court recently conducted a videoconference to address a discovery-related issue. In support of her opposition to Plaintiff's motion to dismiss this matter without prejudice, Defendant relied in part on portions of the deposition testimony of Plaintiff's father and some documents marked as exhibits during the deposition. The deposition was conducted on August 27, 2026, and on September 18, 2026, Plaintiff designated portions of the testimony and the exhibits as "confidential" under the terms of Confidentiality Order entered in this case. (Notice of Designation, ECF No. 244-2.) Plaintiff stated that the designation was designed to "protect the anonymity of Plaintiff and his minor child." (*Id.*) Because Plaintiff contends that the documents are confidential, the documents were filed under seal.

Defendant argues that the documents should be unsealed. Defendant contends that Plaintiff did not designate the deposition as confidential in accordance with the Confidentiality Order and, therefore, Plaintiff has waived his right to make the designation. Defendant also maintains that the testimony should not be considered confidential

following the First Circuit's recent decision on Plaintiff's appeal from the Court's order denying Plaintiff's request that the Court conduct the trial in a courtroom closed to the public and/or that the Court permit the use of pseudonyms throughout trial. Plaintiff argues that the failure to make the designation in accordance with the terms of the Confidentiality Order was not intentional and should be considered inadvertent.

The Confidentiality Order provides the following regarding depositions:

> Deposition testimony will be deemed confidential only if designated. A party must take the following steps to designate deposition testimony as Confidential Information:
>
> A party must state on the record during the deposition that the testimony contains Confidential Information protected by this Order. Any testimony so designated will remain confidential for 45 days after receipt of the deposition transcript from the court reporter.
>
> Within 45 days after receipt of the transcript from the court reporter, a designating party must serve a Notice of Designation on all parties of record as to specific portions of the transcript, identified by page and line, to be designated confidential. Thereafter, the portions so designated will be protected as confidential pending objection under the terms of this Order.
>
> The failure to serve a Notice of Designation waives the confidential designation made on the record.

(Confidentiality Order at 3, ECF No. 70.) As to inadvertent disclosures, the Confidentiality Order provides:

> Information inadvertently produced without a confidentiality designation must be designated as soon as practicable after the inadvertent disclosure and will be treated as confidential from the date written notice of the designation is provided to the receiving party. Inadvertent production alone will not constitute a waiver of the confidentiality designation. If the producing person notifies all parties that confidential information was inadvertently produced, the receiving parties must return or destroy the information and may not use the information unless the parties agree or the Court rules on it.

(*Id.*)

The Confidentiality Order requires a party to satisfy a two-step process to designate a deposition as confidential: (1) during the deposition, state on the record that the party considers the deposition to be confidential, and (2) within forty-five days of receipt of the deposition transcript, serve a notice designating the portions of the deposition that the party considers to be confidential. There appears to be no dispute that although Plaintiff served the Notice of Designation within forty-five days of receipt of the transcript as required by the Confidentiality Order, Plaintiff did not designate the deposition as confidential during the deposition.

Resolution of the parties' dispute regarding the designation of the deposition as confidential would not result in the unsealing of the documents as Defendant requests. If the deposition and the exhibits are not considered to be confidential under the Confidentiality Order, the documents would not automatically be unsealed. Plaintiff's stated reason for designating the deposition as confidential—to "protect the anonymity of Plaintiff and his minor child"—implicates the Court's order permitting Plaintiff to proceed under a pseudonym. Regardless of whether Plaintiff properly designated the deposition and exhibits as confidential, the question is whether the deposition and its exhibits should be unsealed after considering the Court's order permitting Plaintiff to proceed under a pseudonym and the issues generated by Plaintiff's motion to dismiss.

Based on the parties' presentations during the recent conference, the Court understands that Defendant has considered filing a motion to unseal the filings related to the motion to dismiss and perhaps other sealed documents on the docket. Whether the

deposition and its exhibits should remain under seal is more appropriately decided in the context of such a motion.[1]

After considering the parties' arguments presented during the recent discovery conference, for the reasons explained herein, the Court denies Defendant's request to unseal the deposition and exhibits based on Plaintiff's failure to designate the documents as confidential during the deposition.

**NOTICE**

Any objections to this order shall be filed in accordance with Federal Rule of Civil Procedure 72.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 10th day of November, 2026.

[1] The Court also reserves the right to unseal the documents sua sponte as part of its consideration of the motion to dismiss.